1  JENNER & BLOCK LLP
   Richard L. Stone (Bar No. 110022)
2  Kenneth D. Klein (Bar No. 85231)
   David R. Singer (Bar No. 204699)
3  633 West 5th Street, Suite 3600
   Los Angeles, CA 90071
4  rstone@jenner.com
   kklein@jenner.com
5  dsinger@jenner.com

6  JENNER & BLOCK LLP
   Steven B. Fabrizio (*pro hac* to be filed)
7  1099 New York Ave., N.W., Suite 900
   Washington, D.C. 20001
8  (sfabrizio@jenner.com)

9  Attorneys for Plaintiffs
   Fox Television Stations, Inc.,
10 Twentieth Century Fox Film Corporation,
   and Fox Broadcasting Company, Inc.

11

12                 **UNITED STATES DISTRICT COURT**

13                 **CENTRAL DISTRICT OF CALIFORNIA**

14

15 FOX TELEVISION STATIONS, INC.,    Case No. CV12-6921-ABC (JCx)
16 TWENTIETH CENTURY FOX FILM
   CORPORATION, and FOX             **COMPLAINT FOR INJUNCTIVE**
17 BROADCASTING COMPANY, INC.       **RELIEF AND DAMAGES**

18           Plaintiffs,

19 v.                                **DEMAND FOR JURY TRIAL**

20 BARRYDRILLER CONTENT
   SYSTEMS PLC.; and DOES 1 through
21 5, inclusive,

22           Defendants.

23

24

25

26

27

28

2126952.1

1      Plaintiffs Fox Television Stations, Inc., Twentieth Century Fox Film

2   Corporation, and Fox Broadcasting Company (collectively, "Plaintiffs"), by their

3   attorneys, complain and allege against defendants BarryDriller Content Systems

4   Plc. and Does 1 through 100, inclusive (collectively "Defendants" or

5   "BarryDriller") as follows:

6                              **NATURE OF THE CASE**

7      1.      Defendants have launched an unauthorized Internet streaming service

8   in violation of Plaintiffs' rights under the Copyright and Lanham Acts.  The

9   service, launched on or about August 7, 2012, called "BarryDriller" and available

10  via the website www.barrydriller.com, captures over-the-air broadcast television

11  signals, reprocesses the copyrighted programming contained on those signals,

12  copies the programming, and then retransmits the broadcast signals to consumers

13  through Internet-enabled devices.  This service was created after the website

14  owner's prior Internet retransmission service was shut down and permanently

15  enjoined by a federal court in New York.  Defendants claim the service currently

16  allows users in the Los Angeles metropolitan area, among other regions, to access

17  over the Internet television broadcasts, including hit Fox shows such a *Glee, The*

18  *Simpsons,* and *Raising Hope*, using the BarryDriller service.

19     2.      According to Defendants' website, the BarryDriller service employs

20  "tiny" television antennas in "major cities across the country," which have been

21  "jammed . . . to the Internet."  Defendants claim to have "engineered a way to put

22  tons of these antennas in data centers, along with massive amounts of storage and

23  super-fast Internet connections" to bring consumers the BarryDriller service.

24  Through this service, BarryDriller provides subscribers the ability "to receive

25  whichever broadcast station the subscriber chooses," ultimately having the ability

26  to watch live broadcast television programming over the Internet using "any

27  device."  "All without cords, cables, or boxes."  In other words, through the new

28  BarryDriller service, Defendants offer its subscribers a "live" Internet streaming

2126952.1

1  service, based on Plaintiffs' television programming, without authorization or

2  license from Plaintiffs.

3       3.     Copyright law, however, does not permit Defendants to appropriate to

4  itself the value of Plaintiffs' television programming by retransmitting it over the

5  Internet without proper licenses.  It simply does not matter whether BarryDriller

6  uses one big antenna to receive Plaintiffs' broadcasts and retransmit them to

7  subscribers, or millions of antennas, "so tiny [one] fits on the tip of your finger," as

8  Defendants claim it does.  No amount of technological gimmickry by Defendants

9  changes the fundamental principle of copyright law that those who wish to

10  retransmit Plaintiffs' broadcasts may do so only with Plaintiffs' authority.

11  Defendants' service is an unauthorized Internet delivery service that is receiving,

12  converting, copying, and retransmitting broadcast signals to its subscribers for a

13  fee.

14       4.     Defendants' conduct constitutes infringement of Plaintiffs' exclusive

15  rights of public performance and reproduction granted under the United States

16  Copyright Act.

17       5.     Defendants' conduct also constitutes infringement of Plaintiffs'

18  trademarks and service marks (the "Fox Marks"), which are prominently displayed

19  in this infringing, competing system, and misleads consumers in violation of the

20  Lanham Act.

21       6.     The rights to transmit Plaintiffs' programming over the Internet and to

22  portable devices are extremely valuable.  Plaintiffs ask that the Court enjoin

23  Defendants' unauthorized "BarryDriller" Internet streaming service and award

24  damages arising out of Defendants' unlawful conduct.

25                  **JURISDICTION AND VENUE**

26       7.     This is a civil action seeking injunctive relief and damages for

27  copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq., willful

28

2

2126952.1

1  infringement of federally registered trademarks in violation of the United States

2  Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., and for the use of

3  false designations or origin and false descriptions and representations, and unfair

4  competition in violation of Section 43(a) of the United States Trademark Act of

5  1946, as amended, 15 U.S.C. § 1125(a).

6       8.    This Court has original subject matter jurisdiction pursuant to 28

7  U.S.C. §§ 1331 and 1338(a).

8       9.    This Court has personal jurisdiction over BarryDriller because

9  BarryDriller does continuous and systematic business in this District.

10      10.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and

11  1400(a) because, inter alia, a substantial part of the acts of infringement

12  complained of herein occurs in this District.

13  <center>**PLAINTIFFS AND PLAINTIFFS' BUSINESS**</center>

14      11.    Plaintiff Fox Broadcasting Company is a Delaware corporation with

15  its principal place of business at 10201 West Pico Blvd., Los Angeles, California.

16  Fox Broadcasting Company operates the Fox network, a national broadcast

17  television network with 203 affiliates reaching approximately 99% of all United

18  States households (the "Fox Network").

19      12.    Plaintiff Twentieth Century Fox Film Corp. is a Delaware corporation

20  with its principal place of business at 10201 West Pico Blvd., Los Angeles,

21  California.  Twentieth Century Fox owns copyrights in certain original primetime

22  television programs broadcast on the Fox Network and distributed via other media

23  in the United States and around the world.

24      13.    Plaintiff Fox Television Stations, Inc., a Delaware Corporation, owns

25  and operates numerous local broadcast television stations that broadcast television

26  programming, including the Fox Network, over-the-air to numerous localities

27  throughout the United States, including KTTV in Los Angeles which broadcasts

28

<center>3</center>
2126952.1

1  the Fox Network to viewers in Los Angeles.  The FCC has licensed Fox Television

2  Stations, Inc. to operate KTTV (among other television stations).  Cable systems,

3  satellite services and other multichannel video programming distributors also make

4  KTTV transmissions available to their subscribers upon negotiating the right to do

5  so under Section 325(b) of the Communications Act, 47 U.S.C. § 325(b).

6      14.    Plaintiffs, together with their affiliates, are actively engaged in the

7  worldwide production, acquisition, and distribution of copyrighted entertainment

8  products, including programs that television broadcast stations and other media

9  outlets transmit, retransmit, or otherwise distribute to the public.

10     15.    Plaintiffs are the legal or beneficial owners of the copyrights in

11 numerous programs, such as *The Simpsons*, *Glee*, and *Raising Hope*, that have

12 been, or will be, exhibited over broadcast television stations in the Los Angeles

13 market.  A non-exhaustive list identifying representative samples of such television

14 programs is set forth in Exhibit A ("TV Program(s)").

15     16.    Each such TV Program is an original audiovisual work that has been

16 or will be fixed in a tangible medium of expression and constitutes copyrightable

17 subject matter within the meaning of Section 102 of the Copyright Act, 17 U.S.C.

18 § 102.  Each such TV Program has been or will be registered with the United

19 States Copyright Office, or is or will be the subject of an application for

20 registration filed with the Copyright Office.

21     17.    Under Section 106 of the Copyright Act, 17 U.S.C. § 106, Plaintiffs

22 have the exclusive rights, among other things, to "reproduce the copyrighted

23 work," to "perform the copyrighted work publicly," and to authorize any such

24 activities.  17 U.S.C. §§ 106(1), (4).

25     18.    Plaintiffs perform or authorize the performance of the TV Programs

26 and other copyrighted works in the United States and elsewhere via broadcast,

27

28

4

2126952.1

1  cable and satellite television.  Plaintiffs also perform or authorize the performance
2  of their audiovisual works via the Internet, mobile networks and otherwise.

3       19.    Plaintiffs have invested and continue to invest substantial sums of
4  money, as well as time, effort and creative talent, to create, manufacture, acquire,
5  advertise, promote, sell, distribute, perform, and authorize others to distribute and
6  perform Plaintiffs' copyrighted audiovisual works.  Plaintiffs additionally have
7  invested substantially in the broadcasting infrastructure through which Plaintiffs
8  deliver their copyrighted works to licensees and the public.  Plaintiffs are
9  compensated for their creative efforts and monetary investments largely from
10 advertising, carriage on cable and satellite systems, and from the licensing, sale,
11 distribution and performance of their audiovisual works, including authorized
12 online distribution and performance.

13      20.    Plaintiffs are being irreparably injured by Defendants' unlawful
14 conduct.  Plaintiffs are the rightful owners of programming that is being illegally
15 streamed over the Internet via the BarryDriller service, and are also the distributors
16 of the live programming, television series and movies that are broadcast by the co-
17 opted stations.  Unless restrained by this Court, Defendants' usurpation of
18 Plaintiffs' copyrighted programming threatens Plaintiffs with substantial
19 irremediable losses.

20               **DEFENDANTS AND DEFENDANTS' BUSINESS**

21      21.    Defendant BarryDriller Content Systems Plc. operates an Internet
22 streaming service called BarryDriller, located at www.barrydriller.com, that
23 (a) captures live broadcast television programming, including programming of
24 stations broadcasting Plaintiffs' works, (b) processes the programming of those
25 captured signals in their data center for Internet streaming, (c) copies the
26 programming, and (d) streams that programming over the Internet to members of
27 the public on their web-enabled devices.  These devices include personal

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
2126952.1

1   computers, mobile phones such as the iPhone and Google Android phones, and
2   tablet computers including the iPad.

3        22.    The true names and capacities, whether individual, corporate,
4   associated or otherwise of certain Defendants sued herein as DOES 1 through 5
5   inclusive are presently unknown to Plaintiffs who therefore sue these Defendants
6   by fictitious names.  Plaintiffs will seek leave of this Court to amend the Complaint
7   to show their true names and capacities when the same have been ascertained.
8   Plaintiffs are informed and believe and based thereon allege that DOES 1 through
9   5 were or are, in some manner or way, responsible for and liable to Plaintiff for the
10  events, happenings, and damages hereinafter set forth below.

11                **NATURE OF DEFENDANTS' UNLAWFUL CONDUCT**

12       23.    On information and belief, Defendants launched the service to the
13  public in August 2012.  Thus far, the service is being offered to subscribers in
14  various cities including, but not limited to, Los Angeles.  Subscriptions cost $5.95
15  per month.

16       24.    In media interviews, Defendants have stated their intent to expand the
17  unauthorized BarryDriller streaming service nationwide by the end of 2013.

18       25.    Defendants have designed, developed, and operate specialized
19  systems as part of their unauthorized BarryDriller television streaming business,
20  and have full knowledge of, and control over, how those systems work.

21       26.    Based on information and belief, Defendants have established one or
22  more facilities in the Los Angeles metropolitan area at which Defendants receive
23  programming broadcast on local television stations, including KTTV.  BarryDriller
24  then transmits those broadcasts to its data center, where it encodes the
25  programming for Internet transmission, copies the programming, and then
26  transmits the programming over the Internet to subscribers of the unauthorized
27  BarryDriller television streaming service.  Defendants make these Internet streams,

28

6

2126952.1

including of Plaintiffs' programming, available to BarryDriller subscribers 24 hours a day, seven days a week. Indeed, the BarryDriller.com website confirms that the BarryDriller service streams "whichever broadcast station signal the subscriber chooses."

27. When Defendants retransmit the images and accompanying sounds of Plaintiffs' copyrighted audiovisual works to subscribers of the BarryDriller service without Plaintiffs' authorization, they perform Plaintiffs' copyrighted works publicly in violation of Plaintiffs' exclusive rights under Section 106(4) of the Copyright Act, 17 U.S.C. § 106(4).

28. The public performance right provides the economic foundation upon which the television production and distribution industries rest. Program suppliers such as Plaintiffs license their works for public performance through various distributors, including broadcast networks and broadcast stations. Program suppliers and broadcasters license works for public performance on cable and satellite television, as well as over the Internet and through other media.

29. The Copyright Act's right of public performance applies broadly to television distribution. Congress described the public performance right as extending to "not only the initial rendition or showing, but also any further act by which that rendition or showing is transmitted or communicated to the public." H.R. Rep. No. 94-1476, at 63 (1976). As examples Congress indicated that "a broadcasting network is performing when it transmits [a] performance; a local broadcaster is performing when it transmits the network broadcast; [and] a cable television system is performing when it retransmits the broadcast to its subscribers . . . ." Id. Congress emphasized that a performance may be accomplished by "all kinds of equipment for reproducing or amplifying sounds or visual images, and ... systems not yet in use or even invented." Id.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2126952.1

30.     Congress described the concept of "public" performance in similarly broad terms.  In particular, a public performance includes "acts that transmit or otherwise communicate a performance . . . of the work to the public by means of any device or process." Id. at 64.  Congress explained that such transmission "include[s] all conceivable forms and combinations of wired or wireless communications media, including but by no means limited to radio and television broadcasting as we know them." Id.  It added that "[e]ach and every method by which the images or sounds comprising a performance . . . are picked up and conveyed is a 'transmission,' and if the transmission reaches the public in any form, the case comes within the scope of" the public performance right.  Id. (emphasis added).  Indeed, the Copyright Act explicitly provides that a transmission of a performance is public even if members of the public receive the transmission in separate places and at different times.  17 U.S.C. § 101.

31.     Plaintiffs have never authorized Defendants to make public performances of their copyrighted works.

32.     Accordingly, whenever Defendants capture and transmit a broadcast of Plaintiffs' copyrighted works, they infringe Plaintiffs' exclusive right of public performance.

33.     Plaintiffs have never authorized Defendants or their subscribers to make reproductions of their copyrighted works in the manner alleged herein.

34.     As part of Defendants' process of encoding broadcasts for Internet retransmission, making such retransmissions, and storing programming for subsequent transmission, Defendants also reproduce Plaintiffs' copyrighted works in violation of Plaintiffs' exclusive rights under Section 106(1) of the Copyright Act, 17 U.S.C. § 106(1).

35.     To the extent Defendants claim that their subscribers are responsible for making unauthorized copies of Plaintiffs' works, Plaintiffs allege in the

8

2126952.1

1   alternative that whenever Defendants' subscribers reproduce any of Plaintiffs'

2   copyrighted works in connection with Defendants' retransmission of live

3   broadcasts of those works over the Internet, Defendants secondarily infringe

4   Plaintiffs' exclusive reproduction rights.

5        36.    By commercially exploiting Plaintiffs' programming without

6   authorization, Defendants seek to compete directly with Plaintiffs and their lawful

7   licensees and authorized retransmitters, and further take advantage of and

8   undermine Plaintiffs' substantial creative and financial investment in the creation

9   and broadcast of their programming and other content. Defendants further free-

10   ride on Plaintiffs' substantial investment in their broadcasting infrastructures.

11   Defendants are willfully, wantonly and unfairly exploiting Plaintiffs' programming

12   and broadcasts for their own commercial benefit.

13        37.    Defendants' infringing and unlawful conduct is causing and will cause

14   Plaintiffs substantial and irreparable injury by, among other things, undermining

15   their business relationships with, and Plaintiffs' ability to license their content to,

16   both traditional transmitters of television programming and new services that

17   deliver television programming and motion pictures to portable devices via the

18   Internet. These services include Internet-only services such as iTunes and Hulu,

19   and authorized offerings by cable, satellite, broadband, and mobile

20   telecommunications providers. Defendants' conduct thus interferes with Plaintiffs'

21   current relationships with these companies and with Plaintiffs' ability to license to

22   these and other companies going forward. Defendants' conduct also interferes

23   with Plaintiffs' own websites, from which Plaintiffs stream their content. In

24   addition, Defendants' conduct prevents Plaintiffs from enforcing their standards

25   for high quality and security that are an integral part of Plaintiffs' decision-making

26   concerning any licensing or distribution of their works. Furthermore, Plaintiffs

27   will lose the ability to track viewership of their programming and commercial

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2126952.1

1   advertising by BarryDriller subscribers, which will adversely affect Plaintiffs'

2   ability to sell advertising, obtain sponsorships, and otherwise derive value from

3   their programming.  In short, Defendants' unlawful conduct injures Plaintiffs'

4   ability to use their programming for their own commercial benefit.

5   <div align="center">**COUNT ONE**</div>

6   <div align="center">**(Copyright Infringement – Infringement of the Public Performance**</div>

7   <div align="center">**Right In Violation of 17 U.S.C. §§ 106(4), 501)**</div>

8        38.    Plaintiffs incorporate by reference paragraphs 1 through 37 as if set

9   forth herein.

10       39.    Defendants, without the permission or consent of Plaintiffs, have

11   publicly performed and will publicly perform Plaintiffs' copyrighted audiovisual

12   works, including but not limited to the works listed in Exhibit A hereto, by

13   transmitting live television broadcast programming over the Internet to

14   BarryDriller subscribers.

15       40.    Defendants are directly liable for these acts of infringement under the

16   Copyright Act.  Defendants cause and carry out the unauthorized public

17   performance of Plaintiffs' audiovisual works.  Defendants publicly perform the

18   works by transmitting them from the point of reception to the BarryDriller data

19   center and from the BarryDriller data center to subscribers of the BarryDriller

20   service over the Internet.

21       41.    Such public performance of audiovisual works constitutes

22   infringement of Plaintiffs' exclusive rights under copyright law in violation of 17

23   U.S.C. § 106(4).

24       42.    The infringement of Plaintiffs' rights in each of their copyrighted

25   audiovisual works constitutes a separate and distinct act of infringement.

26       43.    Defendants' acts of infringement are willful, intentional and

27   purposeful, in disregard of and with indifference to the rights of Plaintiffs.

28

<div align="center">10</div>

2126952.1

44.     Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a preliminary and permanent injunction prohibiting infringement of Plaintiffs' copyrights and exclusive rights under copyright.

## COUNT TWO

**(Copyright Infringement – Infringement of the Reproduction Right In Violation of 17 U.S.C. §§ 106(1), 501)**

45.     Plaintiffs incorporate by reference paragraphs 1 through 44 and as if set forth herein.

46.     Defendants, without the permission or consent of Plaintiffs, have reproduced and will reproduce Plaintiffs' copyrighted audiovisual works, including but not limited to the works listed in Exhibit A hereto, by making copies of such works when Defendants encode live broadcast programming for Internet transmission and makes such transmissions via its BarryDriller Internet streaming service.

47.     Defendants are directly liable for these acts of infringement under the Copyright Act.  Defendants cause and carry out the unauthorized copying of Plaintiffs' audiovisual works by reproducing those works onto BarryDriller computer servers and/or other equipment as part of the process of transmitting live broadcast performances and offering a virtual recording service for playback for subsequent retransmission over the Internet.

48.     Such reproduction of audiovisual works constitutes infringement of Plaintiffs' exclusive rights under copyright in violation of 17 U.S.C. §§ 106(1) and 501.

11

2126952.1

49.    Alternatively, Defendants are secondarily liable for each such act of infringement under Sections 106(1) and 501 of the Copyright Act, 17 U.S.C. §§ 106(1), 501, including but not limited to infringement of the works listed in Exhibit A hereto.

50.    Defendants purposefully and intentionally induce and encourage such infringement by providing the BarryDriller service with the object of promoting its use to reproduce copies of broadcast television programming, virtually all of which is copyrighted.  Defendants operate the BarryDriller service with the object that their subscribers will infringe the copyrights in such programming by making reproductions of broadcast programming in the ordinary operation of the BarryDriller service.

51.    Defendants are additionally liable for contributory infringement as to such reproductions because (a) Defendants have knowledge of the programming reproduced, that such programming is copyrighted, and that such programming is reproduced in the systems Defendants have created, and (b) Defendants cause or materially contribute to such infringement by providing the BarryDriller.com site and related facilities for the infringing reproductions in connection with the operation of the BarryDriller service.

52.    The infringement of Plaintiffs' rights in each of their copyrighted audiovisual works constitutes a separate and distinct act of infringement.

53.    Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to the rights of Plaintiffs.

54.    Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a preliminary and permanent

12

2126952.1

1  injunction prohibiting infringement of Plaintiffs' copyrights and exclusive rights

2  under copyright.

3

4  ## **COUNT THREE**

5  **(Infringement of Federally Registered Trademarks Under Section 32**

6  **of the Lanham Act)**

7    55.    Plaintiffs incorporate by reference paragraphs 1 through 54 as if set

8  forth herein.

9    56.    Plaintiffs are the owners of all rights, titles, and interests in the Fox

10  Marks.  Copies of the relevant trademark registrations are attached as Exhibit B.

11    57.    Defendants' display of the Fox Marks is without Plaintiffs'

12  authorization.  Defendants' use, past and present, in commerce of Plaintiffs' marks

13  as described herein constitutes an unauthorized and unlawful use of Plaintiffs'

14  marks in a manner that is likely to cause confusion or mistake, or that is likely to

15  deceive consumers.

16    58.    Defendants' conduct as described herein constitutes an intentional

17  attempt to trade upon the goodwill that Plaintiffs have developed in its marks and

18  to cause consumer confusion, mistake, or to deceive, all to the detriment of

19  Plaintiffs and their valuable marks.

20    59.    The aforesaid acts of Defendants constitute willful infringement of

21  Plaintiffs' federally registered trademarks under Section 32(1) of the Lanham Act,

22  15 U.S.C. § 1114(1).

23    60.    The aforesaid acts of Defendants have caused and, unless restrained

24  by this Court, will continue to cause great and irreparable injury to Plaintiffs.

25    61.    Plaintiffs have no adequate remedy at law.

26

27

28

13

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2126952.1

1
## COUNT FOUR

2
**(False Designations of Origin and False Descriptions and Representations,**

3
**and Federal Unfair Competition Under Section 43(a) of the Lanham Act)**

4
    62.    Plaintiffs incorporate by reference paragraphs 1 through 61 as if set

5
forth herein.

6
    63.    Defendants' use, past and present, in commerce of the Fox Marks as

7
described herein constitutes false designations of origin and/or false and

8
misleading representations that are likely to cause confusion, mistake, and/or to

9
deceive the purchasing public and others as to the origin of Defendants' goods and

10
services, whereby consumers and others would be led to believe, incorrectly, that

11
Defendants are affiliated with, related to, endorsed by, sponsored by, or connected

12
with Plaintiffs.

13
    64.    The aforesaid acts of Defendants constitute the use of false

14
designations of origin, false descriptions and representations, and federal unfair

15
competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

16
    65.    The aforesaid acts of Defendants have caused and, unless restrained

17
by this Court, will continue to cause great and irreparable injury to Plaintiffs.

18
    66.    Plaintiffs have no adequate remedy at law.

19
20
21
22
23
24
25
26
27
28

14

2126952.1

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     For a preliminary and permanent injunction requiring that Defendants and Defendants' officers, agents, servants, employees, and attorneys, and all persons acting in concert or participation with each or any of them, cease any and all Internet transmission of Plaintiffs' programming via the BarryDriller service.

2.     As to each of Counts I and II:

a.     For statutory damages pursuant to 17 U.S.C. § 504(c), in the maximum amount provided by law, as may be found or established at trial, arising from Defendants' violations of Plaintiffs' rights under the Copyright Act.  Alternatively, at Plaintiffs' election, pursuant to 17 U.S.C. § 504(b), for Plaintiffs' actual damages, including Defendants' profits from infringement, as will be proven at trial.

b.     For Plaintiffs' costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

c.     For impounding and disposition of infringing articles under 17 U.S.C. § 503.

3.     As to each of Counts III and IV:

a.     Declare, adjudge, and decree that Defendants are liable to Plaintiffs for registered service mark infringement, for use of false designations of origin and federal unfair competition.

b.     Grant preliminary and permanent injunctive relief enjoining Defendants, their successors and assigns, suppliers, officers, agents, servants, employees, and attorneys, and all those persons in active concert, participation or privity with them, from engaging in further acts of service mark infringement and unfair competition.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2126952.1

c.  Award Plaintiffs compensatory damages and profits as provided by law.

d.  Award Plaintiffs punitive damages as provided by law.

e.  Award Plaintiffs treble damages as provided by law.

f.  Award Plaintiffs their attorneys' fees and all costs incurred in the representation of Plaintiffs in this matter.

4.  For pre- and post-judgment interest on any monetary award made part of the judgment against Defendants.

5.  For such other and further relief as the Court may deem just and proper.

Dated:  August 10, 2012

Respectfully submitted,

*Richard L. Stone*

Richard L. Stone

Fox Television Stations, Inc.,
Twentieth Century Fox Film
Corporation, and Fox Broadcasting
Company, Inc.

16

2126952.1

1

## **DEMAND FOR JURY TRIAL**

2

3          Plaintiffs hereby demand a jury trial.

4

5   Dated:  August 10, 2012                        JENNER & BLOCK LLP

6

7

8                                                  *Richard S Stone*

9                                                  Richard L. Stone

10                                                 Fox Television Stations, Inc.,
                                                   Twentieth Century Fox Film
11                                                 Corporation, and Fox Broadcasting
                                                   Company, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2126952.1

# Exhibit A

## **Illustrative Copyright Registrations**

| No. | Program Title | Broadcast Date | Copyright Owner | Motion Picture Registration | Broadcast Station |
|-----|---------------|----------------|-----------------|------------------------------|-------------------|
| 1. | Last Man Standing; "This Bud's For You" | 08/7/2012 | Twentieth Century Fox Film Corporation | PA-1-787-503 | KABC 7 |
| 2. | Modern Family; "Send Out The Clowns" | 08/8/2012 | Twentieth Century Fox Film Corporation | PA-1-781-332 | KABC 7 |
| 3. | Modern Family; "Election Day" | 08/8/2012 | Twentieth Century Fox Film Corporation | PA-1-787-638 | KABC 7 |
| 4. | Glee; "Yes/No" | 08/9/2012 | Twentieth Century Fox Film Corporation | PA-1-773-378 | KTTV Fox 11 |
| 5. | Raising Hope; "Spanks Butt, No Spanks" | 08/9/2012 | Twentieth Century Fox Film Corporation | PAU-3-601-823[1] | KTTV Fox 11 |
| 6. | Raising Hope; "Mr. Smartypants" | 08/9/2012 | Twentieth Century Fox Film Corporation | PA-1-775-722 | KTTV Fox 11 |
| 7. | Studio 11 LA | 8/13/2012 | Fox Television Stations, Inc. | See Advance Notice of Potential Infringement, Attachment 1 hereto. | KTTV Fox 11 |
| 8. | FOX 11 News | 8/13/2012 | Fox Television Stations, Inc. | Attachment 1 | KTTV Fox 11 |
| 9. | FOX 11 News | 8/14/2012 | Fox Television Stations, Inc. | Attachment 1 | KTTV Fox 11 |
| 10. | FOX 11 News | 8/15/2012 | Fox Television Stations, Inc. | Attachment 1 | KTTV Fox 11 |

---

[1] Screenplay registration provided.  Motion picture registration pending.

# ATTACHMENT "1"

# JENNER&BLOCK

August 10, 2012

Jenner & Block LLP          Chicago
633 West 5th Street          Los Angeles
Suite 3600                   New York
Los Angeles, CA 90071-2054   Washington, DC
Tel 213 239-5100
www.jenner.com
  David R. Singer
  Tel 213 239-2206
  Fax 213 239-2218
  dsinger@jenner.com

**VIA ELECTRONIC MAIL**

Copyright Agent for www.BarryDriller.com
barrydriller@gmail.com

## <u>ADVANCE NOTICE OF POTENTIAL INFRINGEMENT</u>

To Whom It May Concern:

On behalf of our client Fox Television Stations, Inc. ("Fox"), we hereby submit this advance notice of potential infringement to BarryDriller Content Systems PLC. ("BarryDriller"), pursuant to Section 411(c) (formerly 411(b)) of the United States Copyright Act, 17 U.S.C. §411(c), and Section 201.22 of the Copyright Office's regulations, 37 C.F.R. § 201.22 (2011). The FCC has licensed Fox Television Stations, Inc. to operate the television station identified by the call letters KTTV, the signal of which is broadcast to viewers over-the-air on channel 11 in the Los Angeles market.

KTTV will telecast the following programs from August 13, 2012 – August 15, 2012

| <u>Program</u> | <u>Air Date</u> | <u>Time (Pacific)</u> |
|---|---|---|
| Studio 11 LA | August 13 | 5:00 pm – 6:00 pm |
| FOX 11 News | August 13 | 10:00 pm – 11:00 pm |
| FOX 11 News | August 14 | 10:00 pm – 11:00 pm |
| FOX 11 News | August 15 | 10:00 pm – 11:00 pm |

Each telecast will be a copyrighted work consisting of sounds and images, the first fixation of which will be made simultaneously with its transmission. FOX will be considered the author of these works upon their fixation. Furthermore, as the copyright owner, FOX intends to secure copyright in these works upon their fixation.

Fox objects to BarryDriller's streaming of these telecasts to BarryDriller subscribers via the BarryDriller service (www.BarryDriller.com). BarryDriller's streaming of these telecasts would, if carried out, subject BarryDriller to liability for copyright infringement. In view of this notice, such infringement would be willful.

2126966.1

August 10, 2012
Page 2

      This notice does not purport to be a full or complete statement of the facts or the law and is without prejudice to any rights, claims, and remedies available to Fox, whether legal or equitable in nature, all of which are expressly reserved.

      Please contact the undersigned, a duly authorized agent of Fox, if you have any questions about this notice.

Sincerely,

David R. Singer
Partner

CC: VIA ELECTRONIC MAIL
**Toby Butterfield**
Frankfurt Kurnit Klein & Selz PC
488 Madison Avenue | New York, New York 10022
tbutterfield@fkks.com

2

# Exhibit B



## CERTIFICATE OF REGISTRATION
## PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



Director of Patent and Trademarks

## Requirements for Maintaining a
## Federal Trademark Registration

### SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. §1058, upon the expiration of the following time periods:

    i) At the end of 6 years following the date of registration.
    ii) At the end of each successive 10-year period following the date of registration.

*Failure to file a proper Section 8 Affidavit at the appropriate time will result in the cancellation of the registration.*

### SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. §1059, at the end of each successive 10-year period following the date of registration.

*Failure to file a proper Application for Renewal at the appropriate time will result in the expiration of the registration.*

**No further notice or reminder of these requirements will be sent to the Registrant by the Patent and Trademark Office. It is recommended that the Registrant contact the Patent and Trademark Office approximately one year before the expiration of the time periods shown above to determine the requirements and fees for the filings required to maintain the registration.**

Int. Cl.: 38

Prior U.S. Cls.: 100, 101 and 104

Reg. No. 2,301,920

United States Patent and Trademark Office

Registered Dec. 21, 1999

SERVICE MARK
PRINCIPAL REGISTER



TWENTIETH CENTURY FOX FILM CORPORA-
TION (DELAWARE CORPORATION)
10201 WEST PICO BOULEVARD
LOS ANGELES, CA 90035

FOR: TELEVISION, CABLE TELEVISION
AND SATELLITE TELEVISION BROADCAST-
ING SERVICES, IN CLASS 38 (U.S. CLS. 100, 101
AND 104).

FIRST USE 6-30-1996; IN COMMERCE
6-30-1996.

OWNER OF U.S. REG. NO. 1,795,301 AND
OTHERS.

SER. NO. 75-554,503, FILED 9-17-1998.

MATT PAPPAS, EXAMINING ATTORNEY

# The United States of America

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office, that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks, and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are a part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



Q. Todd Dickinson

Acting Commissioner of Patents and Trademarks

## Maintenance Requirements

**Section 8:** This registration will be cancelled after six (6) years by the Commissioner of Patents and Trademarks, *UNLESS, before the end of the sixth year following the date of registration shown on this certificate*, the registrant files in the U.S. Patent and Trademark Office an affidavit of continued use as required by Section 8 of the Trademark Act of 1946, 15 U.S.C. §1058, as Amended. It is recommended that the Registrant contact the Patent and Trademark Office approximately five years after the date shown on this registration to determine the requirements and fees for filing a Section 8 affidavit that are in effect at that time. Currently a fee and a specimen showing how the mark is used in commerce are required for *each* international class of goods and/or services identified in the certificate of registration and both must be enclosed with the affidavit.

**Section 9:** This registration will expire by law after ten (10) years, *UNLESS, before the end of the tenth year following the date of registration shown on this certificate*, the registrant files in the U.S. Patent and Trademark Office an application for renewal of the registration as required by Section 9 of the Trademark Act of 1946, 15 U.S.C. §1059, as Amended. It is recommended that the Registrant contact the Patent and Trademark Office approximately nine years after the date shown on this registration to determine the requirements and fees for filing a Section 9 application for renewal that are in effect at that time. Currently a fee and a specimen showing how the mark is used in commerce are required for *each* international class of goods and/or services identified in the certificate of registration and both must be enclosed with the application for renewal.

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

United States Patent and Trademark Office

Reg. No. 2,274,507
Registered Aug. 31, 1999

## SERVICE MARK
## PRINCIPAL REGISTER



TWENTIETH CENTURY FOX FILM CORPORA-
TION (DELAWARE CORPORATION)
10201 WEST PICO BOULEVARD
LOS ANGELES, CA 90035

FOR: ENTERTAINMENT SERVICES IN THE
NATURE OF PRODUCTION AND DISTRIBU-
TION OF TELEVISION PROGRAMS, IN CLASS
41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 6–30–1996; IN COMMERCE
6–30–1996.

OWNER OF U.S. REG. NO. 1,803,084 AND
OTHERS.

SER. NO. 75–554,813, FILED 9–17–1998.

MATT PAPPAS, EXAMINING ATTORNEY



## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twenty-first day of June 1994.

*Bruce Lehman*

Commissioner of Patents and Trademarks

PTO-130
(Rev. 8-89)

# NOTICE

*This Registration will be canceled by the Commissioner of Patents and Trademarks at the end of six years following the date of registration, unless within one year next preceding the expiration of such six years, the registrant files in the Patent and Trademark Office an affidavit showing that said mark is in use in Commerce or showing that its nonuse is due to special circumstances which excuse such nonuse and is not due to any intention to abandon the mark. A fee of $100.00 for each class must accompany the affidavit.*

Int. Cl.: 38

Prior U.S. Cl.: 104

## United States Patent and Trademark Office

Reg. No. 1,840,919
Registered June 21, 1994

## SERVICE MARK
### PRINCIPAL REGISTER

# FOX

TWENTIETH CENTURY FOX FILM CORPORA-
TION (DELAWARE CORPORATION)
10201 WEST PICO BOULEVARD
LOS ANGELES, CA 90064

FOR: TELEVISION AND CABLE BROAD-
CASTING SERVICES, IN CLASS 38 (U.S. CL.
104).

FIRST USE 3–7–1986; IN COMMERCE
3–7–1986.

SER. NO. 74–432,253, FILED 9–7–1993.

CHARLES WEIGELL, EXAMINING ATTOR-
NEY



## The United States of America

### CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.



In Testimony whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this third day of October 1995.

*Bruce Lehman*

Commissioner of Patents and Trademarks

# NOTICE

*This Registration will be canceled by the Commissioner of Patents and Trademarks at the end of six years following the date of registration, unless within one year next preceding the expiration of such six years, the registrant files in the Patent and Trademark Office an affidavit showing that said mark is in use in Commerce or showing that its nonuse is due to special circumstances which excuse such nonuse and is not due to any intention to abandon the mark. A fee of $100.00 for each class must accompany the affidavit.*

Int. Cl.: 41

Prior U.S. Cls.: 101 and 107

**United States Patent and Trademark Office**

Reg. No. 1,924,143
Registered Oct. 3, 1995

## SERVICE MARK
### PRINCIPAL REGISTER

## FOX

TWENTIETH CENTURY FOX FILM CORPORA-
TION (DELAWARE CORPORATION)
10201 WEST PICO BOULEVARD
LOS ANGELES, CA 90064

FOR: PRODUCTION AND DISTRIBUTION
OF MOTION PICTURE FILMS, TELEVISION
PROGRAMS, VIDEO TAPES, VIDEO CAS-
SETTES, AND VIDEODISCS. ALL ON A VARI-
ETY OF ENTERTAINMENT, NEWS, AND EDU-
CATIONAL SUBJECTS; PRODUCTION AND
DISTRIBUTION OF PRE-RECORDED AUDIO

MATERIALS FEATURING SPOKEN WORDS
AND MUSIC, IN CLASS 41 (U.S. CLS. 101 AND
107).

FIRST USE 3-31-1915; IN COMMERCE
3-31-1915.

OWNER OF U.S. REG. NOS. 1,485,075, 1,795,301
AND OTHERS.

SER. NO. 74-432,252, FILED 9-7-1993.

CHARLES WEIGELL, EXAMINING ATTOR-
NEY



## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the  Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



*Commissioner of Patents and Trademarks*

**Requirements for Maintaining a
Federal Trademark Registration**

## SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the
registration shall be canceled for failure to file an Affidavit of Continued
Use under Section 8 of the Trademark Act, 15 U.S.C. §1058, upon the
expiration of the following time periods:

    i)  At the end of 6 years following the date of registration.

    ii) At the end of each successive 10-year period following the date of
registration.

*Failure to file a proper Section 8 Affidavit at the appropriate time will result in the
cancellation of the registration.*

## SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions
of Section 8, except that the registration shall expire for failure to file an
Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C.
§1059, at the end of each successive 10-year period following the date of
registration.

*Failure to file a proper Application for Renewal at the appropriate time will result in
the expiration of the registration.*

**No further notice or reminder of these requirements will be sent to the
Registrant by the Patent and Trademark Office. It is recommended
that the Registrant contact the Patent and Trademark Office
approximately one year before the expiration of the time periods shown
above to determine the requirements and fees for the filings required to
maintain the registration.**

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 2,318,595

Registered Feb. 15, 2000

## SERVICE MARK
### PRINCIPAL REGISTER

## FOX

TWENTIETH CENTURY FOX FILM CORPORA-
TION (DELAWARE CORPORATION)
10201 WEST PICO BOULEVARD
LOS ANGELES, CA 90035

FOR: PROVIDING ON-LINE SERVICES IN
THE FIELD OF ENTERTAINMENT RELAT-
ING TO MOTION PICTURE FILM, TELEVI-
SION, VIDEO, CHILDREN'S AND SPORTS EN-
TERTAINMENT VIA A GLOBAL COMMUNI-
CATIONS NETWORK, IN CLASS 41 (U.S. CLS.
100, 101 AND 107).

FIRST USE 6-12-1995; IN COMMERCE
6-12-1995.

OWNER OF U.S. REG. NOS. 1,453,548, 1,465,225
AND OTHERS.

SER. NO. 75-585,376, FILED 11-9-1998.

HELEN JOHNSON, EXAMINING ATTORNEY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Audrey B. Collins and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV12- 6921 ABC  (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
JENNER & BLOCK LLP
Richard L. Stone (Bar No. 110022)
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

FOX TELEVISION STATIONS, INC., TWENTIETH
CENTURY FOX FILM CORPORATION, and FOX
BROADCASTING COMPANY, INC.,

                                    PLAINTIFF(S)

              v.

BARRYDRILLER CONTENT SYSTEMS PLC.; and
DOES 1 through 5, inclusive,

                                    DEFENDANT(S).

CASE NUMBER

CV12-6921 —ABC(JC)

SUMMONS

TO:     DEFENDANT(S):

        A lawsuit has been filed against you.

        Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, _Richard Stone_____, whose address is
_633 West 5th Street, Suite 3600, Los Angeles, CA 90071_____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

                                            Clerk, U.S. District Court

Dated: _August 10, 2012_____            By: _____
                                                   Deputy Clerk

                                                 (Seal of the Court)

_[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)]._

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| FOX TELEVISION STATIONS, INC., TWENTIETH CENTURY FOX FILM CORPORATION, and FOX BROADCASTING COMPANY, INC. | BARRYDRILLER CONTENT SYSTEMS PLC.; and DOES 1 through 5, inclusive. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| JENNER & BLOCK LLP, Richard L. Stone (Bar No. 110022)<br>633 W. 5th Street, Suite 3600, Los Angeles, CA 90071<br>(213) 239-5100 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   **MONEY DEMANDED IN COMPLAINT: $** injunction and damages

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C. Sections 101 et seq. (copyright); 15 U.S.C. Sections 1111 et seq. (trademark and unfair competition)

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS - PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☒ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

## CV12 - 6921

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles (Fox Broadcasting Company, Inc.)<br>Los Angeles (Twentieth Century Fox Film Corporation)<br>Los Angeles (Fox Television Stations, Inc.) | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles (BarryDriller Content Systems Plc.) | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Richard S Stine*          Date August 10, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |