JENNER & BLOCK LLP
Richard L. Stone (SBN 110022)
rstone@jenner.com
Kenneth D. Klein (SBN 85231)
kklein@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
David R. Singer (SBN 204699)
dsinger@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile:   (213) 239-5199

Jenner & Block LLP
Steven B. Fabrizio (*pro hac* to be filed)
sfabrizio@jenner.com
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile:   (202) 639-6066

Attorneys for Plaintiffs
Fox Television Stations, Inc.,
Twentieth Century Fox Film Corp., and
Fox Broadcasting Company, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX TELEVISION STATIONS, INC., TWENTIETH CENTURY FOX FILM CORP., and FOX BROADCASTING COMPANY, INC.<br><br>Plaintiffs,<br>v.<br><br>BARRYDRILLER CONTENT SYSTEMS PLC., BARRY DRILLER INC., AEREOKILLER, LLC, and DOES 1 through 3, inclusive,<br><br>Defendants. | Case No. CV12-6921-GW-JC<br><br>**PROTECTIVE ORDER**<br><br>[Stipulation re: Protective Order filed concurrently herewith] |

58125056v1

WHEREAS, information and documents that may be provided in discovery in the above-captioned litigation, whether by a party or non-party, may be of a confidential nature within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, one of the purposes of this Stipulated Protective Order (the "Order") is to protect the confidentiality of such information that the designating party reasonably believes is entitled to confidential treatment under applicable law;

IT IS HEREBY ORDERED THAT:

1. As used in this Order, "Litigation Material(s)" includes: (a) documents, exhibits, answers to interrogatories, responses to requests for admissions, deposition testimony and transcriptions (including exhibits), and all written, recorded, graphic or electronically-stored matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts or summaries of such information, and the information itself; and (c) any pleading, affidavit, declaration, brief, motion, transcript, including exhibits to any of these, or other writing containing such information.

2. Litigation Materials containing proprietary information, including pricing, rates, customers/subscribers, company security matters, customer lists, financial data and other non-public commercial, financial, research or technical information, may be designated "Confidential" by any producing party or non-party. Litigation Materials containing trade secrets, special formulas, proprietary software and/or computer programs, current or future marketing plans, current or future business plans or strategies, current or future plans for products or services, customer and subscriber data and information, agreements with third parties, information regarding current or future business or financial transactions, internal financial reports or plans, current or future pricing, rates or planning information, financial data, production data, internal notes, memoranda, logs or other data, and

other highly sensitive non-public commercial, financial, research or technical information that the producing party or non-party believes, in good faith, should be afforded the highest level of confidentiality by the Court, may be designated "Highly Confidential" by any producing party or non-party.

3. All Litigation Materials provided (before or after entry of this Order) in discovery in connection with the above-captioned litigation ("this litigation"), and the contents thereof: (a) shall be used or disclosed by the parties, their counsel, or anyone else provided with Litigation Materials pursuant to the terms of this order, solely for the purpose of the prosecution or defense of this litigation, including preparing for and conducting pre-trial, trial and post-trial proceedings in this litigation, and for no other purpose; (b) shall not be used or disclosed for any business, commercial or competitive purpose; and (c) shall not be used or disclosed in connection with any other litigation or proceeding. In addition, Litigation Materials designated "Confidential" or "Highly Confidential," and the contents thereof, shall not be disclosed other than as provided by the terms of this Order.

4. Any Litigation Materials that the producing party or non-party has properly made available to the general public prior to their production in this litigation or during the course of this litigation shall not be designated "Confidential" or "Highly Confidential."

5. Nothing in this Order affects the right of the party or non-party that produced Litigation Materials to use or disclose any Litigation Materials, or the contents thereof, in any way.

6. (a)(i) Any party or non-party may designate Litigation Materials, or portions thereof, which are considered confidential or highly confidential by marking them "Confidential" or "Highly Confidential." In order to provide the parties adequate opportunity to designate Litigation Materials as "Confidential" or "Highly Confidential," all Litigation Materials produced in this case shall be

deemed "Highly Confidential," whether or not stamped with that legend, for a period of fifteen (15) business days following production, unless the Litigation Materials are within the scope of paragraph 4 of this Order.

        (ii)     The failure to designate Litigation Materials as "Confidential" or "Highly Confidential" within that fifteen (15) business day period shall not waive a party's or non-party's right to later designate such Litigation Materials as "Confidential" or "Highly Confidential" with prospective effect.  If Litigation Materials claimed to be "Confidential" or "Highly Confidential" are produced without that designation, such Litigation Materials and all copies thereof shall within five (5) days of any written notice requesting their return, be returned to the designating party or non-party for such designation, destroyed, or stamped "Confidential" or "Highly Confidential," as requested by the designating party or non-party.  The receiving party may challenge the designation of the documents as provided in this Order, but the inadvertent production of Litigation Materials (including, without limitation, testimony) claimed to be "Confidential" or "Highly Confidential" without the designation shall not constitute a waiver of confidentiality.

        (b)     For deposition testimony, counsel may invoke the protections of this Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or "Highly Confidential," or by designating the deposition transcript or portions thereof as "Confidential" or "Highly Confidential" within fifteen (15) business days after that counsel has received the final deposition transcript from opposing counsel.  All information disclosed during a deposition shall be deemed "Highly Confidential" until the expiration of such fifteen (15) business day period as to counsel for all parties, whether or not any portion of the transcript has been so designated previously and thereafter shall remain "Confidential" or "Highly Confidential," as applicable, if so designated.  No

person shall be present during any portion of any deposition designated at the deposition as "Confidential" or "Highly Confidential" or any portion of any deposition wherein "Confidential" or "Highly Confidential" Litigation Materials are disclosed, unless that person is an authorized recipient of Litigation Materials containing such confidential or highly confidential information under the terms of this Order.

        (c)    Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations set forth in this Order may be so designated by placing the appropriate designation on at least the cover page of the written material prior to production, except for documents produced in native format which shall have the appropriate designation affixed on the face of the media containing such native format documentation.  In addition to the foregoing, to the extent that documents are produced in electronic form, the addition of a confidentiality designation in the file name shall be sufficient to provide notice of said confidentiality and additional written notice is unnecessary in this situation.  Other tangible things not produced in documentary form may be designated by affixing the appropriate designation on a cover page for such material and in a prominent place on the exterior of the container or containers in which the information or things are stored.

7. The party or non-party designating any Litigation Materials as "Confidential" or "Highly Confidential" shall, in the first instance, determine in good faith whether it constitutes "Confidential" or "Highly Confidential" information covered by this Order.  Another party may object in good faith to such "Confidential" or "Highly Confidential" designation.  The objecting party and the other person(s) involved shall follow the provisions of Local Rule 37-1, *et seq.*, of the Central District of California in (a) their attempt to informally resolve their designation dispute and (b) any motion practice before this Court should such

dispute not be resolved informally. Any Litigation Materials, the designation of which are subject to such dispute, shall be treated as designated pending further order of the Court. The person asserting the confidentiality of any such Litigation Materials shall bear the burden of establishing that the Litigation Materials are entitled to be classified as designated.

8. If any Litigation Materials designated "Confidential" or "Highly Confidential" pursuant to this Order are used during the course of a deposition, the portion of the deposition record reflecting testimony related to such "Confidential" or "Highly Confidential" information shall be designated as "Confidential" or "Highly Confidential," and access thereto shall be limited pursuant to the terms of this Order.

9. Litigation Materials designated or treated as "Confidential," copies or extracts therefrom and the information contained therein, may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution, defense or appeal of this litigation):

    a. employees of the parties provided that they are deposition or trial witnesses or are otherwise actively involved in the prosecution, defense or appeal of this litigation and have executed the attached Schedule A;

    b. outside counsel retained by the parties to assist in the prosecution, defense or appeal of this litigation, including employees of such counsel's firms, and any companies, independent contractors or other litigation support service personnel with whom such counsel works in connection with this litigation, provided that such outside counsel have either executed this Order or the attached Schedule A and that any companies, independent contractors or other litigation support service personnel with whom such counsel works in

connection with this litigation have executed the attached Schedule A;

c. in-house counsel for the parties (and their paralegal, clerical and/or secretarial assistants) who are actively involved in the prosecution, defense or appeal of this litigation;

d. consultants and/or experts retained by counsel or a party in connection with this litigation to whom it is necessary that "Confidential" Litigation Materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation, and only upon their agreement to be bound by this Protective Order evidenced by execution of the attached Schedule A;

e. any person expressly identified in any "Confidential" Litigation Materials as an author, a recipient, or having knowledge of the "Confidential" Litigation Materials, and any person for whom a reasonable foundation may be laid that he or she is an author, a recipient, or has knowledge of the "Confidential" Litigation Materials;

f. any person employed by the party that produced the "Confidential" Litigation Materials;

g. the Court in this litigation, and any members of its staff to whom it is necessary to disclose Confidential Litigation Materials for the purpose of assisting the Court in this litigation.

h. stenographers, videographers and court reporters recording or transcribing testimony relating to this litigation and who have executed the attached Schedule A;

i. personnel employed by anyone providing a receiving party with document litigation support, graphics, translation, design, and/or

trial consulting services to whom disclosure is reasonably necessary for this litigation, provided that each such person, including their staff, has executed the attached Schedule A agreeing to be bound by the terms of this Order, and provided that such personnel are not an officer, director, or employee of the receiving party;

j. any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

k. mock jurors who have executed the attached Schedule A agreeing to be bound by the terms and conditions of this Order (said signed acknowledgement for mock jurors need not be provided to counsel for any other party); and

l. other persons only upon written consent of the producing person (which agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the producing person due notice and an opportunity to be heard.

10. Litigation Materials designated or treated as "Highly Confidential," copies or extracts therefrom and the information contained therein, shall be treated as "Attorneys' Eyes Only" and may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution, defense or appeal of this litigation):

a. outside counsel retained by the parties to assist in the prosecution, defense or appeal of this litigation, including employees of such counsel's firms, and any companies, independent contractors or other litigation support service personnel with whom such counsel works in connection with this litigation, provided that such outside

counsel have either executed this Order or the attached Schedule A and that any companies, independent contractors or other litigation support service personnel with whom such counsel works in connection with this litigation have executed the attached Schedule A;

b. no more than two in-house litigation attorneys who are actively involved in the prosecution, defense or appeal of this litigation and have executed the attached Schedule A, but who are not involved in any business negotiations regarding programming, distribution, affiliation, content licensing or retransmission agreements;

c. consultants and/or experts retained by counsel or a party in connection with this litigation to whom it is necessary that "Highly Confidential" Litigation Materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation, and only upon their agreement to be bound by this Protective Order evidenced by execution of the attached Schedule A;

d. any person expressly identified in any "Highly Confidential" Litigation Materials as an author, a recipient, or having knowledge of the "Highly Confidential" Litigation Materials, and any person for whom a reasonable foundation may be laid that he or she is an author, a recipient, or has knowledge of the "Highly Confidential" Litigation Materials;

e. any person employed by the party that produced the "Highly Confidential" Litigation Materials;

f. the Court, and any members of its staff to whom it is necessary to disclose "Highly Confidential" Litigation Materials for the purpose of assisting the Court in this litigation;

     g.   stenographers, videographers and court reporters recording or transcribing testimony relating to this litigation who have executed the attached Schedule A;

     h.   other persons only upon written consent of the producing person (which agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the producing person due notice and an opportunity to be heard.

11.    (a)  Before any of the persons described in paragraphs 9(d) and 10(c) shall have access to Confidential or Highly Confidential material, he or she must certify that he or she has been made aware of the provisions of this Order and has manifested his or her assent to be bound thereby by signing a copy of the attached Schedule A, and the signed Schedule A must be served upon the opposing parties, along with a current resume or curriculum vitae reasonably identifying the person, each individual or company for which the person has done work in the past five years or with which the person has an agreement to do work in the future, and his or her relationship, if any, to any party, competitor, or other client.  The party that produced the Confidential or Highly Confidential material shall then have five business days to serve a written objection to access by such person.  Any written objection shall state with specificity the reason(s) for such objection.  If such objection is made, there shall be no disclosure to such person except by agreement of the parties or by order of the Court, and counsel for the parties shall meet and confer in an effort to reach an agreement.  Failing that and for good cause shown, the party opposing disclosure may file a motion, within five (5) days after the meet and confer, seeking preclusion of the disclosure.  On any such motion, the party that designated the Confidential or Highly Confidential material shall bear the burden of showing why disclosure to the person should be precluded.

(b) The other persons described in paragraphs 9 and 10, who shall have access to the Confidential and Highly Confidential material pursuant to the terms of this Order upon signing a copy of the attached Schedule A, do not need to be disclosed to the opposing party prior to receipt of Confidential or Highly Confidential materials. A list shall be maintained by counsel for the parties hereto of the names of all persons who have signed Schedule A and to whom the content of any Highly Confidential material is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon good cause shown. At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the pertinent aforementioned lists upon request. The persons receiving Confidential or Highly Confidential material are enjoined from disclosing it to any other person, except in conformance with this Order.

12. Each individual who receives any Confidential or Highly Confidential material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

13. The recipient of any Confidential or Highly Confidential material that is provided under this Order shall maintain such records in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such records as is exercised by the recipient with respect to his or her own proprietary information.

14. Nothing in this Order shall allow non-testifying experts and consultants to be deposed or otherwise be the subject of discovery other than as provided under the Federal Rules of Civil Procedure.

15. (a) Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on "Confidential" or "Highly Confidential" Litigation Materials; provided, that in rendering such advice and otherwise communicating with such client, counsel shall not make any disclosure of the specific substance of Litigation Materials so designated except as otherwise allowed in this Order.

(b) If, at any time, any Litigation Materials in the possession, custody or control of any person other than the person who originally produced such Litigation Materials are subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the party to whom the subpoena or other request is directed shall immediately give written notice thereof to each party who has produced such Litigation Materials (directly or through the producing party's outside counsel), and shall provide each producing party with an opportunity to object and intervene as appropriate regarding the request for the production of Litigation Materials. If a producing party does not object and/or intervene to prevent disclosure of such documents within twenty-one (21) days of the date written notice is given, the party to whom the subpoena or other request is directed may produce such documents in response thereto. Nothing in this Section, however, shall be interpreted to require the party to whom the subpoena or other request is directed to refuse to comply with any legal duty or obligation imposed by a court or other judicial, arbitral, administrative, or legislative body.

16. Except as agreed to in writing by counsel of record or as ordered by the Court, Litigation Materials designated or treated as "Confidential" or "Highly Confidential" shall be submitted and/or filed under seal in accordance with Local Rule 79-5.

17. Nothing herein shall prevent any of the parties from using "Confidential" or "Highly Confidential" Litigation Materials in any trial in this

litigation or from seeking further protection with respect to the use of any "Confidential" or "Highly Confidential" Litigation Materials in any trial in this litigation. Means to preserve the confidentiality of Litigation Materials presented at any trial of this matter shall be considered and implemented prior to the beginning of such trial. "Confidential" or "Highly Confidential" Litigation Materials that are not received into evidence at trial shall retain their "Confidential" or "Highly Confidential" status under this Order.

18. The terms of this Order shall apply to all manner and means of discovery. The provisions of this Order may be modified at any time by stipulation of the parties, approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Order. Nothing in this Order shall constitute: (a) any agreement to produce in discovery any testimony, document or other information; (b) a waiver of any right to object to or seek a further protective order with respect to any discovery or other matter in this or any other litigation; or (c) a waiver of any claim or immunity, protection, or privilege with respect to any testimony, document or information.

19. In the event that Litigation Materials designated or treated as "Confidential" or "Highly Confidential" are disclosed to someone not authorized to receive such information under this Order, counsel of record for the party making that disclosure shall, promptly upon learning of such disclosure, give notice to counsel of record for the designating person and to counsel of record for the producing person (if different), and shall describe the circumstances surrounding the unauthorized disclosure.

20. If any person inadvertently produces in discovery any information subject to attorney-client privilege, work product doctrine or any other privilege, protection, or immunity, and the requirements of Federal Rule of Evidence 502(b) have been satisfied, the producing person may (promptly upon learning of such

production) notify the receiving party(ies) of such production and seek the return and/or destruction of such information as set forth below.  Upon such notification: the receiving party(ies) shall promptly return to the producing person or shall destroy all such information (including, without limitation, all originals and copies of any documents containing or comprising such information); the information (including, without limitation, all originals and copies of any documents containing or comprising such information) shall continue to be privileged, protected, and/or immune; and no use shall be made of such information (including, without limitation, all originals and copies of any documents containing or comprising such information) by the receiving party(ies), nor shall it be disclosed to anyone by the receiving party(ies).  The receiving party(ies) shall promptly provide to the producing person a written certification of the complete return or destruction of such information (including, without limitation, all originals and copies of any documents containing or comprising such information); provided that, to the extent any receiving party has incorporated any such information in its own work product, it may (instead of providing such work product to the producing person) destroy such information incorporated in that work product and promptly certify to such destruction.  Nothing herein, however, shall preclude the receiving party(ies) from subsequently challenging that such materials are privileged, or that any such privilege has not been waived.

21. Upon termination of this litigation and the request of the producing person, the originals and all copies, whether exact copies or compilations, digests or non-exact copies in any form, of Litigation Materials shall, within thirty (30) days, be returned to the person who produced such Litigation Materials (with the resulting shipping expense to be paid by the producing person), or shall be destroyed (together with a written certification of the complete destruction of the Litigation Materials), or shall otherwise be disposed as may be mutually agreeable

among the applicable persons. The obligation to return/destroy Confidential (as opposed to Highly Confidential) materials shall be limited to reasonable efforts. Nevertheless, counsel of record may retain their file copies of all court filings, official transcripts and exhibits, any pleading transcript (for each deposition, hearing and trial), written discovery responses, expert reports, and attorney work product, regardless of whether it contained protected Litigation Materials, provided that counsel continues to treat all Litigation Materials in the manner provided in this Order. Notwithstanding the provisions of this paragraph, inaccessible copies of confidential or proprietary material, including electronic copies created through the routine operation of the recipient(s)' standard archival and backup procedures, do not need to be returned or destroyed.

22. This Order shall remain in force and effect until modified, superseded or terminated by agreement of the parties hereto or by order of the Court. The termination of this action shall not relieve the parties from complying with any limitations imposed by this Order, and the Court shall retain jurisdiction to enforce this Order.

23. The entry of this Order does not prevent either party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

24. The parties hereto agree that they will act in accordance with the terms and conditions of this Order upon its execution by both parties even though it

\\\
\\\
\\\
\\\
\\\

may not yet have been so-ordered and entered by the Court.

25. This Order shall govern all discovery undertaken in this action.


IT IS SO ORDERED:


Dated:  October 3, 2012                    _____/s/_____
                                           Hon. Jacqueline Chooljian
                                           United States Magistrate Judge

- 16 -

PROTECTIVE ORDER

## Schedule A

By my signature, I hereby acknowledge that I have read the Stipulated Protective Order, dated _____, 2012 (the "Protective Order") entered in *Fox Television Stations, Inc. v. BarryDriller, Inc., et al.*, Case No. CV12-6921-GW(JC), pending in the United States District Court for the Central District of California and hereby agree to be bound by the terms thereof.  I further agree that to the extent that my employees are provided with "Confidential" and/or "Highly Confidential" Litigation Materials, I will instruct such employees regarding the terms of the Protective Order.  I further agree to subject myself to the jurisdiction of the United States District Court for the Central District of California with respect to all matters relating to compliance of the Protective Order.

Dated:_____

City and State: _____

Signature:

_____

Title:_____

Address:_____

_____

_____

- 17 -

PROTECTIVE ORDER