JENNER & BLOCK LLP
Richard L. Stone (SBN 110022)
rstone@jenner.com
Kenneth D. Klein (SBN 85231)
kklein@jenner.com
Julie A. Shepard (SBN 175538)
jshepard@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Steven B. Fabrizio (*admitted pro hac vice*)
sfabrizio@jenner.com
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Attorneys for Plaintiffs
Fox Television Stations, Inc.,
Twentieth Century Fox Film Corp., and
Fox Broadcasting Company, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX TELEVISION STATIONS, INC., TWENTIETH CENTURY FOX FILM CORP., and FOX BROADCASTING COMPANY, INC.<br><br>Plaintiffs,<br><br>v.<br><br>BARRYDRILLER CONTENT SYSTEMS PLC., BARRY DRILLER INC., AEREOKILLER, LLC, and DOES 1 through 3, inclusive,<br><br>Defendants. | Case No. CV12-6921-GW-JC<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL** |

2148895.5

1       Pursuant to Civil Local Rule 79-5.1, Plaintiffs Fox Televisions Stations, Inc., Twentieth Century Fox Film Corp., and Fox Broadcasting Company, Inc., (collectively "Fox" or "Plaintiffs") respectfully seek this Court's approval to file certain documents produced by defendant Aereokiller, LLC ("Aereokiller") and excerpts of the person-most-knowledgeable deposition of Aereokiller under seal, as well as the brief portions of the Shepard Declaration and Memorandum of Points and Authorities in support of Fox's Motion for a Preliminary Injunction which refer to the produced documents and deposition transcript. These portions of the transcript and documents were designated by Aereokiller as Confidential or Highly Confidential under the Protective Orders approved by this Court on October 3, 2012 in this matter (Dkt. No. 30), and in the related matter, *NBCUniversal Media, LLC, et al. v. Barry Driller, Inc., et al.*, C.D. Cal. Case No. 12-cv-6950 on September 27, 2012 (Dkt. No. 31). *See* Shepard Declaration, ¶ 19, Ex. M. Aereokiller does not oppose this Application.

      The Federal Rules expressly provide that, upon a showing of good cause, a court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed[.]" Fed. R. Civ. P. 26(c)(1)(G). Moreover, "'good cause' suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions," such as motions for a preliminary injunction. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

      To determine whether business information warrants filing under seal, courts consider: (i) the extent to which the information is known outside the business; (ii) the measures taken to guard the information's secrecy; and (iii) the value of the information to the business or its competitors. *Bean v. Pearson Educ., Inc.*, No. 11-8030, 2012 WL 2929631, at *2 (D. Ariz. July 18, 2012); *see also Phillips ex rel. Estate of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (noting

that "courts have consistently granted protective orders that prevent disclosure of many types of information").

Here, Fox seeks only to seal excerpts of deposition transcripts and documents which Aereokiller designated either Confidential or Highly Confidential, as well as the portions of the Shepard Declaration and the memorandum of points and authorities that refer to the deposition transcript and confidential documents. Under the Protective Order, these designations are reserved for "pricing, rates, customers/subscribers, company security matters, customer lists, financial data and other non-public commercial, financial, research or technical information," or "trade secrets, special formulas, proprietary software and/or computer programs, current or future marketing plans, current or future business plans or strategies, current or future plans for products or services, customer and subscriber data and information, agreements with third parties, information regarding current or future business or financial transactions, internal financial reports or plans, current or future pricing, rates or planning information, financial data, production data, internal notes, memoranda, logs or other data, and other highly sensitive non-public commercial, financial, research or technical information that the producing party or non-party believes, in good faith, should be afforded the highest level of confidentiality by the Court," which are not "available to the general public." Protective Order ¶¶ 2, 4.

Because Aereokiller has designated the documents and portions of the deposition transcript attached as Exhibit M to the Shepard Declaration as Confidential or Highly Confidential, it has represented that these materials fit the criteria outlined in the Protective Order. Indeed, by designating these documents and portions of the transcript Confidential or Highly Confidential pursuant to the Protective Orders, Aereokiller is representing that if made public, disclosure of these confidential documents and deposition testimony would cause harm to Aereokiller's business operations and reveal trade secrets and other confidential or

proprietary information that Aereokiller has a strong interest in protecting from disclosure. *See id.* For these reasons, an order approving their filing under seal is warranted. *See Bean*, 2012 WL 2929631, at *2; *Reilly v. MediaNews Grp. Inc.*, No. 06-4332, 2007 WL 196682, at *4 (N.D. Cal. Jan. 24, 2007) (finding good cause to maintain under seal sensitive business documents, filed in connection with requests for preliminary injunctive relief, that were designated confidential pursuant to the parties' stipulated protective order).

Accordingly, Fox respectfully requests that the Court grant its application to file Exhibit M to the Shepard Declaration under seal, as well as the portions of the Shepard Declaration and Preliminary Injunction motion that describe or discuss Exhibit M.

Dated: November 8, 2012

JENNER & BLOCK LLP

By: _____
Julie A. Shepard
Attorneys for Plaintiffs
Fox Television Stations, Inc.,
Twentieth Century Fox Film Corp.,
and, Fox Broadcasting Company, Inc.

2148895.5

3