Ryan G. Baker (Bar No. 214036)
 rbaker@bakermarquart.com
Jaime W. Marquart (Bar No. 200344)
 jmarquart@bakermarquart.com
Christian A. Anstett (Bar No. 240179)
 canstett@bakermarquart.com.com
BAKER MARQUART LLP
10990 Wilshire Boulevard, Fourth Floor
Los Angeles, California 90024
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

Attorneys for Defendant Aereokiller, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX TELEVISION STATIONS, INC., TWENTIETH CENTURY FOX FILM CORPORATION AND FOX BROADCASTING COMPANY, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>AEREOKILLER LLC, ALKIVIADES "ALKI" DAVID, FILMON.TV NETWORKS, INC., FILMON.TV, INC., FILMON.COM, INC. and DOES 1 through 3, inclusive,<br><br>Defendants. | CASE NO. CV12-6921-GW (JCx)<br><br>**EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF NIGEL JONES OFFERED IN SUPPORT OF PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION**<br><br>Date: December 20, 2012<br>Time: 8:30a.m.<br>Judge: Hon. George Wu<br>Place: Courtroom 10 – Spring Street |

Defendant Aereokiller LLC ("Defendant") hereby requests that the Court strike the entirety of the Declaration of Nigel Jones (the "Jones Declaration") offered in support of Plaintiffs' Motion for Preliminary Injunction.  Plaintiffs submitted the Jones Declaration, a purported *expert* opinion, in connection with their reply papers.  Plaintiffs' sandbagging is *per se* impermissible.  *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305 (W.D. Wash. 2006) ("[i]t is well established that new arguments and evidence presented for the first time in Reply are waived [citing *United States v. Patterson,* 230 F. 3d 1168, 1172 (9th Cir. 2000)] . . . [Plaintiff's fact and expert] declarations address issues which should have been addressed in the opening brief, and the new evidence is inappropriate for Reply." *Id.* at 1307; *see also Peregrine Semiconductor Corp. v. RF Micro Devices, Inc*., 2012 WL 2068728 at *7 (S.D. Cal. June 8, 2012) (submitting declaration of potential non-party witness for the first time with reply briefing was improper).

Without prejudice to its request to strike the Declaration, Defendant submits the following evidentiary objections to, the Jones Declaration:

1. **Jones Decl., ¶ 3(a), Ex. B and C**. Two purported patent applications of Aereo, Inc.

    **Objections**.  Lack of personal knowledge and lack of foundation.  Fed. R. Evid. 602.  Mr. Jones has no personal knowledge of these patent applications.

    Hearsay.  Fed. R. Evid. 801, 802.  Mr. Jones offers the contents of the patent applications for the truth of the matters asserted therein which is improper.

    Lack of authentication.  Fed.R . Evid. 901.  Mr. Jones does not verify or confirm the source of the applications.

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

2. **Jones Decl., ¶ 4.** "As explained in more detail below, neither Mr. David nor Mr. Kutovyy provided information sufficient to establish that the FilmOn system used by Defendants uses the same or similar architecture to Aereo's, which should be within their knowledge."

**Objections.** Lack of personal knowledge and lack of foundation. Fed. R. Evid. 602. Mr. Jones has no personal knowledge as to: 1) the architecture of FilmOn or Aereo's technology; and 2) Mr. David or Mr. Kutovyy's knowledge. Improper opinion. Fed. R. Evid. 701; *see also Miracle Blade, LLC v. Ebrands Commerce Group, LLC*, 207. F. Supp. 2d 1136 (D. Nev. 2002) (denying preliminary injunction motion, and noting inadmissibility of statements under Fed. R. Evid. 701 due to lack of firsthand knowledge). Mr. Jones also provides an improper legal conclusion concerning Mr. David and Mr. Kutovyy's testimony.

3. **Jones Decl., ¶ 6.** Summary of the two Aereo patent applications and the July 11, 2012 *Aereo* decision.

**Objections.** Lack of personal knowledge and lack of foundation. Fed. R. Evid. 602. Mr. Jones has no personal knowledge as to Aereo's technology or patents.

Relevance. Fed. R. Evid. 401, 402. Mr. Jones's alleged knowledge of the patent applications is not relevant to any claim or defense in this action.

Lack of expert qualification. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). At this early stage of litigation and upon the Declaration submitted, Plaintiffs fail to demonstrate that the testimony of Mr. Jones is based upon sufficient facts or data, is the product of reliable principles and methods, and is the product of applying principles and methods reliably to the facts of the case. While

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

Mr. Jones may qualify as an expert in other fields, such as design patent litigation, this case does not concern the sufficiency of patents. There is insufficient foundation to establish that Mr. Jones has the requisite qualifications to offer expert testimony in this case. Mr. Jones has not indicated that he has any experience in the media industry beyond project-level consulting in one or two instances involving "telecommunications." *See* Ex A to Jones Decl. (CV). It would appear that his expertise is better suited to litigation involving design patents, underwater systems, energy sources, data analysis and/or systematic measurements. Quite simply, Mr. Jones is the wrong expert for this case. *See, e.g., Lumetta v. US Robotics, Inc.*, 824 F. 2d 768 (9th Cir. 1987) (affirming exclusion of several alleged experts after voir dire for lack of qualification to testify in that action).

Improper summary of evidence. Fed. R. Evid. 1006. The summary of the purported Aereo patent application attachments constitutes an improper summary of evidence.

4.  **<u>Jones Decl., ¶ 7.</u>** Summary of the Kutovyy Declaration, and commentary about purported deficiencies.

**<u>Objections.</u>** Lack of personal knowledge and lack of foundation. Fed. R. Evid. 602. Mr. Jones has no personal knowledge as to FilmOn's technology.

Relevance. Fed. R. Evid. 401, 402. Mr. Jones's critique of the Kutovyy declaration is not relevant to this action.

Lack of expert qualification. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). At this early stage of litigation and upon the Declaration submitted, Plaintiffs fail to demonstrate that the testimony of Mr. Jones is based upon sufficient facts or data, is the

- 3 -

EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF NIGEL JONES

1  product of reliable principles and methods, and is the product of
2  applying principles and methods reliably to the facts of the case.  While
3  Mr. Jones may qualify as an expert in other fields, such as design patent
4  litigation, this case does not concern the sufficiency of patents.  There is
5  insufficient foundation to establish that Mr. Jones has the requisite
6  qualifications to offer expert testimony in this case.  Mr. Jones has not
7  indicated that he has any experience in the media industry beyond
8  project-level consulting in one or two instances involving
9  "telecommunications."  *See* Ex A to Jones Decl. (CV).  It would appear
10 that his expertise is better suited to litigation involving design patents,
11 underwater systems, energy sources, data analysis and/or systematic
12 measurements.  Quite simply, Mr. Jones is the wrong expert for this
13 case.  *See, e.g., Lumetta v. US Robotics, Inc*., 824 F. 2d 768 (9th Cir.
14 1987) (affirming exclusion of several alleged experts after voir dire for
15 lack of qualification to testify in that action).  At this early stage of
16 litigation and upon the Declaration submitted, Plaintiffs fail to
17 demonstrate that Mr. Jones is a well qualified expert in this action.

18  5.  **Jones Decl., ¶ 8.** Commentary about alleged deficiencies and scope of
19  discovery desired by Plaintiffs.[1]

20  **Objections.**  Lack of personal knowledge and lack of foundation.  Fed.
21  R. Evid. 602.  Mr. Jones has no personal knowledge as what constitutes
22  "Aereo-like" technology.

23  Relevance.  Fed. R. Evid. 401, 402.  Mr. Jones's opinions as to what is

---

[1] Aereokiller should also be entitled to full production of documents regarding the retention and work of Mr. Jones, including counsel's emails. *See, e.g. South Yuba River Citizens League v. Nat'l Marine Fisheries Svc*., 257 F.R.D. 607, 609-16 (E.D. Cal. 2009) (affirming, after lengthy analysis, magistrate judge's order compelling production of documents responsive to defendant's requests for production re plaintiff's expert).

- 4 -  EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF NIGEL JONES

1  "Aereo-like" and the desired scope of discovery is not relevant to any
2  claim or defense in this action.
3  Lack of expert qualification.  Fed. R. Evid. 702; *Daubert v. Merrell Dow*
4  *Pharm., Inc.*, 509 U.S. 579, 589 (1993).  At this early stage of litigation
5  and upon the Declaration submitted, Plaintiffs fail to demonstrate that
6  the testimony of Mr. Jones is based upon sufficient facts or data, is the
7  product of reliable principles and methods, and is the product of
8  applying principles and methods reliably to the facts of the case.  While
9  Mr. Jones may qualify as an expert in other fields, such as design patent
10 litigation, this case does not concern the sufficiency of patents.  There is
11 insufficient foundation to establish that Mr. Jones has the requisite
12 qualifications to offer expert testimony in this case.  Mr. Jones has not
13 indicated that he has any experience in the media industry beyond
14 project-level consulting in one or two instances involving
15 "telecommunications."  *See* Ex A to Jones Decl. (CV).  It would appear
16 that his expertise is better suited to litigation involving design patents,
17 underwater systems, energy sources, data analysis and/or systematic
18 measurements.  Quite simply, Mr. Jones is the wrong expert for this
19 case.  *See, e.g., Lumetta v. US Robotics, Inc.*, 824 F. 2d 768 (9th Cir.
20 1987) (affirming exclusion of several alleged experts after voir dire for
21 lack of qualification to testify in that action).  At this early stage of
22 litigation and upon the Declaration submitted, Plaintiffs fail to
23 demonstrate that Mr. Jones is a well qualified expert in this action.

6. **<u>Jones Decl., ¶ 9.</u>** "Mr. David's declaration does not fill in gaps left by
Mr. Kutovyy about the technology being employed by Defendants.
Further, I attended Mr. David's deposition.  The questions that Mr.
David refused to answer after answering others on technology were the

- 5 -

EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF NIGEL JONES

ones that would have illuminated whether the technology Aereokiller employs is in fact like or even similar to Aereo's."

**<u>Objections.</u>**  Lack of personal knowledge and lack of foundation.  Fed. R. Evid. 602.  Mr. Jones has no personal knowledge as to what is "in fact like or even similar to Aereo's."

Improper opinion.  Fed. R. Evid. 701; *see also Miracle Blade, LLC v. Ebrands Commerce Group, LLC*, 207. F. Supp. 2d 1136 (D. Nev. 2002) (denying preliminary injunction motion, and noting inadmissibility of statements under Fed. R. Evid. 701 due to lack of firsthand knowledge). Improper attempt to draw a legal conclusion.  Fed. R. Evid 704.  Mr. Jones is not qualified to opine on what impact hypothetical answers to unasked, hypothetical questions would have on the technological aspects of this action.

DATED: December 17, 2012            BAKER MARQUART LLP


                                    By:  _____/s/_____
                                         Jaime W. Marquart
                                         Attorneys for Defendant Aereokiller LLC

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

- 6 -

EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF NIGEL JONES