FILED
CLERK, U.S. DISTRICT COURT

DEC 27 2012

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

cc: Fiscal

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX TELEVISION STATIONS, INC., TWENTIETH CENTURY FOX FILM CORP., and FOX BROADCASTING COMPANY, INC.<br><br>Plaintiffs,<br><br>v.<br><br>AEREOKILLER, LLC, ALKIVIADES "ALKI" DAVID, FILMON.TV NETWORKS, INC., FILMON.TV, INC. FILMON.COM, INC., and DOES 1 through 3, inclusive,<br><br>Defendants. | Case No. CV12-6921-GW-JC<br><br>**PRELIMINARY INJUNCTION ORDER** |

This Court, having considered all the submissions in support of, and in opposition to, Plaintiffs Fox Television Stations, Inc., Twentieth Century Fox Film Corp., and Fox Broadcasting Company, Inc.'s (collectively "Fox" or "Plaintiffs") Motion for Preliminary Injunction ("Motion"), and having considered all matters presented at the hearings on this Motion, including the hearings on December 6, 2012, December 20, 2012, and December 27, 2012 and good cause appearing as set forth in the Court's written ruling of December 27, 2012, hereby **GRANTS IN PART** the Motion and **ORDERS THAT**:

    1.    For purposes of this Preliminary Injunction, the following definitions shall apply:

        a.    "Plaintiffs" shall mean Fox Television Stations, Inc., Twentieth Century Fox Film Corp., and Fox Broadcasting Company, Inc.

        b.    "Defendants" shall mean Aereokiller, LLC, Alkiviades "Alki" David, FilmOn.TV Networks, Inc., FilmOn.TV, Inc., and FilmOn.com, Inc., whether acting jointly or individually.

        c.    "Copyrighted Programming" shall mean each of those broadcast television programming works, or portions thereof, whether now in existence or later created, including but not limited to original programming, motion pictures and newscasts, in which any of the Plaintiffs owns or controls an exclusive right under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*

    2.    Pending a final resolution of this action, Defendants, and all of their parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order (the "Enjoined Parties") are preliminarily enjoined from retransmitting, streaming, or otherwise publicly performing or displaying within the geographic boundaries of the United States Court of Appeals for the Ninth Circuit,

directly or indirectly, over the Internet (through websites such as filmonx.com or filmon.com), via web applications (available through platforms such as the Windows App Store, Apple's App Store, the Amazon Appstore, Facebook or Google Play), via portable devices (through applications on devices such as iPhones, iPads, Android devices, smart phones, or tablets), or by means of any device or process, the Copyrighted Programming.

3. Violation of this Preliminary Injunction shall expose Defendants and all other persons bound by this Preliminary Injunction to all applicable penalties, including contempt of Court.

4. The injunction shall become effective two court days after Plaintiffs file with the Court and serve through CM/ECF a notice that the required bond in the amount of $250,000.00 has been posted.

5. Within three court days of the effective date of the Preliminary Injunction, Defendants shall file and serve a report in writing and under oath setting forth in detail the manner and form with which Defendants have complied with the Preliminary Injunction.

6. Nothing herein shall restrict Plaintiffs' ability to seek to amend this injunction or to seek permanent injunctive relief with terms that are broader in scope than those delineated herein.

IT IS SO ORDERED.

Dated: December 27, 2012

_____
Hon. George H. Wu
United States District Judge