Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Scott M. Malzahn (Bar No. 229204)
  smalzahn@bakermarquart.com
BAKER MARQUART LLP
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California 90024
Telephone:  (424) 652-7800
Facsimile:   (424) 652-7850

Attorneys for Defendants and
Counterclaimants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOX TELEVISION STATIONS, INC., TWENTIETH CENTURY FOX FILM CORPORATION, and FOX BROADCASTING COMPANY, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> FILMON X, LLC, ALKIVIADES "ALKI" DAVID, FILMON.TV NETWORKS, INC., FILMON.TV, INC., FILMON.COM, INC. and DOES 1 through 3, inclusive, <br><br> Defendants. | CASE NO. CV12-06921-GW (JCx) <br><br> Consolidated with Case No. CV12-6950-GW(JCx) <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS** <br><br> Judge: Hon. George H. Wu <br> Courtroom 10 <br> Hearing Date: July 16, 2015 <br> Time:  8:30 a.m. |

*(left margin, vertical text)* BAKER MARQUART LLP · 10990 WILSHIRE BOULEVARD, FOURTH FLOOR · LOS ANGELES, CALIFORNIA 90024 · Tel: (424) 652-7800 · Fax: (424) 652-7850

1    Defendants FilmOn X, LLC, FilmOn.TV Networks, Inc., FilmOn.TV, Inc.,

2    FilmOn.com, Inc. and Alkiviades David (collectively, "Defendants") submit the

3    following responses to Plaintiffs Fox Television Stations, Inc. *et al.* ("Plaintiffs'")

4    evidentiary objections to declarations, requests for judicial notice and exhibits,

5    offered by Defendants in support of their Motion for Summary Adjudication of

6    Defendants' Counterclaim for Declaratory Relief and Defendants' Section 111

7    Affirmative Defense (Dkt. 164) and Opposition to Plaintiffs' Motion for Partial

8    Summary Judgment (Dkt. 191).

### I.   Responses to Specific Objections to David Declaration

| | EVIDENCE | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|---|
| 1. | Declaration of Alkiviades David in Support of Defendants' Motion for Summary Adjudication ("David Decl."), Dkt. 167-1, ¶ 3, at 1:11-15 | a.     Irrelevant. FRE 401, 402. David has testified that the local broadcast channels were provided for free in Standard Definition ("SD") by FilmOn X's Internet service.  Declaration of Julie Shepard, filed in support of Plaintiffs' Motion for Partial Summary Judgment ("Shepard Decl."), Exh.1 [David Dep., 81:13-15; 129:25-130:2]. FRE 402 ("Irrelevant evidence is not admissible."). The pricing of the non-broadcast content on FilmOn X is not relevant to the issue of whether FilmOn X is entitled to a Section 111 license pertaining to the | a. This objection is not coherent – the cited testimony does not discuss FilmOn X, LLC's ("FilmOn X") pricing. Rather, it describes FilmOn X's subscription packages. <br><br> In any case, the pricing of FilmOn X's content is relevant to its affirmative defense.  FilmOn X's subscription packages described in paragraph 3 included broadcast content. The definition of a cable system in Section 111(f)(3) includes systems that make secondary transmissions to subscribing members of the public who pay for such service. Plaintiffs have also not cited any authority supporting their argument that FilmOn X provision of |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | retransmission of copyrighted broadcast programming. | some free trials of its service means that FilmOn X did not have "subscribing members of the public" for the purposes of Section 111. |
| 2. | David Decl., (Dkt. No. 167-1) parts of ¶ 6, at 2:5-9. | a. Failure to disclose, spoliation. FRCP 26, 37. FilmOnX refused to allow Plaintiffs to inspect its facilities and then dismantled them while under a known and continuing duty to preserve evidence, and FilmOnX refused to produce architectural schematics and equipment logs for its FilmonX facilities, and thus FilmOn X is barred from providing this evidence as to the configuration, functionality, and location of its equipment. FRCP 26(a)(1), 26(e)(1), 37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Supplemental Declaration of Julie Shepard, filed concurrently ("Supp. Shepard Decl."), Exh. 31 [David Dep. 638:20-639:7, 652:20-653:3, 664:8-665:20]; Dkt. No. 36 (Joint Rule 26 Conference Statement, ¶ 3). | a. FilmOn X disclosed relevant information regarding its facilities.  It provided Plaintiffs discovery on the configuration, functionality and location of its equipment.  Among other things, FilmOn X produced: a video of a facility, photographs of antennae and other equipment and lease contracts.  Defendants' representatives were deposed on these issues.  Defendants also dispute that they were under any obligation to maintain leased space during the pendency of this lawsuit; and Plaintiffs cite no authority that Defendants were required to do so.<br><br>Moreover, Plaintiffs did not serve any demand to inspect FilmOn X's facilities during the Section 111 discovery period.  Plaintiffs' failure to properly request an inspection cannot be grounds to bar FilmOn X from introducing evidence regarding the configuration, functionality and location of its equipment.<br><br>Plaintiffs do not cite any |

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | | |
|---|---|---|---|---|
| | | | | inspection request concerning FilmOn X facilities or any discovery order requiring inspection or finding spoliation. Plaintiffs have improperly used evidentiary objections as a motion for evidence preclusion sanctions. Plaintiffs have not come close to adducing the kind of evidence necessary to support evidence preclusion. The "extreme" evidence preclusion sanction is "wholly unwarranted" in the absence of bad faith. *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648-9 (N.D. Cal. 2000) (evidence preclusion sanction requires finding of willfulness, bad faith or significant prejudice). Plaintiffs make no showing of bad faith or significant prejudice. |
| 3. | David Decl. (Dkt. No. 167-1) ¶ 7, at 2:17-20 | | a. Irrelevant. FRE 401, 402. It is irrelevant to the Section 111 issues that FilmOnX may have at some unspecified time made packages of unspecified local broadcast channels available on a subscription basis given that Mr. David has testified that the local broadcast channels were provided for free in | a. FilmOn X's sale and offering for sale of subscription packages of local broadcast channels is relevant to FilmOn X's affirmative defense. The definition of a cable system in Section 111(f)(3) includes systems that make secondary transmissions to subscribing members of the public who pay for such service. Plaintiffs have not cited any |

3

| | | | |
|---|---|---|---|

Standard Definition ("SD") by FilmOn X. Shepard Decl., Exh.1 [David Dep., 81:13-15; 129:25-130:2]. FRE 402 ("Irrelevant evidence is not admissible.").

b. Failure to disclose. FRCP 26, 37. During discovery FilmOnX failed to produce or make available its administrative database which contains information about channel availability for free and otherwise and it is barred from using as evidence information not so disclosed. FRCP 26(a)(1), 26(e)(1), 37(c)(1); *Yeti by Molly*, 259 F.3d at 1106; Supp. Shepard Decl., Exh. 31 [David Dep., 299:1-300:21, 302:10-303:4, 313:8-:25].

authority supporting their argument that FilmOn X's provision of some free trials of its service means that FilmOn X did not have "subscribing members of the public" for the purposes of Section 111.

This objection also misstates the evidence. Mr. David did not testify that FilmOn X "may have" made subscription packages with local broadcast channels in particular markets serviced by FilmOn X – rather, the declaration states that such packages were offered.

b. FilmOn X disclosed the relevant portions of its administrative database. As a result of a meet and confer with Plaintiffs, FilmOn X produced relevant, readable hard copy reports generated directly from its administrative database on the subject of channel availability. FilmOn X disputes that production of the database itself is necessary and that FilmOn X has any obligation to produce the database. Among other things, FilmOn X posed proper objections to Plaintiffs' discovery requests. The administrative database

BAKER MARQUART LLP
10990 Wilshire Boulevard, Fourth Floor
Los Angeles, California 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

is large and includes large amounts of confidential, proprietary information that is not relevant to this case or Section 111. The database contains confidential information related to various aspects of FilmOn X's business, the vast majority of which is completely irrelevant to the claims and issues in this case. Plaintiffs cite no authority that Defendants were under an obligation to produce the entire database. Under Fed. R. Civ. Pro. 26(b)(2)(C)(iii) the burden and expense of the requested discovery far outweighed its probative value to this case especially considering less intrusive discovery relating to the issue (such as FilmOn X's provision of relevant readable hard copy reports).

Plaintiffs have improperly used evidentiary objections as a motion for evidence preclusion sanctions, asking the court to preclude Defendants from offering any evidence regarding the availability of channels for free. This disguised motion is procedurally and substantively improper. Plaintiffs have not come close to adducing the kind of evidence necessary to support

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

5

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | | evidence preclusion.  The "extreme" evidence preclusion sanction is "wholly unwarranted" in the absence of bad faith. *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648-9 (N.D. Cal. 2000) (evidence preclusion sanction requires finding of willfulness, bad faith or significant prejudice). Plaintiffs make no showing of bad faith or significant prejudice. |
| 4. | David Decl. (167-1) ¶¶ 8-9, at 2:21-3:31 | a. Best evidence. FRE 1002, 1004. The administrative database for the FilmOn X service is the best evidence of when, if at all, FilmOn X offered channels other than for free or in specific formats, such as Standard Definition or High Definition. This testimony as to the contents of that database is therefore inadmissible. FRE 1002, 1004; *L.A. News Serv. v. CBS Broadcasting, Inc.*, 505 F.3d 924, 935- 36 (9th Cir. 2002), amended 313 F.3d 1093; Supp. Shepard Decl., Exh. 31 [David Dep., 299:1-300:21, 302:10-303:4, 313:8-:25].

b. Failure to disclose. | a. The best evidence rule does not apply here.  The best evidence rule states that an original writing is required to prove its contents.  Notes of the advisory committee for FRE 1002 state "[A]n event may be proved by nondocumentary evidence, even though a written record of it was made."  FilmOn X may offer evidence regarding its business decisions and practices, including when it charged for channels and the format in which it provided channels.  Plaintiffs provide no reason to believe that the database constitutes a "written record" of this information and no argument as to why Mr. David's testimony on these topics is inadmissible.  Mr. David may |

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

| | | FRCP 26, 37. During discovery FilmOnX failed to produce or make available its administrative database which contains information about channel availability for free and otherwise and it is barred from using as evidence information not so disclosed. FRCP 26(a)(1), 26(e)(1), 37(c)(1); *Yeti by Molly*, 259 F.3d at 1106; Supp. Shepard Decl., Exh. 31 [David Dep., 299:1-300:21, 302:10-303:4, 313:8-:25]. | testify regarding FilmOn X's offering channels for free and in specific formats even if that information exists in some written document(s).

b.  FilmOn X disclosed relevant portions of its administrative database. As a result of a meet and confer with Plaintiffs, FilmOn X produced relevant, readable hard copy reports from information taken directly from its administrative database.  The administrative database is large and includes confidential, proprietary information that is not relevant to this case or Section 111. The database contains confidential information related to various aspects of FilmOn X's business, the vast majority of which is completely irrelevant to the claims and issues in this case.  Plaintiffs cite no authority that Defendants were under an obligation to produce the entire database.  Under Fed. R. Civ. Pro. 26(b)(2)(C)(iii) the burden and expense of the requested discovery far outweighed its probative value to this case especially considering less intrusive discovery relating to the issue (such as Defendants' |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

provision of relevant readable hardcopy reports and other documentary evidence on the requested topics).

FilmOn X also produced documentary evidence concerning the pricing of its subscriptions and channel availability.

Plaintiffs have improperly used evidentiary objections as a motion for evidence preclusion sanctions, asking the court to preclude Defendants from offering any evidence regarding the availability of channels for free. This disguised motion is procedurally and substantively improper. Plaintiffs have not come close to adducing the kind of evidence necessary to support evidence preclusion. The "extreme" evidence preclusion sanction is "wholly unwarranted" in the absence of bad faith. *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648-9 (N.D. Cal. 2000) (evidence preclusion sanction requires finding of willfulness, bad faith or significant prejudice). Plaintiffs make no showing of bad faith or significant prejudice.

8

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| 5. | David Decl. (167-1) Part of ¶ 10, 3:17-20. | a. Best evidence. FRE 1002, 1004. The software source code is the best evidence of whether FilmOn X used geolocation protocols. David's testimony as to the contents of that database is therefore inadmissible. FRE 1002, 1004; *L.A. News Serv.*, 505 F.3d at 935-36; Supp. Shepard Decl., Exh. 31 [David Dep., 560:8-:14, 580:20-581:7].<br><br>b. Lack of foundation, lack of personal knowledge. FRE 602, 701. FilmOn X's CTO Mr. Kutovoy testified as FilmOnX's corporate designee on geolocation protocols and he confirmed that the radius from the point had been set for 400 miles for Los Angeles and San Francisco and 500 miles for New York and FilmOnX set the radius up to 1,000 miles for multiple cities at another time. Supp. Shepard Decl., Exh. 30 [Kutovoy Dep., 18:12-22, 230:16-231:12, 241:6 244:7; Exhs. 48, 60].<br><br>c. Failure to disclose, spoliation. FRCP 26, 37. FilmOnX refused to | a. The best evidence rule does not apply here. The best evidence rule states that an original writing is required to prove its contents. Notes of the advisory committee for FRE 1002 states "[A]n event may be proved by nondocumentary evidence, even though a written record of it was made." FilmOn X may offer evidence regarding its geolocation protocols. Plaintiffs provide no reason to believe that the software source code constitutes a "written record" of this information and no argument as to why Mr. David's testimony on geolocation is inadmissible. FilmOn X may offer testimonial evidence regarding its geolocation protocols even if some written documents also contain information about geolocation protocols.<br><br>b. Mr. David is the CEO of FilmOn X and has personal knowledge of its procedures and policies, including its geolocation practices. That foundation is established in paragraphs 1 and 2 of the declaration.<br><br>This objection also misstates the evidence. There is no conflict between the testimony of Mr. Kutovoy |

9

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

produce, and maintains that it did not preserve logs, that would reflect the location of FilmOnX users when they access local broadcast content. FRCP 26(a)(1), 26(e)(1), 37(c)(1); *Yeti by Molly Ltd.*, 259 F.3d at 1106; Supp. Shepard Decl., Exh. 31 [David Dep., 560:8-:14, 580:20-581:7]; Exh. 30 [Kutovoy Dep. 139:14-145:11].

and Mr. David on this issue (not that any conflict would be a reason to exclude the testimony as Plaintiffs seem to imply without citation to authority). Mr. David testified that FilmOn X "often" restricted the retransmission of local channels within 100 miles of the city and that FilmOn X experimented with mileage requirements over time. Neither statement over is in conflict with Mr. Kutovoy's testimony.

c. Defendants provided Plaintiffs with information concerning the geographic location of paid subscribers in discovery. FilmOn X also provided a corporate representative to testify on this topic, and Plaintiffs cite this corporate representative testimony in their objection. At the same time, Plaintiffs pose a cynical objection that there has been a "failure to disclose" this information.

The testimony cited from Mr. David and Mr. Kutovy does not establish spoliation of any logs. Plaintiffs do not include lines 560:15-16 of Mr. David's testimony (although they cite the immediately preceding lines) where Mr. David testified that he "did

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

not know" whether raw files would include the location of the subscriber. Plaintiffs' citation to six pages of Mr. Kutovoy's deposition itself reveals there is no discrete "smoking gun" admission of spoliation. In fact, Mr. Kutovoy never testified that user logs with geographic location information were maintained by FilmOn X for all subscribers. For example, when asked if the log would reflect the URL for a channel selected by a user, Mr. Kutovoy noted "It should reflect the URL as refer, but I don't know if the Web server has refer stored. Usually it's too much information to store." 144:20-3.

Plaintiffs have improperly used evidentiary objections as a motion for evidence preclusion sanctions, asking the court to preclude Defendants from offering any evidence regarding FilmOn X's prior geographic restriction. This disguised motion is procedurally and substantively improper. Plaintiffs have not come close to adducing the kind of evidence necessary to support evidence preclusion. The "extreme" evidence preclusion sanction is "wholly unwarranted" in the

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

11

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | | absence of bad faith. *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648-9 (N.D. Cal. 2000) (evidence preclusion sanction requires finding of willfulness, bad faith or significant prejudice). Plaintiffs make no showing of bad faith or significant prejudice. |
| 6. | David Decl. (Dkt. No. 167-1) ¶ 11, at 3:21-3:26, 4:3-4. | a. Irrelevant. FRE 401, 402. It is irrelevant to the Section 111 issues that FilmOnX may have "several advantages over other options available to user on the market." FRE 402 ("Irrelevant evidence is not admissible."). <br><br> b. Lack of foundation, lack of personal knowledge. FRE 602, 701. David fails to lay a foundation of personal and particularized knowledge for his testimony regarding the "several advantages" of the FilmOn X service "[f]rom the user's perspective." <br><br> c. Improper expert testimony from lay witness. FRE 701, 702. David fails to establish that he has the qualifications, and that his methods and principles are | a. Under the Federal Rules of Evidence, "relevance is typically a low bar to the admissibility of evidence and is thus a low threshold to pass." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar LLC*, 36 F.Supp.3d 1026, 1037 (E.D. Wash. 2014). <br><br> Plaintiffs dispute that FilmOn X's system is entitled to a compulsory section 111 license. The operation, configuration and function of FilmOn X's system is at issue. Testimony regarding how the FilmOn X service functions in relation to competitors is relevant background information. For example, paragraph 11 explains that the FilmOn X system allows users to access over the air programming without having to purchase install and maintain their own home antenna. |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | reliable and were reliably applied, necessary to admit this as expert testimony. | b. and c. Mr. David is the CEO of FilmOn X and is knowledgeable about FilmOn X's service as well as the services of competitors. This foundation is established in Mr. David's declaration. Plaintiffs provide no argument that the function of FilmOn X's system in relation to its competitors is a topic that requires expert testimony. This is basic background information on the FilmOn X service and traditional cable and satellite services. |
| 7. | David Decl. (Dkt. No. 167-1) Part of ¶ 12, at 4:5-10. | a. Failure to disclose, spoliation. FRCP 26, 37. FilmOnX refused to allow Plaintiffs to inspect its facilities and then dismantled them while under a known and continuing duty to preserve evidence, and FilmOnX refused to produce architectural schematics and equipment logs for its FilmonX facilities, and thus FilmOn X is barred from providing this evidence as to the and thus FilmOn X is barred from providing this evidence as to the configuration, functionality, and location of its equipment. FRCP 26(a)(1), 26(e)(1), | a. FilmOn X disclosed relevant information regarding their facilities. It provided Plaintiffs discovery on the configuration, functionality and location of its equipment. Among other things, it produced: a video of a facility, photographs of antennae and other equipment, and lease contracts. Defendants' representatives were deposed on these issues. Defendants also dispute that they were under any obligation to maintain leased space during the pendency of this lawsuit; and Plaintiffs cite no authority that Defendants were required to do so. |

13

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | 37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Supp. Shepard Decl., Exh. 31 [David Dep. 638:20-639:7, 652:20-653:3, 664:8-665:20]; Dkt. No. 36 (Joint Rule 26 Conference Statement, ¶ 3).<br><br>b. Best evidence. FRE 1002, 1004. The architectural schematics and equipment logs are the best evidence of what equipment was installed and operational at FilmOnX's facilities. FRE 1002, 1004; *L.A. News Serv.*, 505 F.3d at 935-36; Supp. Shepard Decl., Exh. 31 [David Dep., 483:10-:25, 486:9-:13]. | Plaintiffs did not serve demands to inspect FilmOn X's facilities during the Section 111 discovery period. Plaintiffs' failure to properly request an inspection cannot be grounds to bar FilmOn from introducing evidence regarding the configuration, functionality and location of its equipment.<br><br>Plaintiffs do not cite any inspection request concerning FilmOn X facilities or any discovery order requiring inspection or finding spoliation.  Plaintiffs have improperly used evidentiary objections as a motion for evidence preclusion sanctions.  Plaintiffs have not come close to adducing the kind of evidence necessary to support evidence preclusion. The "extreme" evidence preclusion sanction is "wholly unwarranted" in the absence of bad faith. *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648-9 (N.D. Cal. 2000) (evidence preclusion sanction requires finding of willfulness, bad faith or significant prejudice). Plaintiffs make no showing of bad faith or significant prejudice.<br><br>b. The best evidence rule |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | does not apply here.  The best evidence rule states that an original writing is required to prove its contents.  Notes of the advisory committee for FRE 1002 states "[A]n event may be proved by nondocumentary evidence, even though a written record of it was made."  FilmOn X may offer evidence regarding equipment installed and operational at its facilities via testimony in a declaration – even if such information is also available in other forms.  Nor have Plaintiffs established that architectural schematics and equipment logs were ever made by FilmOn X. |
|---|---|---|---|
| 8. | David Decl. (Dkt. No. 167-1) ¶ 13, at 4:14:23. | a. Failure to disclose, spoliation. FRCP 26, 37. FilmOnX refused to allow Plaintiffs to inspect its facilities and then dismantled them while under a known and continuing duty to preserve evidence, and FilmOnX refused to produce architectural schematics and equipment logs for its FilmonX facilities, and thus FilmOn X is barred from providing this evidence as to the and thus FilmOn X is barred from providing this evidence as to the | a. FilmOn X disclosed relevant information regarding its facilities.  It provided Plaintiffs discovery on the configuration, functionality and location of its equipment.  Among other things, FilmOn X produced: a video of a facility, photographs of antennae and other equipment, and lease contracts.  Defendants' representatives were deposed on these issues.  Defendants also dispute that they were under any obligation to maintain leased space during the pendency of this lawsuit; and Plaintiffs cite no |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | |
|---|---|---|
| | configuration, functionality, and location of its equipment. FRCP 26(a)(1), 26(e)(1), 37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Supplemental Declaration of Julie Shepard, filed concurrently ("Supp. Shepard Decl."), Exh. 31 [David Dep. 638:20-639:7, 652:20-653:3, 664:8-665:20]; Dkt. No. 36 (Joint Rule 26 Conference Statement, ¶ 3). <br><br> b. Best evidence. FRE 1002, 1004. The architectural schematics and equipment logs are the best evidence of what equipment was installed and operational at FilmOnX's facilities. FRE 1002, 1004; *L.A. News Serv.*, 505 F.3d at 935-36; Supp. Shepard Decl., Exh. 31 [David Dep., 483:10-:25, 486:9-:13]. | authority that Defendants were required to do so. <br><br> Plaintiffs did not serve demands to inspect FilmOn X's facilities during the Section 111 discovery period. Plaintiffs' failure to properly request an inspection cannot be grounds to bar Defendants from introducing evidence regarding the configuration, functionality and location of its equipment. <br><br> Plaintiffs do not cite any inspection request concerning FilmOn X's facilities or any discovery order requiring inspection or finding spoliation. Plaintiffs have improperly used evidentiary objections as a motion for evidence preclusion sanctions. Plaintiffs have not come close to adducing the kind of evidence necessary to support evidence preclusion. The "extreme" evidence preclusion sanction is "wholly unwarranted" in the absence of bad faith. *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648-9 (N.D. Cal. 2000) (evidence preclusion sanction requires finding of willfulness, bad faith or significant prejudice). Plaintiffs make no showing of bad faith or significant |

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | prejudice. |
|---|---|---|---|
| | | | b. The best evidence rule does not apply here.  The best evidence rule states that an original writing is required to prove its contents.  Notes of the advisory committee for FRE 1002 states "[A]n event may be proved by nondocumentary evidence, even though a written record of it was made."  FilmOn X may offer evidence regarding equipment installed and operational at its facilities via testimony in a declaration – even if such information is also available in architectural schematics and equipment logs.  Nor have Plaintiffs established that architectural schematics and equipment logs were ever made by FilmOn X. |
| 9. | David Decl. (Dkt. No. 167-1) ¶ 14, at 5:1-2<br><br>Exh. A to David Decl. at 11-12 [#.3942-.3944] (Exhibit A manually filed with the Court) | a. Failure to disclose, spoliation. FRCP 26, 37.  FilmOnX refused to allow Plaintiffs to inspect its facilities and then dismantled them while under a known and continuing duty to preserve evidence, and FilmOnX refused to produce architectural schematics and equipment logs for its FilmonX facilities, and thus FilmOn X is barred from providing | a. FilOn X disclosed relevant information regarding their facilities.  It provided Plaintiffs discovery on the configuration, functionality and location of its equipment.  Among other things, FilmOn X produced: a video of a facility, photographs of antennae and other equipment, and lease contracts.  Defendants' representatives were deposed on these issues.  Defendants also dispute that they were |

17

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | this evidence as to the configuration, functionality, and location of its equipment. FRCP 26(a)(1), 26(e)(1), 37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Supplemental Declaration of Julie Shepard, filed concurrently ("Supp. Shepard Decl."), Exh. 31 [David Dep. 638:20-639:7, 652:20-653:3, 664:8-665:20]; Dkt. No. 36 (Joint Rule 26 Conference Statement, ¶ 3).<br><br>b. Hearsay. FRE 801, 803. The video on FilmOn X's Trailer system consists of out-of-court statements that are being offered for their truth, and no exception to the hearsay rule applies. This evidence is therefore inadmissible. FRE 802. | under any obligation to maintain leased space during the pendency of this lawsuit; and Plaintiffs cite no authority that Defendants were required to do so.<br><br>Plaintiffs did not serve demands to inspect FilmOn X's facilities during the Section 111 discovery period. Plaintiffs' failure to properly request an inspection cannot be grounds to bar FilmOn X from introducing evidence regarding the configuration, functionality and location of its equipment.<br><br>Plaintiffs do not cite any inspection request concerning FilmOn X's facilities or any discovery order requiring inspection or finding spoliation. Plaintiffs have improperly used evidentiary objections as a motion for evidence preclusion sanctions. Plaintiffs have not come close to adducing the kind of evidence necessary to support evidence preclusion. The "extreme" evidence preclusion sanction is "wholly unwarranted" in the absence of bad faith. *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648-9 (N.D. Cal. 2000) (evidence preclusion sanction requires |

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

| | | | |
|---|---|---|---|
| | | | finding of willfulness, bad faith or significant prejudice). Plaintiffs make no showing of bad faith or significant prejudice.<br><br>b. The visual images in the video are not hearsay. *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1155 (C.D. Cal. 2002) (images not subject to hearsay rule). The video is offered as a visual aid to Mr. David's testimony regarding the FilmOn X systems and not for the truth of the statements in the video. |
| 10. | David Decl. (Dkt. No. 167-1), ¶ 15, 5:3-:5 (*sic*) | a. Failure to disclose, spoliation. FRCP 26, 37. FilmOnX refused to allow Plaintiffs to inspect its facilities and then dismantled them while under a known and continuing duty to preserve evidence, and FilmOnX refused to produce architectural schematics and equipment logs for its FilmonX facilities, and thus FilmOn X is barred from providing this evidence as to the and thus FilmOn X is barred from providing this evidence as to the configuration, functionality, and location of its equipment. FRCP | a. FilmOn X disclosed relevant information regarding its facilities. It provided Plaintiffs discovery on the configuration, functionality and location of its equipment. Among other things, FilmOn X produced: a video of a facility, photographs of antennae and other equipment, and lease contracts. Defendants' representatives were deposed on these issues. Defendants also dispute that they were under any obligation to maintain leased space during the pendency of this lawsuit; and Plaintiffs cite no authority that Defendants were required to do so. |

19

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | |
|---|---|---|
| | | 26(a)(1), 26(e)(1), 37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Supplemental Declaration of Julie Shepard, filed concurrently ("Supp. Shepard Decl."), Exh. 31 [David Dep. 638:20-639:7, 652:20-653:3, 664:8-665:20]; Dkt. No. 36 (Joint Rule 26 Conference Statement, ¶ 3).<br><br>b. Best evidence. FRE 1002, 1004. The architectural schematics and equipment logs are the best evidence of what equipment was installed and operational at FilmOnX's facilities. FRE 1002, 1004; *L.A. News Serv.*, 505 F.3d at 935-36; Supp. Shepard Decl., Exh. 31 [David Dep., 483:10-:25, 486:9-:13]. | Plaintiffs did not serve demand to inspect FilmOn X's facilities during the Section 111 discovery period. Plaintiffs' failure to properly request an inspection cannot be grounds to bar FilmOn X from introducing evidence regarding the configuration, functionality and location of its equipment.<br><br>Plaintiffs do not cite any inspection request concerning FilmOn X's facilities or any discovery order requiring inspection or finding spoliation.  Plaintiffs have improperly used evidentiary objections as a motion for evidence preclusion sanctions.  Plaintiffs have not come close to adducing the kind of evidence necessary to support evidence preclusion. The "extreme" evidence preclusion sanction is "wholly unwarranted" in the absence of bad faith. *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648-9 (N.D. Cal. 2000) (evidence preclusion sanction requires finding of willfulness, bad faith or significant prejudice). Plaintiffs make no showing of bad faith or significant prejudice.<br><br>b. The best evidence rule |

BAKER MARQUART LLP
10990 Wilshire Boulevard, Fourth Floor
Los Angeles, California 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | | does not apply here. The best evidence rule states that an original writing is required to prove its contents. Notes of the advisory committee for FRE 1002 states "[A]n event may be proved by nondocumentary evidence, even though a written record of it was made." FilmOn X may offer evidence regarding equipment installed and operational at its facilities via testimony in a declaration – even if such information is also available in architectural schematics and equipment logs. Nor have Plaintiffs established that architectural schematics and equipment logs were ever made by FilmOn X. |
| 11. | David Decl., ¶ 15, at 5:4-7:6  Exs. B-P to David (Dkt. No. 167-2) at 13-172 [#.3945-.4104] | a. Hearsay. FRE 801, 803. The commercial leases consist of out-of-court statements that are being offered for their truth, and no exception to the hearsay rule applies. This evidence is therefore inadmissible. FRE 802. | The commercial leases are within the business record exception to the hearsay rule. FRE 803(6).  The leases are also not offered for the truth of the statements within them. They are offered to show that certain commercial leases existed and that FilmOn X leased space at certain addresses. |
| 12. | David Decl. (Dkt. No. 167-1) ¶ 17, at 8:1:5 | a. Failure to disclose, spoliation. FRCP 26, 37. FilmOnX refused to allow Plaintiffs to inspect its | a. FilmOn X disclosed relevant information regarding their facilities. It provided Plaintiffs discovery |

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800  •  Fax: (424) 652-7850

| | | |
|---|---|---|
| Exs. Q-S to David Decl. (Dkt. No. 167-2) at 173-178 [#.3945-.4104] | facilities and then dismantled them while under a known and continuing duty to preserve evidence, and FilmOnX refused to produce architectural schematics and equipment logs for its FilmonX facilities, and thus FilmOn X is barred from providing this evidence as to the and thus FilmOn X is barred from providing this evidence as to the configuration, functionality, and location of its equipment. FRCP 26(a)(1), 26(e)(1), 37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Supplemental Declaration of Julie Shepard, filed concurrently ("Supp. Shepard Decl."), Exh. 31 [David Dep. 638:20-639:7, 652:20-653:3, 664:8-665:20]; Dkt. No. 36 (Joint Rule 26 Conference Statement, ¶ 3). | on the configuration, functionality and location of its equipment. Among other things, FilmOn X produced: a video of a facility, photographs of antennae and other equipment, and lease contracts.  Defendants' representatives were deposed on these issues.  Defendants also dispute that they were under any obligation to maintain leased space during the pendency of this lawsuit; and Plaintiffs cite no authority that Defendants were required to do so. Plaintiffs did not serve demands to inspect FilmOn X's facilities during the Section 111 discovery period. Plaintiffs' failure to properly request an inspection cannot be grounds to bar FilmOn X from introducing evidence regarding the configuration, functionality and location of its equipment. Plaintiffs do not cite any inspection request concerning FilmOn X facilities or any discovery order requiring inspection or finding spoliation.  Plaintiffs have improperly used evidentiary objections as a motion for evidence preclusion sanctions.  Plaintiffs have not |

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | | come close to adducing the kind of evidence necessary to support evidence preclusion. The "extreme" evidence preclusion sanction is "wholly unwarranted" in the absence of bad faith. *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648-9 (N.D. Cal. 2000) (evidence preclusion sanction requires finding of willfulness, bad faith or significant prejudice). Plaintiffs make no showing of bad faith or significant prejudice. |
| 13. | David Decl., (Dkt. No. 167-1) ¶¶ 20-21, at 8:20-9:10. | a. Best evidence. FRE 1002, 1004. The software source code is the best evidence of the functionality of FilmOnX's system. David's testimony as to the functionality of FilmOnX's system is therefore inadmissible. FRE 1002, 1004; *L.A. News Serv.*, 505 F.3d at 935-36; Supp. Shepard Decl., Exh. 31 [David Dep., 560:8-:14, 580:20-581:7]. | a. The best evidence rule does not apply here.  The best evidence rule states that an original writing is required to prove its contents.  Notes of the advisory committee for FRE 1002 states "[A]n event may be proved by nondocumentary evidence, even though a written record of it was made."  FilmOn X may offer evidence regarding the functionality of its system via testimony in a declaration – even if such information is also available in source code.<br><br>Plaintiffs also take an inconsistent position with respect to source code. They have repeatedly asserted that the source code related to any future transmissions |

23

| | | | |
|---|---|---|---|
| | | | produced by FilmOn X is irrelevant (*see e.g.* Objection 15), but claim here it is the best evidence of the FilmOn X system functionality. |
| 14. | David Decl., (Dkt. No. 167-1), ¶ 22, at 9:11-:23. | a. Irrelevant. FRE 401, 402. FilmOnX's beliefs as to whether its retransmissions were private are irrelevant to the Section 111 issues. FRE 402 ("Irrelevant evidence is not admissible."). <br><br>b. Best evidence. FRE 1002, 1004. The architectural schematics and equipment logs are the best evidence of what equipment was installed and operational at FilmOnX's facilities. FRE 1002, 1004; *L.A. News Serv.*, 505 F.3d at 935-36; Supp. Shepard Decl., Exh. 31 [David Dep., 483:10-:25, 486:9-:13]. <br><br>c. Failure to disclose, spoliation. FRCP 26, 37. FilmOnX refused to allow Plaintiffs to inspect its facilities and then dismantled them while under a known and continuing duty to preserve evidence, and | a. Under the Federal Rules of Evidence, "relevance is typically a low bar to the admissibility of evidence and is thus a low threshold to pass." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar LLC*, 36 F.Supp.3d 1026, 1037 (E.D. Wash. 2014). Here, Mr. David's testimony in this paragraph is relevant because it places Mr. David's testimony about FilmOn X's future plans in context by explaining the reasons underlying FilmOn X's prior system architecture. <br><br>b. The best evidence rule does not apply here. The best evidence rule states that an original writing is required to prove its contents. Notes of the advisory committee for FRE 1002 states "[A]n event may be proved by nondocumentary evidence, even though a written record of it was made." FilmOn X may offer evidence regarding what equipment was installed and operational at FilmOn X facilities. Plaintiffs provide no argument as to why Mr. |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

| | | FilmOnX refused to produce architectural schematics and equipment logs for its FilmOnX facilities, and thus FilmOn X is barred from providing this evidence as to the and thus FilmOn X is barred from providing this evidence as to the configuration, functionality, and location of its equipment. FRCP 26(a)(1), 26(e)(1), 37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Supplemental Declaration of Julie Shepard, filed concurrently ("Supp. Shepard Decl."), Exh. 31 [David Dep. 638:20-639:7, 652:20-653:3, 664:8-665:20]; Dkt. No. 36 (Joint Rule 26 Conference Statement, ¶ 3). | David's testimony on this topic is inadmissible. FilmOn X may offer testimonial evidence regarding its equipment installation and operation even if some written documents also contain information about these topics. Further, Plaintiffs provide no reason to believe that architectural schematics and equipment logs showing this information exist.

c. FilmOn X disclosed relevant information regarding its facilities. It provided Plaintiffs discovery on the configuration, functionality and location of its equipment. Among other things, FilmOn X produced: a video of a facility, photographs of antennae and other equipment, and lease contracts. Defendants' representatives were deposed on these issues. Defendants also dispute that they were under any obligation to maintain leased space during the pendency of this lawsuit; and Plaintiffs cite no authority that Defendants were required to do so.

Plaintiffs did not serve demands to inspect FilmOn X's facilities during the |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | | Section 111 discovery period. Plaintiffs' failure to properly request an inspection cannot be grounds to bar FilmOn X from introducing evidence regarding the configuration, functionality and location of its equipment. |
| | | | Plaintiffs do not cite any inspection request concerning FilmOn X facilities or any discovery order requiring inspection or finding spoliation. Plaintiffs have improperly used evidentiary objections as a motion for evidence preclusion sanctions. Plaintiffs have not come close to adducing the kind of evidence necessary to support evidence preclusion. The "extreme" evidence preclusion sanction is "wholly unwarranted" in the absence of bad faith. *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648-9 (N.D. Cal. 2000) (evidence preclusion sanction requires finding of willfulness, bad faith or significant prejudice). Plaintiffs make no showing of bad faith or significant prejudice. . |
| 15. | David Decl., (Dkt. No. 167-1) ¶ 23, at 9:24-10:4. | a. Irrelevant. FRE 401, 402. FilmOnX's statements about potential or hypothetical systems it | a. Mr. David's testimony in this paragraph about the actions, preparations and plans FilmOn X has in place |

26

| | | | |
|---|---|---|---|
| | | may use or intends to use are irrelevant to the Section 111 issues. FRE 402 ("Irrelevant evidence is not admissible."); Supp. Shepard Decl., Exh. 31 [David Dep., 399:18-400:13].<br><br>b. Best evidence. FRE 1002, 1004. The architectural schematics and equipment logs are the best evidence of what equipment was installed and operational at FilmOnX's facilities. FRE 1002, 1004; *L.A. News Serv.*, 505 F.3d at 935-36; Supp. Shepard Decl., Exh. 31 [David Dep., 483:10-:25, 486:9-:13].<br><br>c. Failure to disclose, spoliation. FRCP 26, 37. FilmOnX refused to allow Plaintiffs to inspect its facilities and then dismantled them while under a known and continuing duty to preserve evidence, and FilmOnX refused to produce architectural schematics and equipment logs for its FilmonX facilities, and thus FilmOn X is barred from providing this evidence as to the and thus FilmOn X is | for its future retransmissions should it be deemed a cable system are relevant to the analysis. FilmOn X has sought be deemed a cable system both retroactively and going forward. Therefore, its future business plans are relevant.<br><br>b. The best evidence rule does not apply here. The best evidence rule states that an original writing is required to prove its contents. Notes of the advisory committee for FRE 1002 states "[A]n event may be proved by nondocumentary evidence, even though a written record of it was made." FilmOn X may offer evidence regarding what equipment was installed and operational at its facilities. Plaintiffs provide no argument as to why Mr. David's testimony on this topic is inadmissible. FilmOn X may offer testimonial evidence regarding its equipment installation and operation even if some written documents also contain information about these topics. Further, Plaintiffs provide no reason to believe that architectural schematics and equipment logs showing this information exist. |

Lines: 1–28

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | barred from providing this evidence as to the configuration, functionality, and location of its equipment. FRCP 26(a)(1), 26(e)(1), 37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Supplemental Declaration of Julie Shepard, filed concurrently ("Supp. Shepard Decl."), Exh. 31 [David Dep. 638:20-639:7, 652:20-653:3, 664:8-665:20]; Dkt. No. 36 (Joint Rule 26 Conference Statement, ¶ 3). | c. This objection is baseless. FilmOn X produced numerous pieces of evidence related to the facilities and an inspection request was never made during the Section 111 discovery period. FilmOn X produced, among other things, a video of a facility, photographs of antennas, and other equipment, lease contracts and offered witness testimony. Defendants also dispute that they were under any obligation to maintain leased space during the pendency of this lawsuit. |

## II.   Responses Specific Objections to Kutovyy Declaration

| | EVIDENCE | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|---|
| 16. | Declaration of Mykola Kutovyy ("Kutovyy Decl.") (Dkt. No. 167-3) ¶¶ 5-6, at 2:1-16 | a. Failure to disclose, spoliation. FRCP 26, 37. FilmOnX refused to allow Plaintiffs to inspect its facilities and then dismantled them while under a known and continuing duty to preserve evidence, and FilmOnX refused to produce architectural schematics and equipment logs for its FilmonX facilities, and thus FilmOn X is barred from providing this evidence as to the | a. FilmOn X disclosed relevant information regarding its facilities. Its provided Plaintiffs discovery on the configuration, functionality and location of its equipment. Among other things, FilmOn X produced: a video of a facility, photographs of antennae and other equipment, and lease contracts. Defendants' representatives were deposed on these issues. Defendants also dispute that they were under any obligation to |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

and thus FilmOn X is barred from providing this evidence as to the configuration, functionality, and location of its equipment. FRCP 26(a)(1), 26(e)(1), 37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Supplemental Declaration of Julie Shepard, filed concurrently ("Supp. Shepard Decl."), Exh. 31 [David Dep. 638:20-639:7, 652:20-653:3, 664:8-665:20]; Dkt. No. 36 (Joint Rule 26 Conference Statement, ¶ 3).

b. Best evidence. FRE 1002, 1004. The architectural schematics and equipment logs are the best evidence of what equipment was installed and operational at FilmOnX's facilities. FRE 1002, 1004; *L.A. News Serv.*, 505 F.3d at 935-36; Supp. Shepard Decl., Exh. 31 [David Dep., 483:10-:25, 486:9-:13].

c. Lack of foundation, lack of personal knowledge. FRE 602, 701. Kutovyy testified that he lacked

maintain leased space during the pendency of this lawsuit; and Plaintiffs cite no authority that Defendants were required to do so.

Plaintiffs did not serve demands to inspect FilmOn X's facilities during the Section 111 discovery period. Plaintiffs' failure to properly request an inspection cannot be grounds to bar FilmOn from introducing evidence regarding the configuration, functionality and location of its equipment.

Plaintiffs do not cite any inspection request concerning FilmOn X's facilities or any discovery order requiring inspection or finding spoliation. Plaintiffs have improperly used evidentiary objections as a motion for evidence preclusion sanctions. Plaintiffs have not come close to adducing the kind of evidence necessary to support evidence preclusion. The "extreme" evidence preclusion sanction is "wholly unwarranted" in the absence of bad faith. *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648-9 (N.D. Cal. 2000) (evidence preclusion sanction requires finding of willfulness, bad

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

| | | | |
|---|---|---|---|
| 1 | | | involvement with the Lanner system. Supp. Shepard Decl., Exh. 30 [Kutovoy Dep., 61:5-8, 88:18-23]. | faith or significant prejudice). Plaintiffs make no showing of bad faith or significant prejudice. |

involvement with the Lanner system. Supp. Shepard Decl., Exh. 30 [Kutovoy Dep., 61:5-8, 88:18-23].

faith or significant prejudice). Plaintiffs make no showing of bad faith or significant prejudice.

b. The best evidence rule does not apply here. The best evidence rule states that an original writing is required to prove its contents. Notes of the advisory committee for FRE 1002 states "[A]n event may be proved by nondocumentary evidence, even though a written record of it was made." FilmOn X may offer evidence regarding equipment installed and operational at its facilities via testimony in a declaration – even if such information is also available in architectural schematics and equipment logs. Nor have Plaintiffs established that architectural schematics and equipment logs were ever made by FilmOn X.

c. Mr. Kutovyy established a proper foundation and personal knowledge to testify about the Lanner System in paragraph 3 and 6. The testimony cited by Plaintiffs does not establish that Mr. Kutovoy lacks personal knowledge of the system. For example, in the testimony cited by Plaintiffs, Mr.

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | | |
|---|---|---|---|---|
| | | | | Kutovoy was asked to describe the Lanner system. Mr. Kutovoy testified that he was not "involved personally **as much** into development of the Lanner system." 61:7-8 (emphasis added). That is not the same as testimony that Mr. Kutovoy had no personal involvement with the development of the Lanner system. Immediately after describing his involvement, Mr. Kutovoy accurately describes the Lanner system during his deposition. |
| 17. | Kutovyy Decl. (Dkt. 167-3) ¶7, at 2:17-23 | | a. Irrelevant. FRE 401, 402. FRE 602, 401, 403. Kutovoy testified that the FilmOnX service does not limit the availability of local broadcast channels in particular DMAs. Supp. Shepard Decl., Exh. 30 [Kutovoy Dep. 218:12-22, 230:16-231:12, 241:6 -244:7, Exhs. 48, 60].<br><br>b. Best evidence. FRE 1002, 1004. The administrative database for the FilmOn X service is the best evidence of whether and when FilmOn X used geolocation protocols. FRE 1002, 1004; *L.A. News Serv.*, 505 F.3d at 935-36; Supp. | a. Mr. Kutovyy's testimony in this paragraph is relevant because it provides information about how FilmOn X's old system georestricted access to content. Plaintiffs have themselves argued that georestricted access is relevant to FilmOn X's affirmative defense. To the extent Plaintiffs argue that only georestricted access to particular DMAs "counts" for purposes of Section 111, Plaintiffs offer no citation for this proposition.<br><br>b. The best evidence rule does not apply here. The best evidence rule states that an original writing is required to prove its contents. Notes of the advisory committee for |

| | | Shepard Decl., Exh. 31 [David Dep., 560:8-:14, 580:20-581:7]; Exh. 30 [Kutovoy Dep. 139:14-145:11].<br><br>c. Failure to disclose. FRCP 26, 37.  During discovery FilmOnX failed to produce or make available its administrative database which contains information about channel availability for free and otherwise and it is barred from using as evidence information not so disclosed.  FRCP 26(a)(1), 26(e)(1), 37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Supp. Shepard Decl., Exh. 31 [David Dep., 299:1-300:21, 302:10-303:4, 313:8-:25]. | FRE 1002 state "[A]n event may be proved by nondocumentary evidence, even though a written record of it was made."  FilmOn X may offer evidence regarding its geolocation protocols via declaration from a declarant with personal knowledge of those protocols like Mr. Kutovoy.<br><br>Plaintiffs provide no reason to believe that the database constitutes a "written record" of this information and no argument as to why Mr. Kutovoy's testimony on these topics is inadmissible.  Mr. Kutovoy may testify regarding FilmOn X's offering channels for free and in specific formats even if that information exists in some written document(s).<br><br>c. FilmOn X disclosed relevant information from its administrative database. As a result of a meet and confer with Plaintiffs, FilmOn X produced relevant, readable hard copy reports generated directly from its administrative database. Defendants dispute that the database itself is responsive to Plaintiffs' requests for production and that FilmOn X has any obligation to produce the database. |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

Among other things, FilmOn X posed proper objections to Plaintiffs' discovery requests. The administrative database is large and contains confidential, proprietary information that is not relevant to this case or Section 111. The database contains confidential information related to various aspects of FilmOn X's business, the vast majority of which is completely irrelevant to the claims and issues in this case.  Plaintiffs cite no authority that Defendants were under an obligation to produce the entire database.  Under Fed. R. Civ. Pro. 26(b)(2)(C)(iii) the burden and expense of the requested discovery far outweighed its probative value to this case especially considering less intrusive discovery relating to the issue (such as Defendant's provision of relevant readable hardcopy reports).

Plaintiffs have improperly used evidentiary objections as a motion for evidence preclusion sanctions, asking the court to preclude Defendants from offering any evidence regarding the availability of channels for free.  This disguised motion is procedurally and

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

| | | | |
|---|---|---|---|
| | | | substantively improper. Plaintiffs have not come close to adducing the kind of evidence necessary to support evidence preclusion. The "extreme" evidence preclusion sanction is "wholly unwarranted" in the absence of bad faith. *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648-9 (N.D. Cal. 2000) (evidence preclusion sanction requires finding of willfulness, bad faith or significant prejudice). Plaintiffs make no showing of bad faith or significant prejudice. |
| 18. | Kutovyy Decl. (Dkt. No. 167-3 & Unredacted Sealed Version) ¶¶ 8-11, at 2:24-4:5 | a. Irrelevant. FRE 401, 402. FilmOnX's statements about potential or hypothetical systems it may use or intends to use are irrelevant to the Section 111 issues. FRE 402 ("Irrelevant evidence is not admissible."); Supp. Shepard Decl., Exh. 31 [David Dep., 399:18-400:13].<br><br>b. Best evidence. FRE 1002, 1004. The software source code is the best evidence of the functionality of FilmOnX's system. Kutovoy's testimony as the functionality of | a. FilmOn X seeks a determination that it qualifies as a Section 111 cable system both retroactively and going forward.  To the extent the court decides that FilmOn X must implement certain technical changes to qualify as a Section 111 cable system, Mr. Kutovoy's declaration describes changes contemplated by FilmOn X as well as its willingness to implement changes to comply with rules, regulations and court decisions.<br><br>The best evidence rule does not apply here.  The best evidence rule states that an original writing is required to |

34

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | FilmOnX's system is therefore inadmissible. FRE 1002, 1004; *L.A. News Serv.*, 505 F.3d at 935-36; Supp. Shepard Decl., Exh. 31 [David Dep., 560:8-:14, 580:20-581:7].<br><br>c. Lack of foundation, lack of personal knowledge. FRE 602, 701. Kutovoy testified that the FilmOnX system did not use any digital rights management or encryption protocols. Supp. Shepard Decl., Exh. 30 [Kutovoy Dep., 279:15-280:4]. | prove its contents. Notes of the advisory committee for FRE 1002 state "[A]n event may be proved by nondocumentary evidence, even though a written record of it was made." FilmOn X may offer evidence regarding its system functionality via declaration from a declarant with personal knowledge of those protocols like Mr. Kutovoy..<br><br>c. Mr. Kutovoy's declaration provides foundation and demonstrates personal knowledge. He states that "FilmOn X technical personnel **under my direction** have made changes to the system …" (emphasis added, paragraph 10). Earlier in the declaration, Mr. Kutovyy disclosed that he is the Chief Technology Officer who oversees the developers that work on FilmOn X's websites and mobile applications. As such, he knows about FilmOn X's changes to its encryption protocol.<br><br>The testimony cited by Plaintiffs is misleading – Mr. Kutovoy testified about FilmOn X's <u>prior</u> lack of encryption protocols during the period 2012-2014. The protocols described in his |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

35

| | EVIDENCE | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|---|
| | | | declaration were developed after this time period. The language in the declaration clearly reflects this timeline ("personnel ... have made changes"). |
| 19. | Kutovyy Decl. (Dkt. No. 167-3) ¶ 12 at 4:6-13. | a. Irrelevant. FRE 401, 402. FilmOnX's statements about potential or hypothetical systems it may use or intends to use are irrelevant to the Section 111 issues. FRE 404 ("Irrelevant evidence is not admissible."); Supp. Shepard Decl., Exh. 31 [David Decl, 399:18-400:13]. | a. Mr. Kutovyy's testimony regarding the changes FilmOn X has made to its system and the changes it plans to implement, should it be allowed to begin retransmitting broadcast content again, is relevant to Section 111. FilmOn X seeks be deemed a cable system both retroactively and going forward. This paragraph is also relevant to FilmOn X, LLC's efforts to comply with FCC regulations. |

### III.  Responses Specific Objections to Meldal Declaration

| | EVIDENCE | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|---|
| 20. | Declaration of Dr. Sigurd Meldal ("Meldal Decl.") (Dkt. No. 167-4), ¶ 7 at 2:20-3:14 | a. Irrelevant. FRE 401, 402. The evolution of encryption is irrelevant to the Section 111 issues that are the subject of the Motion, particularly in light of FilmOnX's claim that no rules require it to encrypt or secure its transmission of Plaintiffs' copyrighted broadcast programming over the Internet. FilmOnX Motion | a. Under the Federal Rules of Evidence, "relevance is typically a low bar to the admissibility of evidence and is thus a low threshold to pass." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar LLC*, 36 F.Supp.3d 1026, 1037 (E.D. Wash. 2014).

Dr. Meldal's explanation of the evolution of encryption, especially with respect to |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

| | | | |
|---|---|---|---|
| | | for Summary Adjudication (Dkt. No. 165), at 23-25. This evidence is therefore inadmissible. FRE 402 ("Irrelevant evidence is not admissible.") | broadcast content and cable, is relevant to FilmOn X's affirmative defense. It provides context regarding current industry encryption standards and Dr. Meldal's opinion that FilmOn X's current encryption meets those standards.<br><br>FilmOn X has voluntarily implemented encryption features in an effort to ensure protection of broadcast content, at least in part due to concerns raised by Plaintiffs. Plaintiffs' arguments have put FilmOn X's current encryption protocols at issue. |
| 21. | Meldal Decl. (Dkt. No. 167-4), at 2:21-27, 3:2-14, 3:18-28. | a. Irrelevant. FRE 401, 402. References to the history of encryption or lack thereof for cable systems pursuant to FCC guidelines are not relevant as FilmOnX states that Internet transmission services are not regulated by the FCC. *See* FilmOnX Memorandum of Points and Authorities in Support of Summary Adjudication (Dkt. No. 165), at 23:22-27, 25. FRE 402 ("Irrelevant evidence is not admissible.") | a. Under the Federal Rules of Evidence, "relevance is typically a low bar to the admissibility of evidence and is thus a low threshold to pass." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar LLC*, 36 F.Supp.3d 1026, 1037 (E.D. Wash. 2014).<br><br>Dr. Meldal's explanation of the evolution of encryption, especially with respect to broadcast content and cable, is relevant to FilmOn X's affirmative defense. It provides context regarding current industry encryption standards and Dr. Meldal's opinion that FilmOn X's current encryption meets |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | those standards.<br><br>FilmOn X has voluntarily implemented encryption features in an effort to ensure protection of broadcast content, at least in part due to concerns raised by Plaintiffs. Plaintiffs' arguments have put the FCC guidelines as to internet transmissions at issue even if FilmOn X disputes that those guidelines apply. |
|---|---|---|---|
| 22. | Meldal Decl. (Dkt. No. 167-4), at 4:1-3. | a. Irrelevant. FRE 401, 402. The history of internet-based streaming of video content in general is irrelevant to the issue of whether FilmOnX's Internet retransmission service is entitled to a Section 111 license pertaining to a "cable systems" (17 U.S.C. § 111(f)(3)) retransmission of copyrighted broadcast programming. FRE 402 ("Irrelevant evidence is not admissible.") | a. Under the Federal Rules of Evidence, "relevance is typically a low bar to the admissibility of evidence and is thus a low threshold to pass." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar LLC*, 36 F.Supp.3d 1026, 1037 (E.D. Wash. 2014).<br><br>The history of internet-based streaming of video content is relevant because it provides context and a foundation for Dr. Meldal's testimony about internet protocol television ("IPTV") technology and how FilmOn X's system works. |
| 23. | Meldal Decl. (Dkt. No. 167-4), at 4:2-8, 4:26-28 (fn 7). | a. Irrelevant. FRE 401, 402. The history of Internet protocol television ("IPTV") is irrelevant to the issue of whether FilmOnX is entitled to a Section 111 | a. Under the Federal Rules of Evidence, "relevance is typically a low bar to the admissibility of evidence and is thus a low threshold to pass." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf* |

38

| | | | license pertaining to the retransmission of copyrighted broadcast programming. FRE 402 ("Irrelevant evidence is not admissible.")  IPTV-formatted video is typically delivered through a closed, "end-to-end" system in which the distributor owns and/or controls the wires and routers in the entire delivery network at every point, including the "last mile" to the subscriber's home. *See* Supplemental Declaration of Nigel Jones, at ¶ 3; FilmOnX RJN, Exh. C (Dkt. No. 169-1, at 65); *see* SHVERA Report at 181-89 & 194-200. FilmOnX's implication that IPTV equals delivery over the internet is false. The evidence FilmOnX submits does not show that these IPTV services deliver content over the Internt.  Even if FilmOnX's statements were true, the statements are irrelevant because contractually based delivery of content is not relevant to FilmOnX's qualification for a Section 111 license.  This is clear from the documents that FilmOnX submitted to the | *Bar LLC*, 36 F.Supp.3d 1026, 1037 (E.D. Wash. 2014).<br><br>Dr. Meldal's testimony concerning IPTV is relevant. The history of IPTV provides context concerning existing cable companies' use of IPTV to deliver television services.  This provides context for FilmOn X's service, foundation for Dr. Meldal's opinions about FilmOn X's system and is relevant to whether FilmOn X qualifies for a Section 111 license.  The bulk of Plaintiffs' "objection" is not an argument about relevance but rather factual argument that Dr. Meldal is wrong. This is not a valid reason to exclude Dr. Meldal's testimony.  It is a transparent attempt by Plaintiffs to circumvent the page limitations in the briefing. |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

39

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Court. *See, e.g.*, FilmOnX RJN, Exh. B (NPRM, p. 2 n.2, p. 32 ¶ 32 and n. 19, drawing a distinction between companies transmitting video content over the Internet and companies providing video content over their own managed facilities using IP delivery within the companies' footprint); *id.*, Exh. C (drawing a distinction between AT&T U-verse's managed network and the Internet). Moreover, Dr. Meldal conflates the use of IPTV with transmitting television over the Internet.  A service such as FilmOnX's that chooses to stream programming over the Internet (regardless of whether it uses IPTV or some other format) is not eligible for the Section 111 license. *See* SHVERA Report at xii & 181-89. (Dkt. 162-4 (Appendix)., Exh. 3). As the Register of Copyrights explained, use of IPTV as a new distribution technology does not raise any issues that would have concerned Congress in enacting Section 111. But the use of the Internet to distribute programming is quite

40

| | | | |
|---|---|---|---|
| | | different because, as the Register noted, the Internet is wholly unregulated, poses serious questions about signal security, reflects none of the market failures that justified the original Section 111 compulsory license and is the subject of separate international treaty obligations which prohibit retransmissions of broadcast programming over the Internet. *See id.* | |
| 24. | Meldal Decl. (Dkt. No. 167-4), at 4:8-10. | FRE 401, 402. Dr. Meldal has stated he is not opining that FilmOnX is a cable system. Supp. Shepard Decl., Exh. 33 (Meldal Dep., (62:2-7)). Dr. Meldal has not opined that the Internet is not a "communications channel," and this evidence is therefore inadmissible. *See generally* Meldal Decl. ¶ 8; Supp. Shepard Decl., ¶ 21. It is also irrelevant that the Internet—a global network of computers—may somewhere involve co-axial cables, fiber optic cables and microwave links. FRE 402 ("Irrelevant evidence is not admissible."). | a. Under the Federal Rules of Evidence, "relevance is typically a low bar to the admissibility of evidence and is thus a low threshold to pass." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar LLC*, 36 F.Supp.3d 1026, 1037 (E.D. Wash. 2014).<br><br>This testimony is relevant to the Section 111 issues. Section 111(c) defines a cable system, in part as "mak[ing] secondary transmissions of such signals or programs by wires, cables, microwave, or other communications channels." Therefore, Dr. Meldal's testimony about the communication channels involved in FilmOn X's retransmissions is highly relevant. |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| 25. | Meldal Decl. (Dkt. 167-4), at 4:11-19. | a. Irrelevant. FRE 401, 402. In this case, the issue is whether FilmOnX's Internet retransmission service is entitled to a Section 111 license reserved for "cable systems." *See* Supplemental Declaration of Nigel Jones, at ¶ 4; FilmOnX RJN, Exh. C (Dkt. No. 169-1, at 65); *see* SHVERA Report at 181-89 & 194-200.  It is irrelevant that other companies may employ IPTV technology which is different from transmitting over the Internet as FilmOnX does.  IPTV-formatted video is typically delivered through a closed, "end-to-end" system in which the distributor owns and/or controls the wires and routers in the entire delivery network at every point, including the "last mile" to the subscriber's home. FilmOnX's implication that IPTV equals delivery over the internet is false.  The evidence FilmOnX submits does not show that these IPTV services deliver content over the Internt.  Even if FilmOnX's statements were true, the statements | a. Under the Federal Rules of Evidence, "relevance is typically a low bar to the admissibility of evidence and is thus a low threshold to pass." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar LLC*, 36 F.Supp.3d 1026, 1037 (E.D. Wash. 2014).

Dr. Meldal's testimony concerning IPTV is relevant. The history of IPTV provides context concerning existing cable companies' use of IPTV to deliver television services.  This provides context for FilmOn X's service, foundation for Dr. Meldal's opinions about FilmOn X's system and is relevant to whether FilmOn X qualifies for a Section 111 license.  The bulk of Plaintiffs' "objection" is not an argument about relevance but rather factual argument that Dr. Meldal is wrong. This is not a valid reason to exclude Dr. Meldal's testimony.  It is a transparent attempt by Plaintiffs to circumvent the page limitations in the briefing..

b. The testimony is neither ambiguous nor misleading. "Television services" is not a technical term; it means the transmission of television content to customers. |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| 1 | | | are irrelevant because contractually based delivery of content is not relevant to FilmOnX's qualification for a Section 111 license. This is clear from the documents that FilmOnX submitted to the Court. *See, e.g.*, FilmOnX RJN, Exh. B (NPRM, p. 2 n.2, p. 32 ¶ 32 and n. 19, drawing a distinction between companies transmitting video content over the Internet and companies providing video content over their own managed facilities using IP delivery within the companies' footprint); *id.*, Exh. C (drawing a distinction between AT&T U-verse's managed network and the Internet). Moreover, Dr. Meldal conflates the use of IPTV with transmitting television over the Internet. A service such as FilmOnX's that chooses to stream programming over the Internet (regardless of whether it uses IPTV or some other format) is not eligible for the Section 111 license. *See* SHVERA Report at xii & 181-89. (Dkt. 162-4 (Appendix), Exh. 3). As the Register of Copyrights | Plaintiffs' argument that the testimony is "misleading" is really thinly disguised factual argument. This factual argument is not a reason to exclude Dr. Meldal's testimony.<br><br>c. Dr. Meldal's testimony is based on an adequate foundation and personal knowledge given his expertise in this industry (which Plaintiffs have not challenged). That Dr. Meldal did not personally watch broadcast television over Comcast's InfinityGo application does not invalidate his testimony that Comcast use IPTV to deliver television services. Plaintiffs do not appear to contest that Comcast uses IPTV to deliver television services. |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

explained, use of IPTV as a new distribution technology does not raise any issues that would have concerned Congress in enacting Section 111. But the use of the Internet to distribute programming is quite different because, as the Register noted, the Internet is wholly unregulated, poses serious questions about signal security, reflects none of the market failures that justified the original Section 111 compulsory license and is the subject of separate international treaty obligations which prohibit retransmissions of broadcast programming over the Internet. *See id.* FilmOnX's implication that IPTV equals delivery over the internet is false. The evidence FilmOnX submits does not show that these IPTV services deliver content over the Internt.  Even if FilmOnX's statements were true, the statements are irrelevant because contractually based delivery of content is not arelevant to FilmOnX's qualification for a Section 111 license.  This is clear from the documents that FilmOnX submitted to the

44

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

Court. *See, e.g.*, FilmOnX RJN, Exh. B (NPRM, p. 2 n.2, p. 32 ¶ 32 and n. 19, drawing a distinction between companies transmitting video content over the Internet and companies providing video content over their own managed facilities using IP delivery within the companies' footprint); *id.*, Exh. C (drawing a distinction between AT&T U-verse's managed network and the Internet). Moreover, Dr. Meldal conflates the use of IPTV with transmitting television over the Internet. A service such as FilmOnX's that chooses to stream programming over the Internet (regardless of whether it uses IPTV or some other format) is not eligible for the Section 111 license. *See* SHVERA Report at xii & 181-89. (Dkt. 162-4 (Appendix), Exh. 3). As the Register of Copyrights explained, use of IPTV as a new distribution technology does not raise any issues that would have concerned Congress in enacting Section 111. But the use of the Internet to distribute programming is quite

45

different because, as the Register noted, the Internet is wholly unregulated, poses serious questions about signal security, reflects none of the market failures that justified the original Section 111 compulsory license and is the subject of separate international treaty obligations which prohibit retransmissions of broadcast programming over the Internet. *See id.*

b. Vague and misleading. First, the "television services" are not defined. In his deposition, Dr. Meldal relied on USTV for this proposition. Supp. Shepard Decl., Exh. 33 (Meldal Dep., (253:22-254:6)).  Tellingly, Dr. Meldal did not include USTV in his declaration to the Court because it is a pirate website.  At his deposition, he had no information about whether it is authorized.  Supp. Shepard Decl., Exh. 33 (Meldal Dep., (122:8-15)). Second, Dr. Meldal conflates the use of IPTV with transmitting television over the Internet. Internet protocol is a standard that defines how to encapsulate data

46

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | for transmissions across a network.  *See* Supplemental Declaration of Nigel Jones, at ¶ 3.  It is called Internet Protocol ("IP") because it happens to be the lowest level protocol used on the Internet.  *Id.*  However, the engineers use IP in a myriad of applications which have absolutely nothing to do with the internet at all.  *Id.* | |
| | | c. Lack of foundation and lack of personal knowledge. FRE 602, 701. Dr. Meldal fails to lay a foundation of personal knowledge for these broad statements.  For example, Dr. Meldal admitted he did not watch broadcast television on Comcast's InfinityGo.  Supp. Shepard Decl., Exh. 33 (Meldal Dep., (252:25-253:2)). | |
| 26. | Meldal Decl. (Dkt. 167-4), at 4:20-5:4. | a. Irrelevant.  FRE 401, 402. In this case, the issue is whether FilmOnX's Internet retransmission service is entitled to a Section 111 license reserved for "cable systems." It is irrelevant that other companies may employ IPTV technology – which is different than transmitting over the | a. Under the Federal Rules of Evidence, "relevance is typically a low bar to the admissibility of evidence and is thus a low threshold to pass." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar LLC*, 36 F.Supp.3d 1026, 1037 (E.D. Wash. 2014). Dr. Meldal's testimony concerning IPTV is relevant. |

47

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | internet. IPTV-formatted video is typically delivered through a closed, "end-to-end" system in which the distributor owns and/or controls the wires and routers in the entire delivery network at every point, including the "last mile" to the subscriber's home. *See* Supplemental Declaration of Nigel Jones, at ¶ 3; FilmOnX RJN, Exh. C (Dkt. No. 169-1, at 65); *see* SHVERA Report at 181-89 & 194-200. It is irrelevant that other companies may employ IPTV technology which is different from transmitting over the Internet as FilmOnX does. IPTV-formatted video is typically delivered through a closed, "end-to-end" system in which the distributor owns and/or controls the wires and routers in the entire delivery network at every point, including the "last mile" to the subscriber's home. FilmOnX's implication that IPTV equals delivery over the internet is false. The evidence FilmOnX submits does not show that these IPTV services | Other cable companies' use of IPTV provides context for FilmOn X's service, foundation for Dr. Meldal's opinions about FilmOn X's system and is relevant to whether FilmOn X qualifies for a Section 111 license. The bulk of Plaintiffs' "objection" is not an argument about relevance but rather factual argument that Dr. Meldal is wrong. This is not a valid reason to exclude Dr. Meldal's testimony. It is a transparent attempt by Plaintiffs to circumvent the page limitations in the briefing.<br><br>b. The testimony is neither ambiguous nor misleading. Plaintiffs' argument appears to be that Dr. Meldal is wrong about how other companies use IPTV. This factual argument is not a reason to exclude Dr. Meldal's testimony.<br><br>c. Plaintiffs completely mischaracterize Dr. Meldal's testimony here. Contrary to Plaintiffs' claim, Dr. Meldal did testify as to the devices he used to perform his tests – either an iPad or a PC. 254:7-9. Nor does it matter which kind of program Dr. Meldal viewed (news or scripted programming) |
|---|---|---|---|

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

| | | | |
|---|---|---|---|
| | | deliver content over the Internt. Even if FilmOnX's statements were true, the statements are irrelevant because contractually based delivery of content is not relevant to FilmOnX's qualification for a Section 111 license. This is clear from the documents that FilmOnX submitted to the Court. *See, e.g.*, FilmOnX RJN, Exh. B (NPRM, p. 2 n.2, p. 32 ¶ 32 and n. 19, drawing a distinction between companies transmitting video content over the Internet and companies providing video content over their own managed facilities using IP delivery within the companies' footprint); *id.*, Exh. C (drawing a distinction between AT&T U-verse's managed network and the Internet). Moreover, Dr. Meldal conflates the use of IPTV with transmitting television over the Internet. A service such as FilmOnX's that chooses to stream programming over the Internet (regardless of whether it uses IPTV or some other format) is not eligible for the Section 111 license. *See* SHVERA | through the various applications and Plaintiffs supply no reason why this might matter. Further, Dr. Meldal did describe the test in a way that Plaintiffs or anyone else could replicate. *See, e.g.* 254:19-23. |

49

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| 1 | | Report at xii & 181-89. (Dkt. 162-4 (Appendix)., Exh. 3). As the Register of Copyrights explained, use of IPTV as a new distribution technology does not raise any issues that would have concerned Congress in enacting Section 111. But the use of the Internet to distribute programming is quite different because, as the Register noted, the Internet is wholly unregulated, poses serious questions about signal security, reflects none of the market failures that justified the original Section 111 compulsory license and is the subject of separate international treaty obligations which prohibit retransmissions of broadcast programming over the Internet. *See id.* FilmOnX's implication that IPTV equals delivery over the internet is false. The evidence FilmOnX submits does not show that these IPTV services deliver content over the Internt.  Even if FilmOnX's statements were true, the statements are irrelevant because contractually based delivery of content is not relevant to FilmOnX's | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

qualification for a Section 111 license. This is clear from the documents that FilmOnX submitted to the Court. *See, e.g.*, FilmOnX RJN, Exh. B (NPRM, p. 2 n.2, p. 32 ¶ 32 and n. 19, drawing a distinction between companies transmitting video content over the Internet and companies providing video content over their own managed facilities using IP delivery within the companies' footprint); *id.*, Exh. C (drawing a distinction between AT&T U-verse's managed network and the Internet). Moreover, Dr. Meldal conflates the use of IPTV with transmitting television over the Internet. A service such as FilmOnX's that chooses to stream programming over the Internet (regardless of whether it uses IPTV or some other format) is not eligible for the Section 111 license. *See* SHVERA Report at xii & 181-89. (Dkt. 162-4 (Appendix)., Exh. 3). As the Register of Copyrights explained, use of IPTV as a new distribution technology does not raise any issues that would have concerned

51

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

Congress in enacting Section 111. But the use of the Internet to distribute programming is quite different because, as the Register noted, the Internet is wholly unregulated, poses serious questions about signal security, reflects none of the market failures that justified the original Section 111 compulsory license and is the subject of separate international treaty obligations which prohibit retransmissions of broadcast programming over the Internet. *See id.*

b. Vague and misleading. Dr. Meldal conflates the use of IPTV with transmitting television over the Internet. Internet protocol is a standard that defines how to encapsulate data for transmission across a network. *See* Supplemental Declaration of Nigel Jones, at ¶ 3. .... *Id.*

c. Lack of foundation. FRE 602. This testimony is supposedly derived from an anecdotal "sniffer" test that Dr. Meldal supposedly conducted to determine

52

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | the location of the streaming server.  Dr. Meldal fails to provide any specifics for this statement, such as what device he used or what program he watched. Plaintiffs do not know which device he used or what program he watched, and plaintiffs therefore have no ability to replicate the test. Supp. Shepard Decl., Exh. 33 (Meldal Dep., (116:16-117:2; 255:22-258:8.)); *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1047 (9th Cir. 2014) ("Under *Daubert's* testability factor, the primary requirement is that '[s]omeone else using the same data and methods . . . be able to replicate the results.'") (quoting *Zenith Elecs. Corp. v. WHTV Broad. Corp.*, 395 F.3d 416, 419 (7th Cir. 2005)) (alteration in original); *Cooper v. Brown*, 510 F.3d 870, 880 (9th Cir. 2007) (noting that *Daubert* requires that an expert's methodology "can be or has been tested"). | |
| 27. | Meldal Decl. (Dkt. 167-4), at 5:1-3. | a. Lack of foundation. FRE 602. This testimony is supposedly derived from an anecdotal | a. Plaintiffs completely mischaracterize Dr. Meldal's testimony here.  Contrary to Plaintiffs' claim, Dr. Meldal |

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | "sniffer" test that Dr. Meldal supposedly conducted to determine the location of the streaming server.  Dr. Meldal fails to provide any specifics for this statement, such as what device he used or what program he watched. Plaintiffs do not know which device he used or what program he watched, and plaintiffs therefore have no ability to replicate the test. Supp. Shepard Decl., Exh. 33 (Meldal Dep., (116:16-117:2; 255:22-258:8.)); *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1047 (9th Cir. 2014) ("Under *Daubert's* testability factor, the primary requirement is that '[s]omeone else using the same data and methods . . . be able to replicate the results.'") (quoting *Zenith Elecs. Corp. v. WHTV Broad. Corp.*, 395 F.3d 416, 419 (7th Cir. 2005)) (alteration in original); *Cooper v. Brown*, 510 F.3d 870, 880 (9th Cir. 2007) (noting that *Daubert* requires that an expert's methodology "can be or has been tested"). | did testify about the devices he used to perform his tests – either an iPad or a PC. 254:7-9.  Nor does it matter which kind of program Dr. Meldal viewed (news or scripted programming) through the various applications and Plaintiffs supply no reason why this might matter.  Further, Dr. Meldal did describe the test in a way that Plaintiffs or anyone else could replicate. *See, e.g.* 254:19-23. |
| 28. | Meldal Decl. | a. Irrelevant.  FRE 401, | a. Under the Federal Rules of |

54

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | (Dkt. 167-4), at 5:5-13. | 402. In this case, the issue is whether FilmOnX's Internet retransmission service is entitled to a Section 111 license reserved "cable systems." AT&T is a managed network. *See* Supplemental Declaration of Nigel Jones, at ¶ 4; FilmOnX RJN, Exh. C (Dkt. No. 169-1, at 65. It is irrelevant that AT&T may employ IPTV technology, which is different than transmitting over the Internet. IPTV-formatted video is typically delivered through a closed, "end to-end" system in which the distributor owns and/or controls the wires and routers in the entire delivery network at every point, including the "last mile" to the subscriber's home. *See* Supplemental Declaration of Nigel Jones, at ¶ 3; FilmOnX RJN, Exh. C (Dkt. No. 169-1, at 65); *see* SHVERA Report at 181-89 & 194-200. FilmOnX's implication that IPTV equals delivery over the Internet is false. The evidence FilmOnX submits does not show that these IPTV services | Evidence, "relevance is typically a low bar to the admissibility of evidence and is thus a low threshold to pass." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar LLC*, 36 F.Supp.3d 1026, 1037 (E.D. Wash. 2014).

This testimony regarding the extension of Section 111 licenses to other protocols that deliver broadcast content to consumers is relevant to whether FilmOn X's retransmissions are eligible for the same license. Instead of bringing a proper evidentiary objection, Plaintiffs attempt to make factual arguments using the competing testimony of their expert witness Nigel Jones. This is not the proper purpose of evidentiary objections and not a valid reason to exclude Dr. Meldal's testimony. The trier of fact may weigh the competing testimony of Dr. Meldal and Mr. Jones. Plaintiffs "objection" is a transparent attempt to circumvent the page restrictions in the briefing. |

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

deliver content over the Internet. Even if FilmOnX's statements were true, the statements are irrelevant because contractually based delivery of content is not relevant to FilmOnX's qualification for a Section 111 license. This is clear from the documents that FilmOnX submitted to the Court. *See, e.g.*, FilmOnX RJN, Exh. B (NPRM, p. 2 n.2, p. 32 ¶ 32 and n. 19, drawing a distinction between companies transmitting video content over the Internet and companies providing video content over their own managed facilities using IP delivery within the companies' footprint); *id.*, Exh. C (drawing a distinction between AT&T U-verse's managed network and the Internet). Moreover, Dr. Meldal conflates the use of IPTV with transmitting television over the Internet. A service such as FilmOnX's that chooses to stream programming over the Internet (regardless of whether it uses IPTV or some other format) is not eligible for the Section 111 license.

56

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | | |
|---|---|---|---|---|
| | | | *See* SHVERA Report at xii & 181-89.  (Dkt. 162-4 (Appendix), Exh. 3).  As the Register of Copyrights explained, use of IPTV as a new distribution technology does not raise any issues that would have concerned Congress in enacting Section 111.  But the use of the Internet to distribute programming is quite different because, as the Register noted, the Internet is wholly unregulated, poses serious questions about signal security, reflects none of the market failures that justified the original Section 111 compulsory license and is the subject of separate international treaty obligations which prohibit retransmissions of broadcast programming over the Internet. *See id.* | |
| 29. | Meldal Decl. (Dkt. 167-4), at 5:14-23. | a. Irrelevant.  FRE 401, 402.  In this case, the issue is whether FilmOnX's Internet retransmission service is entitled to a Section 111 license reserved for "cable systems."  The issue is not whether the Internet is a new, efficient or convenient technology. | Under the Federal Rules of Evidence, "relevance is typically a low bar to the admissibility of evidence and is thus a low threshold to pass." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar LLC*, 36 F.Supp.3d 1026, 1037 (E.D. Wash. 2014).<br><br>Dr. Meldal's testimony is relevant.  It provides background on why other cable companies use the |

57

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

|  |  |  | internet to distribute television programming. Other companies' use of the Internet to distribute programming is relevant to whether FilmOn X is eligible for a Section 111 license. The testimony also explains how the extension of a Section 111 license to FilmOn X will fulfill the policy goal of delivering programming to subscribers efficiently and conveniently. |
|---|---|---|---|
| 30. | Meldal Decl. (Dkt. No. 167-4), at 5:16-18. | a. Lack of foundation, lack of personal knowledge. FRE 602, 701.  Dr. Meldal fails to lay a foundation of personal knowledge, or the basis for an expert opinion, for these broad statements about people who supposedly would "otherwise be left with a low-quality viewing experience." | Dr. Meldal is a designated expert with background and experience sufficient to testify as to the quality of the content delivered to consumers via cable, internet, and other distribution technologies.  See paragraphs 2,3 and Exhibit A for Dr. Meldal's qualifications to provide this opinion. |
| 31. | Meldal Decl. (Dkt. No. 167-4), at 6:2-21, 6:26-9:18. | a. Failure to disclose, spoliation of evidence. FRCP 26, 37.  FilmOnX refused to allow Plaintiffs to inspect facilities, which were dismantled in July 2014 before discovery was opened regarding FilmOnX's Section 111 affirmative defense, and thus FilmOn X is barred from providing this evidence as to the | FilmOn X disclosed relevant information regarding its facilities.  Its provided Plaintiffs discovery on the configuration, functionality and location of its equipment. Among other things, FilmOn X produced: a video of a facility, photographs of antennae and other equipment, and lease contracts.  Defendants' representatives were deposed |

| | | configuration and operation of its so-called Trailer and Lanner systems.  FRCP 26(a)(1), 26(e)(1), 37(c)(1); *Yeti by Molly Ltd.*, 259 F.3d at 1106; *see* Supplemental Shepard Decl. ¶ 13, Exh. 32. | on these issues.  Defendants also dispute that they were under any obligation to maintain leased space during the pendency of this lawsuit; and Plaintiffs cite no authority that Defendants were required to do so. |
| | | b. Lack of foundation, lack of personal knowledge.  FRE 602, 701.  Dr. Meldal fails to lay a foundation of personal knowledge for these statements as he has not inspected facilities employing either the trailer or Lanner systems.  Dr. Meldal only visited FilmOnX's Los Angeles location after any antenna farm that may have been there was dismantled.  Supp. Shepard Decl., Exh. 32 (dismantled by July 2014), Exh. 33 (Meldal Dep., 67:5-12)) (Q: Did you do any testing on the Lanner system? A. No.  I have looked at the- the code supporting it, but I have not seen it in operation.  I got into the case after the over-the-air retransmission was halted."). | Plaintiffs did not serve demands to inspect FilmOn X's facilities during the Section 111 discovery period.  Plaintiffs' failure to properly request an inspection cannot be grounds to bar FilmOn X from introducing evidence regarding the configuration, functionality and location of its equipment.  Plaintiffs do not cite any inspection request concerning FilmOn X's facilities or any discovery order requiring inspection or finding spoliation.  Plaintiffs have improperly used evidentiary objections as a motion for evidence preclusion sanctions.  Plaintiffs have not come close to adducing the kind of evidence necessary to support evidence preclusion.  The "extreme" evidence preclusion sanction is "wholly unwarranted" in the absence of bad faith.  *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648-9 |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

59

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | | (N.D. Cal. 2000) (evidence preclusion sanction requires finding of willfulness, bad faith or significant prejudice). Plaintiffs make no showing of bad faith or significant prejudice.<br><br>b. Meldal has explained that his testimony is based on his inspection of the FilmOn X source code, hardware components, and interviews with FilmOn X technical personnel and officers, which is sufficient foundation for his testimony regarding the operation of the Lanner system.  FRE 602 expressly does not apply to expert testimony. |
| 32. | Meldal Decl. (Dkt. No. 167-4), at 9:15-18. | a. Irrelevant and misstates the evidence.  FRE 401, 402.  Dr. Meldal has stated that he is not opining that FilmOnX is a cable system.  Supp. Shepard Decl., Exh. 33 (Meldal Dep., (62:2-7)).  Dr. Meldal has never opined and is not opining that the Internet is not a "communication channel," and this evidence is therefore inadmissible. *See generally* Meldal Decl. ¶ 8; Supp. Shepard Decl., ¶ 21.  FRE 402 ("Irrelevant evidence is not admissible.").  It is | a. Under the Federal Rules of Evidence, "relevance is typically a low bar to the admissibility of evidence and is thus a low threshold to pass." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar LLC*, 36 F.Supp.3d 1026, 1037 (E.D. Wash. 2014).<br><br>The manner in which FilmOn X delivers content to its subscribers is relevant to whether its services qualify for a Section 111 license.<br><br>Instead of bringing a proper evidentiary objection, Plaintiffs improperly attempt |

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

| | | | |
|---|---|---|---|
| | | immaterial that the physical layer (or media) of the Internet, a global system of millions of interconnected computer networks can include microwaves and cables. The physical media of satellite television delivery also includes cables and microwaves (Supp. Jones Decl. ¶ 6), but satellite providers were not afforded a Section 111 license. Instead they are subject to a different licensing scheme. 17 U.S.C. §§ 119, 122. | to present factual and legal argument on the subject of Dr. Meldal's testimony by submitting the self-serving and competing testimony of their own designated expert Mr. Nigel Jones. This is not a proper basis to exclude Dr. Meldal's testimony, and a transparent attempt to circumvent the page restrictions on the briefing. |
| 33. | Meldal Decl. (Dkt. No. 167-4), at 10:13-15. | a. Irrelevant. FRE 401, 402. The "standard custom and practice [for geolocation] in internet-based services" is irrelevant to the issue of whether FilmOn X is entitled to a Section 111 license pertaining to the retransmission of copyrighted broadcast programming. FilmOnX contends there are no regulations that require it to geolocate or restrict access based on location. FilmOnX Memorandum in Support of Motion for Summary Adjudication (Dkt. No. 165), at 23-25. Further, Dr. Meldal acknowledges different delivery purposes have | a. Under the Federal Rules of Evidence, "relevance is typically a low bar to the admissibility of evidence and is thus a low threshold to pass." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar LLC*, 36 F.Supp.3d 1026, 1037 (E.D. Wash. 2014).<br><br>As FilmOn seeks Section 111 license both retroactively and prospectively. Dr. Medal's testimony is relevant to whether FilmOn X's geolocation technology addresses concerns raised by Plaintiffs.<br><br>FilmOn X has voluntarily implemented geolocation features in an effort to ensure protection of broadcast |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

different requirements. (Meldal Declaration at ¶¶ 22, 24.)

b. Improper expert testimony, lack of foundation.  FRE 701, 702.  Dr. Meldal acknowledges in his sur-rebuttal report and deposition testimony that contracts and/or regulations typically set the requirements for video content delivery.  What level of accuracy is required in terms of geolocation; such contracts do not exist here; and he has not tested FilmonX's system.  *See, e.g.,* Supp. Shepard Decl., Exh. 34 (Meldal Sur-Rebuttal Report, at 17) ("the limits are determined by contracts and regulatory frameworks-they would (and do) set the boundaries for what they (and any other media redistribution company) can do").  Supp. Shepard Decl., Exh. 33 (Meldal Dep., (110:19-12, 110:17-21)) ("Q. So you're saying in this case, it's for FilmOn to decide whether or not the geolocation standard provided by MaxMind is accurate enough? A. I would

content, at least in part due to concerns raised by Plaintiffs.  Plaintiffs' arguments have put FilmOn X's current geolocation protocols at issue.

b. Dr. Meldal is an expert qualified to opine on whether FilmOn X's new geolocation and encryption systems fall within the standard custom and practice in internet-based services.  See paragraphs 2, 3 and exhibit A.  Dr. Meldal's report provides the foundation for his opinion: review of source code, conversations with FilmOn X employees about plans to execute this source and his professional experience.  The rest of Plaintiff's "objection" is legal and factual arguments about Dr. Meldal's opinion and his credibility.  That Plaintiffs take issue with Dr. Meldal's opinion does not make it "improper" or provide a basis for excluding the opinion.

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| 1 | | expect it to be a matter of the contractual framework or the regulatory framework within which they work what level of accuracy is reasonable and necessary, but that is a- - not a technical matter."); *id.* at (111:8-11) ("I have not seen a- anyone- I have not been provided with a contractual or legal statement about accuracy required."); *id.* at (114:5-10, 114:16-18) ("Q. How accurate, if you know, and maybe you don't know, is that system as you've described it? A. I do not have statistics on whether and to what extent the system will yield false positives, that is, I don't have that statistics… The system has not been— been deployed, so in other words, one cannot test it as yet.")  FRE 402 ("Irrelevant evidence is not admissible.")  Here, none of that applies as FilmOnX contends it is subject to no regulation and admits it has no express license.  FilmOnX Memorandum in Support of Motion for Summary Adjudication (Dkt. No. 165), at 23-25.  Dr. Meldal could only identify one entity, USTV, that streams | |

63

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | over-the-air broadcast content live during his deposition, and he did not know whether it was legal or authorized.  Supp. Shepard Decl., Exh. 33 (Meldal Dep., (122:8-15 and 253:22-254:6)). Tellingly, Dr. Meldal did not include USTV in his declaration to the Court because it is a pirate website. | |
| 34. | Meldal Decl. (Dkt. No. 167-4), at 10:17-14:5 | a. Irrelevant. FRE 401, 402. This testimony is not relevant to the extent FilmOnX says it is not required to restrict access based on a user's location and it will not employ geolocation protocols unless ordered to do so by the Court. *See* FilmOnX Memorandum of Points and Authorities in Support of Summary Adjudication (Dkt. No. 165), at 25. Further, Dr. Meldal has stated the geolocation requirements are typically set by contract or regulation and he is not opining that FilmOnX's geolocation meets the standards set forth in any regulation or contract. Indeed, FilmOnX contends none applies. *See, e.g.*, Supp. Shepard Decl., Exh. 34 (Meldal Sur-Rebuttal Report, at | Under the Federal Rules of Evidence, "relevance is typically a low bar to the admissibility of evidence and is thus a low threshold to pass." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar LLC*, 36 F.Supp.3d 1026, 1037 (E.D. Wash. 2014). The technical capabilities of FilmOn X's geolocation technology in comparison with other technologies that deliver broadcast content is relevant to address the public policy concerns of piracy raised by Plaintiffs in connection with the grant of a Section 111 license to FilmOn X.  It is also relevant to the ability of FilmOn X to comply with any Court ordered protocols. Instead of bringing a proper evidentiary objection, Plaintiffs improperly attempt |

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | 17); *id.* Exh. 33 (Meldal Dep., (110:10-12, 110:17-21; 111:8-11; 114:5-10, 114:16-18.)) FRE 402 ("Irrelevant evidence is not admissible.") In addition, it is irrelevant as Dr. Meldal is talking about different uses while conceding the accuracy of geolocation varies by uses, purposes and factors. Meldal Decl., ¶ 24. | to present factual and legal argument intended to influence the weight of Dr. Meldal's testimony. This is not a proper objection and no reason to exclude Dr. Meldal's testimony. |
| 35. | Meldal Decl. (Dkt. No. 167-4), at 14:6-15:2 | a. Irrelevant. FRE 401, 402. This testimony is not relevant to the extent FilmOnX says it is not required to restrict access based on a user's location and it will not employ geolocation protocols unless ordered to do so by the Court. *See* FilmOnX Memorandum of Points and Authorities in Support of Summary Adjudication (Dkt. No. 165), at 25. Further, Dr. Meldal has stated the geolocation requirements are typically set by contract or regulation and he is not opining that FilmOnX's geolocation meets the standards set forth in any regulation or contract. Indeed, FilmOnX contends none applies. *See, e.g.,* Supp. Shepard Decl., Exh. 34 (Meldal Sur-Rebuttal Report, at | The technical capabilities of FilmOn X's geolocation technology in comparison with other technologies that deliver broadcast content is relevant to address the public policy concerns of piracy raised by Plaintiffs in connection with the grant of a Section 111 license to FilmOn.  It is also relevant to the ability of FilmOn X to comply with any Court ordered protocols.

Instead of bringing a proper evidentiary objection, Plaintiffs improperly attempt to present factual and legal argument intended to influence the weight of Dr. Meldal's testimony.  This is not a proper objection and no reason to exclude Dr. Meldal's testimony. |

| | | | |
|---|---|---|---|
| | | 17); *id.* Exh. 33 (Meldal Dep., (110:10-12, 110:17-21; 111:8-11; 114:5-10, 114:16-18.)) FRE 402 ("Irrelevant evidence is not admissible.")  In addition, it is irrelevant as Dr. Meldal is talking about different uses while conceding the accuracy of geolocation varies by uses, purposes and factors. Meldal Decl., ¶ 24. | |
| 36. | Meldal Decl. (Dkt. No. 167-4), at 16:20-17:3. | a. Vague and misleading. Dr. Meldal's statements about the accuracy of FilmOnX's use of a "radius rule" to limit the users' access is misleading.  When using a radius to determine a user's location, FilmOnX enters a user's IP address into a database provided by MaxMind and users were permitted to watch broadcast television programs via FilmOnX. Supp. Shepard Jones Decl., at ¶¶ 12-13.  The default radius set in the code was 250 miles. *Id.* Further, FilmOnX permitted users to view the signals of broadcast stations as much as one thousand miles away from their city of origin over the Internet. *See* Supp. Shepard Decl., Exh. 30, (Kutovoy Dep., (224:18- | Plaintiffs do not object that Dr. Meldal's testimony about FilmOn X's prior geolocation protocols is too vague to be understood (indeed Plaintiffs understand the testimony perfectly well) or inaccurate. Rather, Plaintiffs point to other aspects of the protocols allegedly not described in Dr. Meldal's report.  This is factual argument in an attempt to circumvent the page restrictions in the briefing and no reason to exclude Dr. Meldal's testimony.  To the extent that Plaintiffs' expert offers a conflicting opinion, those opinions will be weighed by the trier of fact. |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

| | | | |
|---|---|---|---|
| | | 226:15)).  Moreover, FilmOnX only checked the location of the IP Address used for purchase of a subscription, and did not check against the actual address of the subscriber. Supp. Shepard Decl., Exh. 30, (Kutovoy Dep., 260:15-261:8)). | |
| 37. | Meldal Decl. (Dkt. No. 167-4), at 17:4-10. | a. Lack of foundation. This statement lacks foundation as to which, if any, geolocation or geofencing techniques will be implemented by FilmOnX.  Dr. Meldal's initial expert report stated that FilmOnX had reserved the right *not* to geo-restrict.  *See* Supplemental Shepard Decl. ¶ 25, Exh. 36 (Meldal Expert Report, at 2, n. 1).<br><br>b. Irrelevant. FRE 401, 402. FilmOnX states that it is not required to implement geolocation and will not do so unless ordered by the Court.  *See* FilmOnX Memorandum of Points and Authorities in Support of Summary Adjudication (Dkt. No. 165), at 25. FRE 402 ("Irrelevant evidence is not admissible.") | a. Dr. Meldal has explained that his testimony is based on his inspection of the FilmOn X source code, hardware components, and interviews with FilmOn technical personnel and officers, which is sufficient foundation for his testimony regarding the FilmOn's intended implementation of future geolocation systems.<br><br>b.  The technical capabilities of FilmOn X's geolocation technology in comparison with other technologies that deliver broadcast content is relevant to address the public policy concerns of piracy raised by Plaintiffs in connection with the grant of a Section 111 license to FilmOn.  It is also relevant to the ability of FilmOn to comply with any Court ordered protocols. |
| 38. | Meldal Decl. (Dkt. No. 167- | a. Irrelevant. FRE 401, 402.  The discussion of | FilmOn X's geolocation technology in comparison |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | 4), at 17:11-23:5 | FilmOnX's "new" geolocation system under development and how it might or might not operate is not relevant as FilmOnX contends that it does not have to restrict access local broadcast content that it retransmits to a particular area. *See* FilmOnX Memorandum of Points and Authorities in Support of Summary Adjudication (Dkt. No. 165), at 23:22-27, 25. FRE 402 ("Irrelevant evidence is not admissible.") | with other technologies that deliver broadcast content is relevant to address the public policy concerns of piracy raised by Plaintiffs in connection with the grant of a Section 111 license to FilmOn X.  It is also relevant to the ability of FilmOn X to comply with any Court ordered protocols. |
| 39. | Meldal Decl. (Dkt. No. 167-4), at 19:3-20:15, fn 21. | a. Irrelevant and misstates the evidence. FRE 702, 703. Here, Dr. Meldal states that the file referenced in footnote 21 is used. However, in his Sur-Rebuttal report, Dr. Meldal states that this file is *not* used.  *See* Meldal Sur-Rebuttal Report, at 15-17. This is irrelevant because of Dr. Meldal's conflicting testimony and the code he cited in his declaration geolocates by IP address, rather than GPS, so Dr. Meldal's GPS discussion of GPS is at best inconclusive and thus irrelevant. *See* Supplemental Jones Decl., at ¶ 10. | Plaintiffs do not object that Dr. Meldal's testimony about FilmOn X's geolocation protocols, but rather argue that Dr. Meldal is mistaken. This factual argument is an attempt to circumvent the page restrictions in the briefing and no reason to exclude Dr. Meldal's testimony.  To the extent that Plaintiffs' expert offers a conflicting opinion, those opinions will be weighed by the trier of fact.  That Plaintiffs and their expert disagree with Dr. Meldal is no reason to exclude his opinion. |
| 40. | Meldal Decl. (Dkt.No. 167- | a. Lack of foundation. Dr. Meldal concedes IP | Plaintiffs' "objection" here is not a concern with the |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | 4), at 20:12-15. | address look up is imprecise. Meldal Supp. Shepard Decl., Exh. 33 (Meldal Dep., (107:16-108:16)). Dr. Meldal conceded that he would expect it to be a matter of the contractual framework or the regulatory framework within which FilmOnX works to determine what level of accuracy is reasonable and necessary, but that is not a technical matter. Supp. Shepard Decl., Exh. 33 (Meldal Dep., (110:14-21)); *see also id.* at 109:15- 110:9. Dr. Meldal is aware of no regulation or contract that contractual or legal statement about accuracy required. Supp. Shepard Decl., Exh. 33 (Meldal Dep., (111:2-111:19)). | foundation for Dr. Meldal's opinion, but rather argument that Dr. Meldal's opinion is wrong. This is not a reason to exclude the opinion. Dr. Meldal has opined that the MaxMind location technology can determine the location of a device with <u>sufficient</u> accuracy to determine whether the device is in a particular DMA. This does not require that IP address lookup be completely precise. Dr. Meldal is qualified as an expert and has a proper foundation to opine on the MaxMind geolocation tool. |
| 41. | Meldal Decl. (Dkt. No. 167-4), at 22:1-4. | a. Irrelevant. FRE 401, 402. Dr. Meldal's testimony about proxy detection (VPN) services is irrelevant because FilmOn X says that it does not need to engage in third party proxy services. *See* FilmOnX Memorandum of Points and Authorities in Support of Summary Adjudication (Dkt. No. 165), at 25. FRE 402 ("Irrelevant evidence is not admissible.") | The technical capabilities of FilmOn's geolocation technology and user verification technology is relevant to address the public policy concerns of piracy raised by Plaintiffs in connection with the grant of a Section 111 license to FilmOn. |

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

| 42. | Meldal Decl. (Dkt. No. 167-4), at 22:5-9. | a. Irrelevant and lacks foundation. Dr. Meldal performed only a handful of anecdotal tests, did not test the FilmOnX system, and admitted proxy detection is difficult. FRE 401, 402.  Supp. Shepard Decl., Exh. 33 (Meldal Dep., (116:18-117:2, 136:18-137:3)). FRE 402 ("Irrelevant evidence is not admissible.") | The technical capabilities of FilmOn X's geolocation technology and user verification technology is relevant to address the public policy concerns of piracy raised by Plaintiffs in connection with the grant of a Section 111 license to FilmOn.

Plaintiffs do not explain why Dr. Meldal's tests do not establish a proper foundation for his expert opinion. |
| 43. | Meldal Decl. (Dkt. No. 167-4), at 24:23-25:13. | a. Irrelevant, misleading and confusing and improper expert testimony. FRE 401, 402, 702, 703. What a consumer does or does not do with respect to over-the-air broadcasts received in the home is irrelevant to the question of whether FilmOnX's Internet retransmission service is entitled to a Section 111 license reserved for "cable systems," which, by definition, require that cable systems charge for the retransmission service. *See* Sections 111(c), (f)(3).  This testimony is also irrelevant because Dr. Meldal appears to include paragraphs 45-47 to draw the conclusion in paragraph 48 that "non- | Dr. Meldal's analysis of the technical components of the existing services delivering broadcast content to the public is relevant to the determination of whether FilmOn X's services are eligible for a Section 111 license.  In fact, it is Plaintiffs who have raised concerns about the ability of FilmOn X users to make their own copies of broadcast content. Dr. Meldal's testimony is helpful to the trier of fact in providing context for how broadcast content is used by the public. |

70

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | cable subscribers today are able to remotely view broadcast television outside of their local DM." To the extent FilmOnX claims that it will restrict access to a local user's DMA, paragraphs 45-47 are also irrelevant as they pertain to transmissions purportedly outside of the DMA. FRE 402 ("Irrelevant evidence is not admissible.") | |
|---|---|---|---|
| 44. | Meldal Decl. (Dkt. No. 167-4), at 25:14–26:2 | a. Irrelevant, misleading and confusing and improper expert testimony. FRE 401, 402, 702, 703. What a consumer does or does not do with respect to over-the-air broadcasts received in the home is irrelevant to the question of whether FilmOnX's Internet retransmission service is entitled to a Section 111 license reserved for "cable systems," which, by definition, require that cable systems charge for the retransmission service. *See* Sections 111(c), (f)(3). This testimony is also irrelevant because Dr. Meldal appears to include paragraphs 45-47 to draw the conclusion in paragraph 48 that "non-cable subscribers today | a. Dr. Meldal's analysis of the technical components of the existing services delivering OTA content to the public is relevant to the determination of whether FilmOn's services are eligible for a Section 111 license. In fact, it is Plaintiffs who have raised concerns about the ability of FilmOn X users to make their own copies of broadcast content. Dr. Meldal's testimony is helpful to the trier of fact in providing context for how broadcast content is used by the public.<br><br>b. Dr. Meldal's expert qualifications to describe the Dish Anywhere service are established in paragraphs 2, 3 and exhibit A. The objection is unintelligible, in that Dr. Meldal does not provide any opinion on Dish's |

71

| | | | |
|---|---|---|---|
| | | are able to remotely view broadcast television outside of their local DM." To the extent FilmOnX claims that it will restrict access to a local user's DMA, paragraphs 45-47 are also irrelevant as they pertain to transmissions purportedly outside of the DMA. Moreover, Dish Network is a satellite provider and its retransmissions are not covered by Section 111. Satellite services are required to petition Congress for their own compulsory licenses, and are governed by 17 U.S.C. §§119, 122. See Plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 162-1), at 9. FRE 402 ("Irrelevant evidence is not admissible.")

b. Lack of foundation. Dr. Meldal has not shown any knowledge of the agreements with the providers he references, and he has acknowledged that the agreements and regulations govern standard practices in the industry. *See* Supp. Shepard Decl., Exh. 34 (Meldal Sur-Rebuttal Expert Report, at 18); *id.* | "agreement" or standard industry practices here. |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

72

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | at Exh. 33 (Meldal Dep. (150:19-151:8)). | |
| 45. | Meldal Decl. (Dkt. No. 167-4), at 26:3-17. | a. Irrelevant, misleading and confusing and improper expert testimony. FRE 401, 402, 702, 703. What a consumer does or does not do with respect to over-the-air broadcasts received in the home is irrelevant to the question of whether FilmOnX's Internet retransmission service is entitled to a Section 111 license reserved for "cable systems," which require, by definition, that cable systems charge for the retransmission service. *See* Sections 111(c), (f)(3). Further, services like Hulu, Amazon Prime and Netflix, which are subject to licensing arrangements and do not provide live broadcast programming are irrelevant to the question of whether FilmOnX Internet retransmission service is entitled to a compulsory statutory Section 111 license reserved for "cable systems." *See* Sections 111(c), (f)(3). FRE 402 ("Irrelevant evidence is not admissible.")<br><br>b. Lack of foundation. Dr. | a. Dr. Meldal's analysis of the technical components of the existing services delivering OTA content to the public is relevant to the determination of whether FilmOn's services are eligible for a Section 111 license.  In fact, it is Plaintiffs who have raised concerns about the ability of FilmOn X users to make their own copies of broadcast content. Dr. Meldal's testimony is helpful to the trier of fact in providing context for how broadcast content is used by the public.<br><br>b. Dr. Meldal's expert qualifications to describe the Dish Anywhere service are established in paragraphs 2, 3 and exhibit A.  The objection is unintelligible, in that Dr. Meldal does not provide any opinion on Dish's "agreement" or standard industry practices here. |

73

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

|  |  |  |  |
|---|---|---|---|
|  |  | Meldal has not shown any knowledge of the agreements with the providers he references, and he has acknowledged that the agreements and regulations govern standard practices in the industry. *See* Supp. Shepard Decl., Exh. 34 (Meldal Sur-Rebuttal Expert Report, at 18); *id.* at Exh. 33 (Meldal Dep. (150:19-151:8)). |  |
| 46. | Meldal Decl. (Dkt. No. 167-4), at 27:2-9 | a. Vague and misleading. Dr. Meldal's reference to "several methods" to protect content are vague and misleading as he testified that FilmOn X only employed one method in the past- the "token" system.  Although Dr. Meldal initially claimed that FilmOnX employed end-to-end encryption, he was forced to recant that statement and admit that he was wrong.  Supp. Shepard Decl., Exh. 33 (Meldal Dep. (213:23-214:5; 217:15-24)). In the past, FilmOnX only used a token system, which is far less secure.  Supp. Shepard Decl., Exh. 33 (Meldal Dep. 218:3-221:23)). | a.  Plaintiffs' objection is no reason to exclude Dr. Meldal's testimony.  The only method discussed in his report is the token method. The objection is improper factual and legal argument about the substance and weight of Dr. Meldal's testimony. |
| 47. | Meldal Decl. (Dkt. No. 167- | a. Vague, Irrelevant and misleading and lack of | a. Dr. Meldal does specify that his testimony relates to |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | 4), at 27:10-19. | foundation. FRE 401, 402. Dr. Meldal does not specify that his testimony regarding end-to-end encryption only relates to FilmOnX's future system. FilmOnX never employed end-to-end encryption, he was forced to recant that statement and admitted that he was wrong. Supp. Shepard Decl., Exh. 33 (Meldal Dep. (213:23-214:5; 217:15-24)). Additionally, Dr. Meldal lacks foundation as to what FilmonX may or may not implement. Supp. Shepard Decl., Exh. 33 (Meldal Dep. (223:19-22, 235:14-20)). The testimony is irrelevant because FilmOnX claims that it will not employ security measures unless order to do so. (FilmOnX Memorandum of Points and Authorities in Support of Summary Adjudication (Dkt. No. 165), at 25). | FilmOn X's future system – paragraph 49 clearly describes FilmOn X's "prior system" and paragraph 50 clearly states that FilmOn X "has developed" end-to-end encryption. The technical capabilities of FilmOn X's encryption technology is relevant to address the public policy concerns of piracy raised by Plaintiffs in connection with the grant of a Section 111 license to FilmOn X.  Dr. Meldal has stated that his testimony about what FilmOn X may implement is based on his review of source code and conversations with FilmOn X employees about how they will implement the source code. |
| 48. | Meldal Decl. (Dkt. No. 167-4), at 27:20-28:4. | a. Lack of foundation. Dr. Meldal states that "with traditional cables, physical interception is easy." Dr. Meldal provides no foundation for this comparison between tapping someone's cables and Internet piracy. | Dr. Meldal's engineering expertise and analysis of FilmOn's encryption plans are adequate foundation to compare the vulnerability of broadcast transmissions to piracy. Dr. Meldal's expert qualifications are described in paragraphs 2, 3 and exhibit A. |

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

| 49. | Meldal Decl. (Dkt. No. 167-4), at 28:10-16. | a. Irrelevant. FRE 401, 402. Whether the two security methods demonstrate "good practices" or are not "outside the standard custom and practice in internet-based services" is irrelevant as FilmOnX claims it does not have to implement any security measures. FilmOnX Memorandum in Support of Motion for Summary Adjudication (Dkt. No. 165), at 23-25. FRE 402 ("Irrelevant evidence is not admissible."). Moreover, IPTV is irrelevant to the issue of whether FilmOnX is entitled to a Section 111 license pertaining to the retransmission of copyrighted broadcast programming. FRE 402 ("Irrelevant evidence is not admissible.") IPTV-formatted video is typically delivered through a closed, "end-to-end" system in which the distributor owns and/or controls the wires and routers in the entire delivery network at every point, including the "last mile" to the subscriber's home. *See* Supplemental Declaration of Nigel Jones, at ¶ 3; FilmOnX | a. Dr. Meldal's analysis and comparison of the security protocols of existing services delivering broadcast content to the public is relevant to the determination of whether FilmOn X's services present any different public policy concerns that should affect their eligibility for a Section 111 license.  The bulk of Plaintiffs' objection is legal and factual argument that Dr. Meldal is wrong.  Such argument is improper and no reason to exclude Dr. Meldal's testimony.<br><br>b. the foundation for Dr. Meldal's opinion are his background qualifications described in paragraphs 1, 2 and exhibit A and in the substance of his report.  Dr. Meldal's investigation of FIlmOn X's content protection procedures in the report provides the foundation for his opinion that those procedures are in the scope of standard custom and practice procedures in the internet based industries and the cable industry.<br><br>c.  Dr. Meldal's testimony is neither misleading nor vague. Rather, Plaintiffs dispute Dr. Meldal's testimony about how television services are provided over the internet. |
|---|---|---|---|

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

76

| | | | |
|---|---|---|---|
| 1 | | | RJN, Exh. C (Dkt. No. 169-1, at 65); *see* SHVERA Report at 181-89 & 194-200. FilmOnX's implication that IPTV equals delivery over the internet is false. The evidence FilmOnX submits does not show that these IPTV services deliver content over the Internt. Even if FilmOnX's statements were true, the statements are irrelevant because contractually based delivery of content is not relevant to FilmOnX's qualification for a Section 111 license. This is clear from the documents that FilmOnX submitted to the Court. *See, e.g.*, FilmOnX RJN, Exh. B (NPRM, p. 2 n.2, p. 32 ¶ 32 and n. 19, drawing a distinction between companies transmitting video content over the Internet and companies providing video content over their own managed facilities using IP delivery within the companies' footprint); *id.*, Exh. C (drawing a distinction between AT&T U-verse's managed network and the Internet). Moreover, Dr. Meldal conflates the use of IPTV with transmitting | This factual dispute between the parties is not a reason to exclude Dr. Meldal's testimony. |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

television over the Internet.  A service such as FilmOnX's that chooses to stream programming over the Internet (regardless of whether it uses IPTV or some other format) is not eligible for the Section 111 license. *See* SHVERA Report at xii & 181-89. (Dkt. 162-4 (Appendix), Exh. 3). As the Register of Copyrights explained, use of IPTV as a new distribution technology does not raise any issues that would have concerned Congress in enacting Section 111. But the use of the Internet to distribute programming is quite different because, as the Register noted, the Internet is wholly unregulated, poses serious questions about signal security, reflects none of the market failures that justified the original Section 111 compulsory license and is the subject of separate international treaty obligations which prohibit retransmissions of broadcast programming over the Internet. *See id.*

b. Improper expert testimony, lack of

78

BAKER MARQUART LLP
10990 Wilshire Boulevard, Fourth Floor
Los Angeles, California 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

foundation.  FRE 701, 702.  Dr. Meldal acknowledges in his sur-rebuttal report and deposition testimony that contracts and/or regulations typically set the requirements for video content delivery.  *See, e.g., See, e.g.*, Meldal Dep. at 110:10-21; *id.* at 34 (Meldal Sur-Rebuttal Report, at 17). Dr. Meldal also testified that he is not aware of any regulation that applies here.   Supp. Shepard Decl., Exh. 33 (Meldal Dep., (111:2-11)) Further, D. Meldal acknowledges different delivery purposes have different requirements and standards, and he considered YouTube as one Internet service when opinion testifying about custom.  Supp. Shepard Decl., Exh. 33 (Meldal Dep. (216:10-14)); Meldal Declaration at ¶¶ 22, 24. Dr. Meldal does not specify in his declaration or show a foundation for testifying as to the full set of geolocation and security protocols AT&T U-verse and Verizon FiOS employ.

c. Misleading and vague.  Dr. Meldal conflates the

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | use of Internet technology with transmitting elevision over the Internet.  Internet protocol is a standard that defines how to encapsulate data transmission across a network. *See* Supplemental Declaration of Nigel Jones, at ¶ 3.  It is called Internet Protocol ("IP") because it happens to be the lowest level protocol used on the Internet. *Id.*  However, engineers use IP in a myriad of applications which have absolutely nothing to do with the Internet at all. *Id.* | |
| 50. | Meldal Decl. (Dkt. No. 167-4), at 28:17-23. | a. Irrelevant. FRE 401, 402.  Dr. Meldal's testimony about geolocation and security protocols is irrelevant as FilmOnX contends it does not need to employ these procedures.  Further, Dr. Meldal testified that the required protocols and standards are typically set forth in regulations or negotiated contracts as the relevant parties need to determine the applicable requirements.  Supp. Shepard Decl., Exh. 33 (Meldal Dep. (111:8-11). <br><br> b. Improper expert testimony, vague, lacking | Dr. Meldal's testimony and analysis of the technical capabilities of FilmOn X's geolocation and security protocols is relevant to address the public policy concerns of piracy raised by Plaintiffs in connection with the grant of a Section 111 license to FilmOn X.  It is also relevant to the ability of FilmOn X to comply with any Court ordered protocols. |

80

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | foundation, misleading. | |

## IV.   Responses Specific Objections to Hurwitz Declaration

| | EVIDENCE | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|---|
| 51. | Hurwitz Decl. (Dkt. No. 167-6) ¶¶ 10-36, at 3:1-8:36<br><br>Exhs. C-O to Hurwitz Decl. (Dkt. No. 167-7) at 15-48 | a. Hearsay. FRE 801, 803. FilmOn X's Statements of Account and related correspondence consist of out-of-court statements that are being offered for their truth --including to the extent they are offered to prove the number of FilmOnX subscribers and amount of revenue -- do not qualify as non hearsay under FRE 801(d), and no exception to the hearsay rule applies. This evidence is therefore inadmissible. FRE 802.<br><br>b. Best evidence. FRE 1002, 1004. Hurwitz's testimony as to the content of documents is inadmissible since those documents are the best evidence of their contents. FRE 1002, 1004; *L.A. News Serv.*, 505 F.3d at 935-36.<br><br>c. Failure to disclose. FRCP 26, 37. FilmOnX failed to produce the documents attached as Exhibit E to the Hurwitz | a.  Although Plaintiffs bring a hearsay objection with respect to paragraphs 10-36 of the Hurwitz declaration, that evidence is testimonial evidence offered by Ms. Hurwitz as to actions she took on behalf of FilmOn X as the primary employee responsible for the preparation of Statements of Account and payment of filing and royalty fees to the Copyright Office.  This evidence is not hearsay.  With respect to Exhibits C-O, those statements are both business and government records and within the hearsay exception under FRE 803(6) and 803(8).  Finally, those documents are not offered to prove the number of subscribers or amount of revenue but rather to show that FilmOn X filed Statements of Account and made royalty and filing fee payments to the Copyright Office.<br><br>b. The comment to FRE 1002 states "[A]n event may be |

| | | | |
|---|---|---|---|
| | | Declaration (Dkt. No. 167-7, at 28-30), and it is therefore barred from using that evidence. FRCP 26(a)(1), 26(e)(1), 37(c)(1); *Yeti by Molly Ltd.*, 259 F.3d at1106.<br><br>d. Improper expert testimony from lay witness. FRE 701, 702. Hurwitz's testimony regarding "good faith compliance" (Hurwitz Decl. at 2:8), lacks foundation and is a legal conclusion. | proved by nondocumentary evidence, even though a written record of it was made." FilmOn X may offer evidence regarding its business decisions and practices, including its payment of filing and royalty fees to the Copyright Office. Ms. Hurwitz made the payments and may testify about them even if some records also exist regarding the payments.<br><br>c. The documents in Exhibit E did not exist before June 18, 2015 and could not have been disclosed prior to Ms. Hurwitz's June 19, 2015 declaration.<br><br>d. Ms. Hurwitz's testimony is not a legal conclusion. She is testifying as to FilmOn X's good faith intent to comply with the instructions provided by the Copyright Office. |
| 52. | Hurwitz Decl. (Dkt. No. 167-6) ¶¶ 37-40, at 8:14-9:18 Exhs. P-R to Hurwitz Decl. (Dkt. No. 167-7) at 49-56 [#.4220-.4227] | a. Irrelevant. FRE 401, 402. Future rulemaking by the Federal Communications Commission ("FCC") with respect to Multichannel Video Programming Distributors ("MVPDs") is irrelevant to the Section 111 issues that are the subject of the Motion and this evidence is therefore inadmissible. FRE 402 ("Irrelevant evidence is | a. Under the Federal Rules of Evidence, "relevance is typically a low bar to the admissibility of evidence and is thus a low threshold to pass." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar LLC*, 36 F.Supp.3d 1026, 1037 (E.D. Wash. 2014).<br><br>The FCC's future rulemaking with respect to whether FilmOn X qualifies as a MVPD is relevant to FilmOn |

BAKER MARQUART LLP<br>10990 WILSHIRE BOULEVARD, FOURTH FLOOR<br>LOS ANGELES, CALIFORNIA 90024<br>Tel: (424) 652-7800 • Fax: (424) 652-7850

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 Wilshire Boulevard, Fourth Floor
Los Angeles, California 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | not admissible."). *See* Opp'n Mem. P. & A. at 22-24.<br><br>b. Best evidence. FRE 1002, 1004. Hurwitz's testimony as to the content of documents is inadmissible since those documents are the best evidence of their contents. FRE 1002, 1004; *L.A. News Serv.*, 505 F.3d at 935-36. | X's entitlement to a Section 111 license.  Plaintiffs have argued in this case that the FCC must affirmatively regulate FilmOn X in order for it to be entitled to a statutory copyright license. While FilmOn X disputes this argument, the proffered evidence is clearly relevant to Plaintiffs' own contentions. It also provides background on the statutory and regulatory regime at issue in this case.<br><br>b. Ms. Hurwitz has attached relevant copies of documents to her declaration.  Plaintiffs have not otherwise objected to these documents. |

## V. Responses Specific Objections to Raney Declaration

| | EVIDENCE | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|---|
| 53. | Exh. F to Raney Decl. (Dkt. No. 167-9) at 92-102 [#.4320-.4330] | a. Hearsay. FRE 801, 803. The excerpted deposition testimony of David, FilmOnX's own witness and a named defendant, consists of out-of-court statements that are being offered for their truth, does not qualify as non hearsay under FRE 801(d), and no exception to the hearsay rule applies. This evidence is therefore inadmissible. FRE 802. | Hearsay evidence may be considered on summary judgment if the declarant could later present evidence through direct testimony. *Fraser v. Goodale*, 342 F3d 1032, 36 (9th Cir. 2003).  Mr. David could present this evidence through direct testimony at trial and it may therefore be considered on summary judgment. |

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| 54. | Exh. G to Raney Decl. (Dkt. No. 167-9) at 103-123 [#.4331-.4351] | a. Hearsay. FRE 801, 803. The excerpted deposition testimony of David, FilmOnX's own witness and a named defendant, consists of out-of-court statements that are being offered for their truth, does not qualify as non-hearsay under FRE 801(d), and no exception to the hearsay rule applies. This evidence is therefore inadmissible. FRE 802. | Hearsay evidence may be considered on summary judgment if the declarant could later present evidence through direct testimony. *Fraser v. Goodale*, 342 F3d 1032, 36 (9th Cir. 2003). Mr. David could present this evidence through direct testimony at trial and it may therefore considered on summary judgment. |
| 55. | Exh. H to Raney Decl. (Dkt. No. 167-9) at 124-140 [#.4352-.4368] | a. Hearsay. FRE 801, 803. The excerpted deposition testimony of Kutovoy, FilmOnX's own witness and Chief Technology Officer, consists of out-of-court statements that are being offered for their truth, does not qualify as non-hearsay under FRE 801(d), and no exception to the hearsay rule applies. This evidence is therefore inadmissible. FRE 802. | Hearsay evidence may be considered on summary judgment if the declarant could later present evidence through direct testimony. *Fraser v. Goodale*, 342 F3d 1032, 36 (9th Cir. 2003). Mr. Kutovoy could present this evidence through direct testimony at trial and it may therefore be considered on summary judgment. |
| 56. | Exh. K to Raney Decl. (Dkt. No. 167-9) at 253-267 [#.4481-.4495] | a. Hearsay. FRE 801, 803. The excerpted deposition testimony of Meldal, FilmOnX's own witness, consists of out-of-court statements that are being offered for their truth, does not qualify as non-hearsay under FRE 801(d), and no exception to the hearsay rule applies. This evidence is therefore inadmissible. FRE 802. | Hearsay evidence may be considered on summary judgment if the declarant could later present evidence through direct testimony. *Fraser v. Goodale*, 342 F3d 1032, 36 (9th Cir. 2003). Dr. Meldal could present this evidence through direct testimony at trial and it may therefore be considered on summary judgment. |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| 57. | Raney Decl. (Dkt. No. 167-8)¶ 13, at 3:4:11<br><br>Exhs. L-M to Raney Decl. (Dkt. No. 167-9) at 268-360 [#.4496-.4588] | a. Irrelevant. FRE 401, 402. Future rulemaking by the Federal Communications Commission ("FCC") with respect to Multichannel Video Programming Distributors ("MVPDs") is irrelevant to the Section 111 issues that are the subject of the Motion and this evidence is therefore inadmissible. FRE 402 ("Irrelevant evidence is not admissible."). *See* Opp'n Mem. P. & A. at 22-24.<br>b. Hearsay. FRE 801, 803. FilmOnX's letters regarding future FCC rulemaking consist of out-of-court statements that are being offered for their truth, do not qualify as non hearsay under FRE 801(d), and no exception to the hearsay rule applies. This evidence is therefore inadmissible. FRE 802. | **a.** Under the Federal Rules of Evidence, "relevance is typically a low bar to the admissibility of evidence and is thus a low threshold to pass." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar LLC*, 36 F.Supp.3d 1026, 1037 (E.D. Wash. 2014).<br><br>The FCC's future rulemaking with respect to whether FilmOn X qualifies as a MVPD is relevant to FilmOn X's entitlement to a Section 111 license. Plaintiffs have argued in this case that the FCC must affirmatively regulate FilmOn X in order for it to be entitled to a statutory copyright license. While FilmOn X disputes this argument, the proffered evidence is clearly relevant to Plaintiffs' own contentions. It also provides background on the statutory and regulatory regime at issue in this case.<br><br>b. The letters are both business and government records and within exceptions to the hearsay rule. Fed. R. Evid. 803(6) and 803(8). Further, the hearsay rule does not prevent evidence from being considered on summary judgment if could be presented in admissible form at trial. *Fraser v. Goodale*, 342 F3d 1032, 36 (9th Cir. |

| | | | |
|---|---|---|---|
| 58. | Exh. N to Raney Decl. (Dkt. No. 167-9) at 361-374 [#.4589-.4602] | a. Hearsay. FRE 801, 803. FilmOnX's amicus brief consists of out-of-court statements that are being offered for their truth, does not qualify as non hearsay under FRE 801(d), and no exception to the hearsay rule applies. This evidence is therefore inadmissible. FRE 802.<br><br>b. Attempt to Exceed Page Limits. L.R. 11-6. To the extent FilmOnX seeks to have the Court examine the content of its amicus brief, that is an improper attempt to expand the page limits of its memorandum and to incorporate by reference arguments not properly before the Court here. *See Fox Television Stations, Inc. v. BarryDriller Content Sys., PLC*, 915 F. Supp. 2d 1138, 1142 (C.D. Cal. 2012) ("The Court would not take judicial notice of the amicus briefs because, as Plaintiffs object, the request is an implicit attempt to extend Defendants' page limits without leave, or to file amicus briefs without leave."). | 2003).<br><br>a. The briefs are both business and government records and within exceptions to the hearsay rule.  Fed. R. Evid. 803(6) and 803(8). Further, the hearsay rule does not prevent evidence from being considered on summary judgment if could be presented in admissible form at trial.  *Fraser v. Goodale*, 342 F3d 1032, 36 (9th Cir. 2003).<br><br>b.  The brief is not an attempt to exceed the page limit but rather to describe and evidence FilmOn X's participation in the notice-and-comment process to the FCC's Notice of Proposed Rulemaking. |

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

## VI.   Responses Specific Objections to Request for Judicial Notice

| | EVIDENCE | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|---|
| 59. | Exh. A to Request for Judicial Notice (Dkt. No. 169-1) at 5-10 [#.4634-.4639] | a. Not Proper Subject of Judicial Notice.  FRE 201. The remarks of Gigi B. Sohn ("Sohn") are not facts that are "not subject to reasonable dispute" that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). To determine whether Sohn's remarks are true and support FilmOnX's arguments in this case, the Court would need to evaluate the basis for and nature of Sohn's statements. That is not the purpose of judicial notice. *See Global Network Commc'ns, Inc. v. New York*, 458 F.3d 150, 157 (2d Cir. 2006).

b. Irrelevant. FRE 401, 402. The contents of Sohn's remarks, and the mere fact they were made, are irrelevant to the Section 111 issues that are the subject of the Motion and this evidence is therefore inadmissible. FRE 402 ("Irrelevant evidence is not | **a.** The remarks made by Gigi B. Sohn are the proper subject of judicial notice as they are available and published on the FCC's official website.  Judicial notice is properly taken of documents publically available on government agency websites. *Alexander v. Deutsche Bank Nat. Trust Co.*, 2013 WL 3320445, *3 (S.D. Cal. July 1, 2013) (granting defendants request for judicial notice of administrative agency purchase agreement).

*Global Network Commc'ns, Inc. v. New York* does not stand for the proposition cited by Plaintiffs.  The court in *Global Networks* refused to take judicial notice of evidence because it was extraneous to the motion to dismiss before the court.  A motion to dismiss is decided only on the pleadings.  This case is not relevant to the motion for summary judgment before the court, and inapplicable to the Court's analysis of whether Exh. A is a proper subject for |

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| | | | |
|---|---|---|---|
| | | admissible."); *Hotel Emps. & Rest. Emps.' Union v. City of Newark*, 311 F.3d 534, 549 (2d Cir. 2002). | judicial notice.<br><br>b. The fact that the Chairman of the FCC, the administrative body that regulates the retransmission of broadcast signals, is actively considering whether over-the-top providers should be treated as MVPDs under the present regulatory scheme is relevant to this action. Plaintiffs have argued in this case that the FCC must affirmatively regulate FilmOn X in order for it to be entitled to a statutory copyright license. While FilmOn X disputes this argument, the proffered evidence is clearly relevant to Plaintiffs' own contentions. |
| 60. | Exh. B to Request for Judicial Notice (Dkt. No. 169-1) at 11-68 [#.4640-.4697] | a. Irrelevant. FRE 401, 402. Future rulemaking by the Federal Communications Commission ("FCC") with respect to Multichannel Video Programming Distributors ("MVPDs") is irrelevant to the Section 111 issues that are the subject of the Motion and this evidence is therefore inadmissible. FRE 402 ("Irrelevant evidence is not admissible."). *See* Opp'n Mem. P. & A. at 22-24. | a. The fact that the FCC, the administrative body that regulates the retransmission of broadcast signals, is actively considering whether over-the-top providers should be treated as MVPDs under the present regulatory scheme is relevant. Plaintiffs have argued in this case that the FCC must affirmatively regulate FilmOn X in order for it to be entitled to a statutory copyright license. While FilmOn X disputes this argument, the proffered evidence is clearly relevant to Plaintiffs' own contentions. |

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

| 61. | Exhs. D and H-O to Request for Judicial Notice (Dkt. Nos. 169-1 & 169-2) at 71-89, 169-353 [#.4700-.4718, #.4798-4982.] | a. Not Proper Subject of Judicial Notice. FRE 201. The Court may consider legislative history and Copyright Office reports in its analysis of the Section 111 issues that are before the Court. However, to the extent FilmOnX purports to submit legislative history and Copyright Office reports as evidentiary support for its motion, such documents do not consist of facts that are "not subject to reasonable dispute" that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). | Plaintiffs admit that legislative history and Copyright Office reports are proper subjects of judicial notice relevant to the Section 111 issues before the Court.

Judicial notice is properly taken of the existence and substance of legislative history reports, court documents in the public record, and publically accessible websites. *Perkins v. LinkedIn Corporation*, 53 F.Supp.3d 1190, 1204 (N.D. Cal. 2014); *Wible v. Aetna Life Ins. Co.*, 375 F.Supp.2d 956, 965-66 (C.D. Cal. 2005) (taking judicial notice of Amazon.com webpage and medical website).

Determinations of the extent to which the contents of these legislative reports support the motion of FilmOn are not the purpose of evidentiary objections. |

89

1 │ Dated: July 15, 2015

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,


By:  /s/  Scott M. Malzahn

Scott M. Malzahn
BAKER MARQUART LLP
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California 90024
(424) 652-7800 (telephone)
(424) 652-7850 (facsimile)

Attorneys for Defendants and
Counterclaimants

BAKER MARQUART LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR
EVIDENTIARY RULING ON SPECIFIED OBJECTIONS